Eric Ellison
3890 2ⁿᵈ Avenue
Los Angeles, CA [90008]
(213) 505-3730
e.ellison@protonmail.com

*In Propria Persona*



FILED
CLERK, U.S. DISTRICT COURT

AUG - 5 2024

CENTRAL DISTRICT OF CALIFORNIA
BY ___ MRV ___ DEPUTY

## DISTRICT COURT OF CALIFORNIA

## CENTRAL DISTRICT

Eric Ellison,
United States of America,

Plaintiff,

vs.

IH3 PROPPERTY WEST LP,
ANDREW ESBENSHADE,
DEPUTY SHERIFF GALVAN #610440,
CHRIS EVANS,
MACKENZIE GONZALES,
MANISHA BAJAJ,
DENICE GAUSIN,
ASHELY N ROSETTO,

Defendants.

Case No.: 2:24-CV-06647-CBM-DTB

COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION

The Ellison Court presents Notice:

Claimant, Eric Ellison, now hereby alleges as follows:

### Preamble/Preliminary Statement

Plaintiff, Eric Ellison(hereinafter "Plaintiff/me/my/myself/I"), sues IH3 PROPPERTY WEST LP, ANDREW ESBENSHADE, DEPUTY SHERIFF GALVAN #610440, CHRIS EVANS, MACKENZIE GONZALES, MANISHA BAJAJ, DENICE GAUSIN, & ASHELY N ROSETTO for violation of rights under color of law and two million five hundred thousand 00/100 united states dollars ($2,500,000.00) in damages and, states in support:

## Jurisdiction and Venue

This Court has jurisdiction over Plaintiff's claims of violations of Federal Constitutional Rights under 28 U.S.C. §1331 and §1343.

This Court also has supplemental jurisdiction under 28 U.S.C. § 1367

Venue is proper under 28 U.S.C. § 1391(b), in that one or more of Defendants reside in the District of California and Plaintiff Ellison's claims for relief arose out of this District.

This case is in law and equity, arising under the Constitution and the laws of the United States, in particular the First, Fourth, and Fifth Amendments of the Constitution.

Plaintiff is also prejudiced in the state courts.

## Parties

Plaintiff Eric Ellison at all relevant times resided in the California Constitutional Republic.

Defendant IH3 PROPPERTY WEST LP is a Corporation of the State of Delaware doing business in the State of California and is a person for the purposes of 42 U.S.C. § 1983. At all material times, Defendant IH3 PROPPERTY WEST LP was acting under color of law.

Defendant Andrew Esbenshade is a Los Angeles Superior Court Judge and is being sued in Defendants personal capacity. At all material times, Andrew Esbenshade was acting under color of law.

Defendant Deputy Sheriff Galvan #610440(Defendant Galvan hereinafter) is believed to be an Officer of the Los Angeles County Sheriff's Department and is being sued in the Defendants personal capacity. At all material times, Defendant Galvan was acting under color of law.

Defendants Chris Evans, Mackenzie Gonzales, Manisha Bajaj, Denice Gausin, and Ashely N Rosetto are believed to be State of California BAR members and are being sued in their personal capacities. At all material times, Defendants Chris Evans, Mackenzie Gonzales, Manisha Bajaj, Denice Gausin, and Ashely N Rosetto were acting under color of law.

## Introduction

By Notice to Vacate dated July 27, 2024, Defendants have ordered me to vacate my home under color of California state statute Civil Code of Procedure ("CCP" hereinafter) §1161. Therein it defines a term known as

tenant to be a type of person in §1161(6). This is a mistake because as One of the People of the State of California, I do not fall under the statutory applicability of the definition "person" as defined earlier therein in CCP §17(6). CCP §16 states *"Words and phrases are construed according to the context and the approved usage of the language; but technical words and phrases, and such others as have acquired a peculiar and appropriate meaning in law, or are defined in the succeeding section, are to be construed according to such peculiar and appropriate meaning or definition"*. The term person is defined with corporation within the succeeding section. Other terms used through the entirety of the code that are defined with the term person are also partnership, business entity, joint venture, association, and organizations. All these terms are peculiar to and appropriate for legal entities. Under the doctrine of ejusdem generis I do not fall within this class or category as I do not and am not in representation of a legal entity. I move about always in a private capacity and I haven't accepted any public benefit or privilege on behalf of any legal entity, I have only exercised my constitutionally secured rights. As such, I do not have capacity to be brought to suit within Defendants' jurisdiction under CCP§1161. I am not in representation of any legal entity and at all times relative I live a private life. This clear delineation between the term person and myself having any sort of same or similar classification or category in terms of who the applicability of CCP§1161 is bound upon. The gross injustice being inflicted upon me by the Defendants is a violation of the fundamental tenet of the 5th Amendment takings clause, and these Defendants, being professionals within the legal field , should know better. Yet the Defendants attempt to continue to proceed forward after multiple notices given to them before Defendants erroneously enforce an inapplicable code upon myself. Now Defendants threaten me with their unconstitutional acts to deprive me of my constitutionally secured rights and private property through violations of the 1st, 4th and 5th Amendments.

It states within the California Civil Code:

"THE CIVIL CODE OF THE STATE OF CALIFORNIA. AN ACT TO ESTABLISH A CIVIL CODE. [APPROVED, March 21st, 1872.] The People of the State of California, represented in Senate and Assembly, do enact as follows:"

This plainly shows the supreme power of the state is the people, who have put forth representatives that create laws for its creations and not for Almighty God's creations. That realm is outside their

jurisdiction. According to the Fair Political Practices Commission of the State of California regarding Public Officials and Employees Rules:

> "Public service is a public trust, requiring officials and employees to place loyalty to the citizens, the laws, and ethical principles above private gain. Following ethical guidelines and eliminating any improprieties, or even the appearance of potential corruption, is imperative to safeguarding the public's trust in government. To help accomplish this goal, laws exist to aid public officials in avoiding conflicts between an official's public duties and the official's personal interests. Whether elected, appointed, or hired, good governance depends on officials and staff knowing, understanding, and following the duties and responsibilities of being a public servant as well as the relevant laws and requirements that govern it."

California Government code § 54950 states "*The people of this state do not yield their sovereignty to the agencies which serve them. The people, and delegating authority do not give their public servants the right to decide what is good for the people...*". This is in line with the principal "*Public service is a public trust*". It was Thomas Jefferson who enunciated this when he stated "*When a man assumes a public trust, he should consider himself as public property.*" This sentiment is also expressed in Executive Order 12674 which makes known that every public office is created in the interest and for the benefit of the people, and belongs to them. Thus, a public office is a public agency or trust created in the interest and for the benefit of the people. Such trust extends to all matters within the range of the duties pertaining to the office and as a condition of public service, loyalty to the Constitution, the laws, and ethical principles are expected.

I am not participating in any public benefit or privilege by living in my home. I am also not engaged in any financial transaction, interstate commerce, or commercial activity by living in my home. It is by the grace of God that I was placed on this earth. We as people created by God sent out representatives to secure our needs through government. Government created legal entities through which it accomplishes its various tasks to secure the rights of the people it descends from. Government created legal entities to accomplish this initial and paramount obligation above all else. Government also established laws to govern these legal entities and the agents whom serve

them in order to serve the people with their various needs to life, liberty, and the pursuit of happiness preeminent to any other tasks inconsistent with this primary obligation.

The Defendants have stepped outside of their jurisdictional confines against One of the people of the State of California and for these reasons and the others presented in the Claim of Relief sections below, I am seeking damages for these injuries and a preliminary injunction to protect my 1st amendment right to seek a redress of grievances, 4th Amendment right to be secure in my home against unreasonable seizures and my 5th Amendment protected right against the taking of property without just compensation for a public benefit. There is no possible public benefit making people homeless. According to the Los Angeles Times through an article dated April 9th 2024 at the URL "https://www.latimes.com/california/story/2024-04-09/state-audit-california-fails-to-track-homeless-spending-billions-dollars", "California has spent $20 billion over the past five years dedicated to the state's homelessness crisis". The results of not issuing the preliminary injunction would be adding to what is already considered a "crisis" and against and not for the public benefit or the public interest.

General Factual Allegations

At all times relevant there is no legal or lawful relationship between the parties.

At all times relevant I am peaceably exercising my God given, constitutionally protected rights to own, use, protect and dispose of private property (hereinafter Subject Property).

There is no record with any Federal or State or subdivision thereof that Subject Property is "in or within the state" of California according to the statutory definition of the term as defined at California CCP §17(13) wherein "State" includes the District of Columbia and the territories when applied to the different parts of the United States, and the words "United States" may include the district and territories.

On July 29, 2024 Plaintiff received a Notice from Defendant Galvan.

On the face the subject matter alleges to be a "Notice to Vacate" (hereinafter instrument).

Although the instrument purports to be a process to "restore possession" it is being used to perfect a forged title and theft of the Subject Property.

The elements of a lawfully sufficient instrument are deficient.

The deficiencies make the instrument unenforceable against myself.

I noticed Defendants of the deficiency prior to Defendant Galvan giving me said Instrument.

As administrators of the law that took an oath to uphold the Constitution of the United States and of the State of California, Defendants know or should have known of the legal deficiency on the face of the document.

Defendants deal with these types of instruments every day while accepting emoluments.

Defendants' actions are forbidden by law.

Defendant's actions are not within their job description.

Defendant's actions are an unconstitutional exercise of Congress' powers under the Commerce Clause of the United States Constitution.

Defendant's action constitutes an unlawful taking that causes me damages.

### Specific Statement of Facts

In a summons dated 01/18/2024(please see Exhibit 1), Defendants Chris Evans BAR#202135 and Mackenzie Gonzales BAR#333839, as alleged agents on behalf of Defendant IH3 PROPERTY WEST LP instituted a sham proceeding to eject me from my private property under a public statute.

The summons stated that I was being sued and had to appear in the jurisdiction of the Defendants court. After I made an initial defense of myself(please see Exhibit 2), another court date was set for May 09th 2024. On May 08th 2024 I filed a "Notice to the Court" (please see Exhibit 4) expressing the error in the application of the proceedings against me and my lack of capacity to be brought into suit within that venue.

A special appearance was made by myself on the May 09th, 2024 hearing date to make sure that the case would be dismissed based upon the misapplication and error in the proceedings. During said hearing, I asked Defendant Andrew Esbenshade if he received and had time to review the Notice I filed with the court. Defendant Andrew Esbenshade said he did indeed review and understand it. I asked if he wanted to discuss the Notice and he said "No, we can talk about it at the trial."

I then filed, on May 23, 2024 a "Notice of Trustee Malfeasance" (please see Exhibit 5) in which I reiterated the dictates, duties and obligations of the office of Defendant Andrew Esbenshade as outlined by the laws of the State of California, and directed the same to Defendant Chris Evans BAR#202135 and Defendant Mackenzie Gonzales BAR#333839 and all the other attorneys working with Defendants Chris Evans BAR#202135 and Mackenzie Gonzales BAR#333839. I outlined the outcomes of the breach of their duties as public servants and said

I would no longer be a part of any kangaroo court to enforce extortion against one of the sovereign people of the State of California, of which I am one.

I outlined the various authoritative resources from Defendant Andrew Esbenshade's own jurisdiction. Resources presented such as $54950 of the Government code of California, California CCP $283, California Rules of Professional Conduct 3.1, 3.3 and 3.4 in regards to Defendants Chris Evans, Mackenzie Gonzales, Manisha Bajaj, Denice Gausin, and Ashely N Rosetto's actions, case law such as *Morris v. Gilmer*, 129 U.S. i15 (1889) and others. Yet Defendant Andrew Esbenshade proceeded to continue with the violation of my constitutionally secured rights by issuing a Notice of Entry of Judgement(please see Exhibit 6) on June 03, 2024 in favor of Defendant IH3 PROPERTY WEST LP, rather than upholding Defendant Andrew Esbenshade's own chosen commitments, duties, and obligations to the people of the State of California, of which I am one.

On 05/12/2024, I filed a "Motion to Vacate Order" (please see Exhibit 7) based on the erroneous legal basis the Order was issued upon. After, an "Opposition to my Motion to Vacate Order" (please see Exhibit 8) dated 07/03/2024 was filed by Respondent Ashely Rosetto BAR#289304. On 07/09/2024, I filed a "Reply to Plaintiffs Opposition to Defendants Motion to Vacate" (please see Exhibit 9).When the hearing for the "Motion to Vacate Order" was heard, Defendant Andrew Esbenshade proceeded to ignore the various authorities meant to be enforced for the protection of the people from legal entities and in the process trampled over my 1st, 4th, and 5th Amendment rights by denying the "Motion to Vacate Order".

A "Motion to Disqualify Counsels" (please see Exhibit 10) has also been filed in the state court which has yet to be heard by Defendant Andrew Esbenshade. Till now, there is only a presumption and no evidence on record that Chris Evans BAR#202135, Mackenzie Gonzales BAR#333839, Manisha Bajaj BAR# 293791, Denice Gausin BAR# 236971, and Ashely N Rosetto BAR# 289304 have any authority to represent Defendant IH3 PROPERTY WEST LP as such authority is mandated to be on record by California CCP $283.The hearing to decide on the "Motion to Disqualify Counsels" is set for August 07, 2024.

An Opposition to the "Motion to Disqualify Counsels" (please see Exhibit 11) has also been filed by Defendant Ashely N. Rosetto BAR#289304 on July 25, 2024. No evidence was introduced through her opposition to back any of the hearsay testimony given in the four-page opposition entered by Defendant Ashely N. Rosetto BAR#289304.

On 07/28/2024, I received a "Notice to Vacate" (please see Exhibit 12) from Defendant Galvan. The "Notice to Vacate" said I was to vacate my private property or I could be forcibly removed from it. The Defendants have already taken adverse enforcement action against myself and have refused to acknowledge my 4th Amendment right to be free from unreasonable seizure and my 5th Amendment protected right to be secure in my home. A personally delivered notice titled "Notice to Sheriff" (please see Exhibit 13) was given for Defendant Galvan and any enforcing officer at his office at 1 Regent St. Room #122, Inglewood, Ca 90301. Consequently, after the foregoing course of actions taken, I am reasonably fearful that further adverse action, including ejection and significant forfeitures, will be enforced against me unless a preliminary injunction is granted.

Count One: Defamation [cf. 28 U.S. Code § 4101(1)]

I reallege and restate the foregoing , introduction, jurisdictional, general factual allegations, and specific Statement of Facts heretofore as made herein.

Defendant Ashely N Rosetto decided on the public record to refer to me as a "natural person" but has no evidence that I am functioning on behalf of any legal entity.

The statement is false and is outside of Defendant Ashely N. Rosetto's ability to dictate.

The statement was published with legal malice to force capacity upon me and subject me to an unreasonable seizure against my constitutionally secured rights.

This causes me immense harm, the threat of violence, violation of my right to the enjoyment of private title to my property and is intentional emotional distress.

Count 2: Abuse of Process

I reallege and restate the foregoing , introduction, jurisdictional, general factual allegations, and specific Statement of Facts heretofore as made herein.

Defendants illegally use the Unlawful Detainer process which allows for proper service to include posting on the subject property.

Defendant used this process with the ulterior motive of seizing my private property for public use without just compensation.

Defendants' actions cause intentional infliction of emotional distress, interference with the exercise of religion, opportunity loss and costs of having to defend against their claim.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

With the Defendant Andrew Esbenshade's ignoring of key procedural codes, Defendant Andrew Esbenshade is willfully allowing this abuse of process to occur and in fact, is willfully complicit with Defendants Chris Evans, Mackenzie Gonzales, Manisha Bajaj, Denice Gausin, and Ashely N Rosetto.

Allowing presumption to be used as a substitute for evidence in any proceeding to enforce government franchises against an otherwise PRIVATE party violates my right to due process of law, unfairly advantages the government against rather than for me, and imputes to the government supernatural powers as an object of religious worship.

Defendant Andrew Esbenshade is deemed to know that the ability to regulate private rights and private conduct is repugnant to the Constitution.

### Count 3: Intentional Interference

I reallege and restate the foregoing , introduction, jurisdictional, general factual allegations, and specific Statement of Facts heretofore as made herein.

Prior to Defendants acts complained of, I was lawfully and peaceably enjoying the subject property.

Defendants had knowledge due to notices I have given to each of them.

Defendants intentionally used their public position to interfere with my peaceable enjoyment of the subject property without lawful justification.

Plaintiff is injured by emotional, psychological and financial stress.

Wherefore Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

### Count 4: Intentional Infliction of Emotional Distress

Defendants intended to inflict severe mental or emotional distress, or the distress was certain or substantially certain to result from Defendants' conduct.

Defendants' acts in fact causes me severe mental and emotional distress.

Defendants' acts consisted of extraordinary transgressions of the bounds of socially tolerable conduct, and exceeded any reasonable limit of social toleration in a civilized society.

I fear daily that someone will barge into my private property, inflict bodily harm on me, and destroy my private possessions.

### Injunction for cause

An agent of the government is either incompetent, negligent or willfully criminal when they cannot tell the difference between enforcing public benefits & privileges vs interfering with the private dominion of a private man.

California CCP § 19 states "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact." If Defendant Esbenshade will not or cannot enforce the requirements that the Plaintiff in the State case, as moving party, has the burden of proving WITH ADMISSIBLE EVIDENCE that the named Alleged Defendant therein was in the capacity of "appointed or elected" to a public office, an agent thereof or other state licensee, is not the named Alleged Defendant in the state case therefore PRESUMED to be EXCLUSIVELY PRIVATE and therefore beyond the reach of the civil statutory law?

Is not Defendant Esbenshade incompetently, negligently or willfully criminally obstructing justice to interfere with requiring evidence on the record that the named Alleged Defendant in the state case was acting under a public privilege?

Is not, an unsupported presumption that prejudices a PRIVATE right a violation of the Constitution?

Do not the rights that an UNCONSTITUTIONAL presumption prejudicially conveys to the government constitute a taking of rights without just compensation in violation of the Fifth Amendment Takings Clause?

By what authority does Defendant Esbenshade impose civil law upon the sovereign people that are the source of law?

Argument For Preliminary Injunction

Since Defendants have ordered me to vacate my home by 08/01/2024, I request that the Court grant my motion and immediately enter a preliminary injunction enjoining Defendants from taking further action to enforce their Notice to Vacate while the Court considers my request for a preliminary injunction.

I should not be in jeopardy of ejection from my home until the Court has had an opportunity to rule on my petition. I also request that the Court issue a preliminary injunction preventing enforcement of the code against myself pending a decision on the merits, after the parties have had an opportunity to fully brief the issues and the Court has a chance to hear oral argument (if the Court desires such argument).

### I.    Standard of Review.

The standards for issuing temporary restraining orders are identical to the standards for preliminary injunctions. See Long v. Bd. of Educ., Dist. 128, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001). A party seeking a temporary restraining order or preliminary injunction must demonstrate "(1) some likelihood of succeeding on the merits, and (2) that it has no adequate remedy at law and will suffer irreparable harm if preliminary relief is denied." Abbott Labs. v. Mead Johnson & Co., 971 F.2d 6, 11 (7th Cir. 1992) (citation omitted). If a plaintiff meets these factors, the court proceeds to "a balancing phase, where it must then consider: (3) the irreparable harm the nonmoving party will suffer if preliminary relief is granted, balancing that harm against the irreparable harm to the moving party if relief is denied; and (4) the public interest, meaning the consequences of granting or denying the injunction to non-parties." Cassell v. Snyders, 990 F.3d 539, 545 (7th Cir. 2021).

In protected rights violations cases like this one, the loss of " freedoms . . . unquestionably constitutes irreparable injury," Am. C.L. Union of Illinois v. Alvarez, 679 F.3d 583, 589 (7th Cir. 2012) (quoting Elrod v. Burns, 427 U.S. 347, 373 (1976) (plurality opinion), and "injunctions protecting...freedoms are always in the public interest." Christian Legal Soc'y v. Walker, 453 F.3d 853, 859 (7th Cir. 2006). Thus, the likelihood of success "is usually the decisive factor," Wisconsin Right To Life, Inc. v. Barland, 751 F.3d 804, 830 (7th Cir. 2014), such that the analysis often "begins and ends with ... the merits." Higher Soc'y of Indiana v. Tippecanoe Cty., Indiana, 858 F.3d 1113, 1116–18 (7th Cir. 2017) (citation omitted).

II.     The Plaintiffs are entitled to injunctive relief.

The Sheriff's Notice to Vacate is void on its face, and it constitutes an arbitrary and unreasonable restriction on my constitutionally protected and secured rights. Defendant Esbenshade violates my 1st Amendment rights by obstructing my petition for redress of grievances by not being impartial and in fact complicit with the other Defendants who are knowingly attempting to force capacity for some unknown unconstitutional devious scheme. Defendants were shown, but have ignored, even though, "Capacity cannot be conferred by consent" *Summers v. Superior Court, 53 Cal. 2d 295, 298.* Defendants have violated my 4th Amendment constitutionally protected and secured rights by using this unconstitutionally applied code to demand I vacate my home violating my right to be secure in my home without unreasonable seizure. These actions, in addition to the threat of further punishment for non-compliance, have an ongoing chilling effect on my 5TH Amendment constitutionally protected and secured right to due process , and to not be deprived of life, liberty, and property without just compensation.

The Plaintiff is likely to succeed on the merits.

I am likely to succeed on each of the four standards of review for a preliminary injunction against Defendants. First, the code being used is plainly unconstitutional in its application in the attempt to commercially regulate my private protected property and right to be secure in my private property and free from unreasonable seizure of it without just compensation and after due process. It is also unconstitutionally applied because it is inapplicable to the private exercise of my rights.

Second, as shown in the statement of facts, there is no other adequate remedy at law which I can seek remedy for against the concerted effort by the Defendants to eject me from my home under threat of color of law.

Third, Defendants will suffer no irreparable harm or any type of actual harm if the preliminary injunction is granted. Nor even significant inconvenience will occur to Defendants whereas Plaintiff will face homelessness and possible lingering financial hardships if the request is not granted.

Fourth and lastly it is against the public interest to not grant the request. As stated in the Introduction, California already has a homelessness crisis and to not grant the request would go against the billions of dollars being spent already by the state to fix the homelessness crisis. Also, for the sake of the public interest, Defendants can establish no argument that CCP §1161 is narrowly tailored to serve a compelling state public

interest. Strict scrutiny "requires the Government to prove that the restriction furthers a compelling interest and is narrowly tailored to achieve that interest." Reed, 576 U.S. at 171 (citation omitted). As explained, Defendants have no compelling/legitimate public interest in or to my private home, where I engage in my 1st, 4th, and 5th Amendment, constitutionally protected activities and where I do not engage in any interstate commerce or commercial business activities on behalf of a legal entity or as an agent receiving a public benefit or privilege on behalf of a public entity.

I, in alleging that I have been penalized for exercising my constitutionally protected private activity, I must show three things: "(1) that I engaged in activity protected by the 1st, 4th, and 5th Amendment; (2) I suffered a deprivation that would likely deter my 1st, 4th, and 5th Amendment protected activity; and (3) the 1st, 4th, and 5th Amendment activity was at least a motivating factor in the Defendants decision."

The demonstration of the first criterion is sited above in Part II of the Argument section. With respect to the second criterion, there is no question that Defendants' "Notice to Vacate" constitute at least an attempt at the deprivation of my 1st, 4th, and 5th Amendment protected rights that would deter continued exercising of my private rights to petition the government for grievances, be free and secure in my private home from unreasonable seizure of my private property, or be deprived of life, liberty, or property without due compensation or due process.

In fact, that is the very purpose of the "Notice to Vacate" from Defendants. The test for deterrent effects is "whether the alleged conduct by Defendants would likely deter a person of ordinary firmness from continuing to engage in protected activity." Surita, 665 F.3d 860, 878 (citation omitted). The Seventh Circuit has previously found that a someone of "ordinary firmness" would be deterred from engaging in constitutionally-protected activity if s/he were "called [in]to a meeting by a uniformed officer and told by the police chief and city attorney" that if they held a rally, a "never-used Assembly Ordinance would be enforced, a $1500 permit fee had to be paid, and failure to comply with the Assembly Ordinance" would violate the law. Surita, 665 F.3d 860, 878–79 (7th Cir. 2011). By analogy, the same logic applies here.

The Defendants have engaged in a statutory administrative review of my private activity, converting and categorizing it according to the business privileges or public benefits category they want which best supports forcing me to be eligible for punishment for exercising my noncommercial private rights as one of the people of the State of California.

In summary, Defendants' continuing failure to acknowledge my rights (even after notice of liability from myself) demonstrates that the retaliation will continue if a preliminary injunction are not granted. I am very likely to succeed on the merits for not just one of my claims, but for all of my claims. The temporary restraining order and preliminary injunction should be issued.

### Plaintiff has no adequate remedy at law and will suffer irreparable harm if preliminary relief is denied.

Constitutional violations constitute "proof of an irreparable harm." Preston v. Thompson, 589 F.2d 300, 303, n.3 (7th Cir. 1978). Here, my constitutionally protected rights have been, and are continuing to be, denied by Defendants. Since they are in positions of trust and appear to be operating in criminal conspiracy with each other, I fear the "Notice to Vacate" will subject me to irreparable harm.

Further, I have no adequate remedy at law. Irreparable harm is "harm that cannot be repaired and for which money compensation is inadequate." Orr v. Shicker, 953 F.3d 490, 502 (7th Cir. 2020) (citation omitted). "Money damages are not adequate" for the loss of First Amendment freedoms. Christian Legal Soc'y, 453 F.3d at 859. Additionally, "[i]mposition of monetary damages that cannot later be recovered for reasons such as "sovereign immunity" constitutes irreparable injury." Chamber of Com. of U.S. v. Edmondson, 594 F.3d 742, 770–71 (10th Cir. 2010). Most important is since this situation involves young impressionable children, the harm is irreparable.

### A balance of the harms and the public interest support issuing preliminary relief.

"Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest. These factors merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009). "It is 'always in the public interest to prevent the violation of a party's constitutional rights.'" Faust v. Vilsack, 519 F. Supp. 3d 470, 477 (E.D. Wis. 2021) (quoting Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty., Tennessee, 274 F.3d 377, 400 (6th Cir. 2001)). The "public interest would be served" by an injunction against a constitutional violation. Preston, 589 F.2d at 303, n.3.

Finally, a preliminary injunction will not cause any harm to Defendants. With respect to Defendants, the "government suffers no harm from an injunction that merely ends unconstitutional practices and/or

ensures that constitutional standards are implemented." Doe v. Kelly, 878 F.3d 710, 718 (9th Cir. 2017); Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati, 363 F.3d 427, 436 (6th Cir. 2004) ("[N]o substantial harm can be shown in the enjoinment of an unconstitutional policy.").

Conclusion and Request for Relief

WHEREFORE, I request for judgment against Defendants in the following:

1. Grant and enter an order enjoining Defendants from taking further action to enforce the Notice to Vacate dated July 27, 2024, and further grant my claim for a preliminary injunction during the pendency of this litigation;

2. Enter an order for money damages against Defendants jointly and severally for compensatory damages in the amount of two million five hundred thousand 00/100 united states dollars ($2,500,000.00);

3. Judgment against Defendants for punitive damages in a fair and reasonable amount to be proven at trial;

4. Judgment for costs, interest, attorney fees, and disbursements incurred in this action;

and for any other remedy as the court may deem equitable and just under the circumstances.

Dated August 4th, 2024

Respectfully Presented,

A.R.R.

Eric Ellison

Certificate of Service

The above signed hereby certifies I have served the foregoing Complaint and Request for Preliminary Injunction, upon the Los Angeles Superior Court and upon the Defendants by process of service and depositing a copy of the same in the United States mail in an envelope with the sufficient postage thereon addressed as follows:

Chris Evans #202135              Certified Mail No. **9589 0710 5270 0288 6396 54**
Mackenzie Gonzales #333893       Certified Mail No. **9589 0710 5270 0288 6396 61**
Manisha K. Bajaj# 293791         Certified Mail No. **9589 0710 5270 0288 6396 78**
Denice Gaucin# 236971            Certified Mail No. **9589 0710 5270 0288 6396 85**
Ashely Rosetto BAR#289304        Certified Mail No. **9589 0710 5270 0288 6396 92**
Kimbal, Tirey & St. John LLP
915 Wilshire Blvd, Suite 1650, Los Angeles, CA 90017

Andrew Esbenshade
Stanley Mosk Courthouse, Dept 91
111 N. Hill Street, Los Angeles, CA 90012
Certified Mail No. **9589 0710 5270 0288 6396 30**

Deputy Sheriff Galvan #610440
1 Regent Street #122, Inglewood, CA 90301
Certified Mail No. **9589 0710 5270 0288 6398 07**

IH3 Property West, LP
410 N. Main Street, Corona, CA 92880
Certified Mail No. **9589 0710 5270 0288 6398 83**

cc.
Office of the Governor of California
1021 O Street, Suite 9000, Sacramento, CA 95814–2919
Certified Mail No. **9589 0710 5270 0288 6398 69**

Office of the Attorney General of California
1300 "I" Street, Sacramento, CA 95814 – 2919
Certified Mail No. **9589 0710 5270 0288 6398 76**

Los Angeles Sherrif Robert G Luna
211 W Temple St, Los Angeles, CA 90012
Certified Mail No. **9589 0710 5270 0288 6398 90**

California State Treasurer
P.O. Box 942809, Sacramento, CA 94209 0001
Certified Mail No. **9589 0710 5270 0288 6398 45**

Administrative Office of the Courts
455 Golden Gate Avenue, San Francisco, CA 94102
Certified Mail No. **9589 0710 5270 0288 6399 06**

EXHIBIT TABLE OF CONTENTENTS

EXHIBIT 1 - SUMMONS EVICTION 1 /18/2024

EXHIBIT 2 - ANSWER UNLAWFUL DETAINER 3/11/2024

EXHIBIT 3 - NOTICE OF UNLAWFUL DETAINER 4/23/2024

EXHIBIT 4 - NOICE TO THE COURT 5/8/2O24

EXHIBIT 5 - NOTICE OF TRUSTEE MALFEASANCE 5/23/2024

EXHIBIT 6 - NATURE OF PROCEEDINGS 6/3/2024

EXHIBIT 7 - MOTION TO VACATE ORDER 6/12/2024

EXHIBIT 8 - PLAINTIFF'S OPPOSITION TO VACATE JUDGEMNET

EXHIBIT 9 - REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO VACATE 7/9/2024

EXHIBIT 10 - NOTICE TO MOTION AND MOTION TO DISQUALIFY COUNSELS 7/5/2024

EXHIBIT 11 - PLAINTIFF'S OPPOSTTION TO DISQUALIFY COUNSELS

EXHIBIT 12 - NOTICE TO VACATE 7/27/2024

EXHIBIT 13 - SHERIFF NOTICE 7/29/2024

SUM-130

# SUMMONS—EVICTION
## (CITACIÓN JUDICIAL—DESALOJO)

### UNLAWFUL DETAINER / FORCIBLE DETAINER / FORCIBLE ENTRY
*(RETENCIÓN ILÍCITA DE UN INMUEBLE / RETENCIÓN FORZOSA / ENTRADA FORZOSA)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Eric Ellison

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
IH3 Property West, LP

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/18/2024 11:27 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. If this summons was served through the Secretary of State's Safe at Home address confidentiality program, you have 10 days from the date of service, not counting Saturdays and Sundays and other judicial holidays, to respond.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (*www.lawhelpca.org*), the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), or by contacting your local court or county bar association.

**FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante. Si la presente citación le ha sido entregado a través del programa de dirección confidencial del Secretario del Estado Seguro en Casa, tiene 10 días después de la fecha de entrega, sin contar sábado y domingo y otros días feriados del tribunal, para responder.*

*Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpca.org/es), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.*

***EXENCIÓN DE CUOTAS:*** *Si no puedse pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. **AVISO:** Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier monto de $10,000 o más recibido mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.*

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*

   LOS ANGELES SUPERIOR COURT LOS ANGELES / CENTRAL DISTRICT
   111 NORTH HILL STREET
   LOS ANGELES, CA 90012

| CASE NUMBER *(número de caso)*: |
| --- |
| 24STUD00672 |

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

   Chris Evans #202135/Mackenzie Gonzales #333839    Kimball, Tirey & St. John LLP
   915 Wilshire Blvd, Suite 1650    (213) 337-0050
   Los Angeles, CA 90017

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2024]

CEB Essential
ceb.com Forms

**SUMMONS—EVICTION**
**(Unlawful Detainer / Forcible Detainer / Forcible Entry)**

Code of Civil Procedure, §§ 412.20, 415.46, 1167
www.courts.ca.gov

Exhibit 01 - 001

SUM-130

| PLAINTIFF (Name): IH3 Property West, LP | CASE NUMBER |
|---|---|
| DEFENDANT (Name): Eric Ellison | 24STUD00672 |

3. *(Must be answered in all cases)* An **unlawful detainer assistant (Bus. & Prof. Code, §§ 6400-6415)** [X] **did not** [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received **any** help or advice for pay from an unlawful detainer assistant, complete item 4 below.)*

4. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*
   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and zip:

   d. County of registration:
   e. Registration no.:
   f. Registration expires on *(date):*

David W. Slayton, Executive Officer/Clerk of Court

| Date: 01/18/2024 (Fecha) | Clerk, by (Secretario) | Y. Ayala | , Deputy (Adjunto) |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (form POS-010).)*

[SEAL]

5. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant.
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation).      [ ] CCP 416.60 (minor).
             [ ] CCP 416.20 (defunct corporation).   [ ] CCP 416.70 (conservatee).
             [ ] CCP 416.40 (association or partnership).   [ ] CCP 416.90 (authorized person).
             [ ] CCP 415.46 (occupant).      [ ] other *(specify):*
   e. [ ] by personal delivery on *(date):*

| SUM-130 [Rev. January 1, 2024] | **SUMMONS—EVICTION** (Unlawful Detainer / Forcible Detainer / Forcible Entry) | Page 2 of 2 |
|---|---|---|

■CEB Essential
ceb.com Forms

Exhibit 01 - 002

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | FOR COURT USE ONLY |
|---|---|---|

NAME  Chris Evans #202135/Mackenzie Gonzales #333839/Manisha Bajaj #293791
FIRM NAME  Kimball, Tirey & St. John LLP
STREET ADDRESS  915 Wilshire Blvd, Suite 1650
CITY  Los Angeles          STATE CA  ZIP CODE 90017
TELEPHONE NO.  (213) 337-0050          FAX NO.  (213) 337-0080
EMAIL ADDRESS  LALTElectronicService@kts-law.com
ATTORNEY FOR (name)  Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS  111 NORTH HILL STREET
MAILING ADDRESS
CITY AND ZIP CODE  LOS ANGELES, CA 90012
BRANCH NAME  LOS ANGELES SUPERIOR COURT LOS ANGELES / CENTRAL DISTRICT

PLAINTIFF  IH3 Property West, LP

DEFENDANT: Eric Ellison

☐ DOES 1 TO

**FOR COURT USE ONLY:**
Electronically FILED by
Superior Court of California,
County of Los Angeles
1/18/2024 11:27 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

COMPLAINT—UNLAWFUL DETAINER*

☒ COMPLAINT    ☐ AMENDED COMPLAINT (Amendment Number):

CASE NUMBER
24STUD00672

Jurisdiction (check all that apply):
☒ ACTION IS A LIMITED CIVIL CASE (amount demanded does not exceed $35,000)
Amount demanded    ☒ does not exceed $10,000
                   ☐ exceeds $10,000

☐ ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $35,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
  ☐ from unlawful detainer to general unlimited civil (possession not in issue).     ☐ from limited to unlimited.
  ☐ from unlawful detainer to general limited civil (possession not in issue).       ☐ from unlimited to limited.

1. PLAINTIFF (name each):
   IH3 Property West, LP

   alleges causes of action against DEFENDANT (name each):
   Eric Ellison

2. a. Plaintiff is  (1) ☐ an individual over the age of 18 years.   (4) ☐ a partnership.
                    (2) ☐ a public agency.                          (5) ☐ a corporation.
                    (3) ☒ other (specify): Limited Partnership

   b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. a. The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
   3890 2nd Avenue
   Los Angeles, CA 90008
   County of Los Angeles

   b. The premises in 3a are (check one):
   (1) ☒ within the city limits of (name of city): Los Angeles
   (2) ☐ within the unincorporated area of (name of county):

   c. The premises in 3a were constructed in (approximate year):

4. Plaintiff's interest in the premises is   ☒ as owner   ☐ other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 4

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. January 1, 2024]

**COMPLAINT — UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.
Code of Civil Procedure, §§ 425.12, 1166
www.courts.ca.gov

CEB Essential
ceb.com Forms

Exhibit 01 - 003

UD-100

| PLAINTIFF  IH3 Property West, LP<br>DEFENDANT  Eric Ellison | CASE NUMBER |
|---|---|

6.  a.  On or about *(date)*:  07/26/2021
    *defendant (name each)*:
    Eric Ellison

    (1) agreed to rent the premises as a ☐ month-to-month tenancy ☒ other tenancy *(specify)*:   1 Year
    (2) agreed to pay rent of $        2,877.00 payable ☒ monthly ☐ other *(specify frequency)*:
    (3) agreed to pay rent on the ☒ first of the month ☐ other day *(specify)*.
  b.  This ☒ written ☐ oral  agreement was made with
    (1) ☐ plaintiff.    (3) ☐ plaintiff's predecessor in interest.
    (2) ☒ plaintiff's agent.    (4) ☐ Other *(specify)*.
  c.  ☐ The defendants not named in item 6a are
    (1) ☐ subtenants.
    (2) ☐ assignees.
    (3) ☐ Other *(specify)*:
  d.  ☒ The agreement was later changed as follows *(specify)*:
    Rent Adjusted to $ 3146.00 in accordance with California law

  e.  ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached
    and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*
  f.  ☒ *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason)*:
    (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) ☒ this action is solely for nonpayment of rent *(Code Civ. Proc., § 1161(2))*.

7.  The tenancy described in 6 *(complete (a) or (b))*

  a.  ☒ is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy
    is exempt is *(specify)*:  Not Applicable
  b.  ☐ is subject to the Tenant Protection Act of 2019.

8.  *(Complete only if item 7b is checked. Check all applicable boxes.)*

  a.  ☐ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).

  b.  ☐ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*

    (1) ☐ waived the payment of rent for the final month of the tenancy, before the rent came due, under
        section 1946.2(d)(2), in the amount of $
    (2) ☐ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $
        to *(name each defendant and amount given to each)*:

  c.  ☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9.  a.  ☒ Defendant *(name each)*: Eric Ellison

    was served the following notice on the same date and in the same manner:

    (1) ☒ 3-day notice to pay rent or quit    (5) ☐ 3-day notice to perform covenants or quit
    (2) ☐ 30-day notice to quit        *(not applicable if item 7b checked)*
    (3) ☐ 60-day notice to quit        (6) ☐ 3-day notice to quit under Civil Code, § 1946.2(c)
    (4) ☐ 3-day notice to quit           Prior required notice to perform covenants served *(date)*:
               (7) ☐ Other *(specify)*:

UD-100 [Rev. January 1, 2024]      **COMPLAINT — UNLAWFUL DETAINER**      Page 3 of 4
■CEB Essential
ceb.com  Forms

Exhibit 01 - 004

**UD-100**

| PLAINTIFF  IH3 Property West, LP<br>DEFENDANT  Eric Ellison | CASE NUMBER |
|---|---|

9. b. (1) On *(date)*: 01/02/2024    the period stated in the notice checked in 9a expired at the end of the day.
   (2) Defendants failed to comply with the requirements of the notice by that date.
   c. All facts stated in the notice are true.
   d. [X] The notice included an election of forfeiture.
   e. [X] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*
   f. [ ] One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. [X] The notice in item 9a was served on the defendant named in item 9a as follows:
    (1) [ ] By personally handing a copy to defendant on *(date)*:
    (2) [ ] By leaving a copy with *(name or description)*:
        a person of suitable age and discretion, on *(date)*:    at defendant's
        [ ] residence    [ ] business   AND mailing a copy to defendant at defendant's place of residence
        on *(date)*:    because defendant cannot be found at defendant's residence or usual place of business.
    (3) [X] By posting a copy on the premises on *(date)*: 12/27/2023
        [X] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises
        on *(date)*: 12/27/2023
        (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
        (b) [X] because no person of suitable age or discretion can be found there.
    (4) [ ] *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date)*:
    (5) [ ] *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties
    b. [ ] *(Name)*:
    was served on behalf of all defendants who signed a joint written rental agreement.
    c. [ ] Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.
    d. [X] Proof of service of the notice in item 9a is attached and labeled Exhibit 3.

11. [ ] Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

12. [X] At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $    3,124.00

13. [X] The fair rental value of the premises is $    104.86 per day.

14. [ ] Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 14.)*

15. [X] A written agreement between the parties provides for attorney fees.

16. [ ] Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage)*:

    Plaintiff has met all applicable requirements of the ordinances.

17. [X] Other allegations are stated in Attachment 17.

18. Plaintiff accepts the jurisdictional limit, if any, of the court.

CEB Essential
ceb.com Forms

Exhibit 01 - 005

UD-100

| PLAINTIFF: IH3 Property West, LP | CASE NUMBER |
| DEFENDANT: Eric Ellison | |

**19. PLAINTIFF REQUESTS**

a. possession of the premises.

b. costs incurred in this proceeding.

c. [X] past-due rent of $          3,124.00

d. [X] reasonable attorney fees.

e. [X] forfeiture of the agreement.

f. [ ] damages in the amount of waived rent or relocation assistance as stated in item 8: $

g. [X] damages at the rate stated in item 13 from date: 01/03/2024 for each day that defendants remain in possession through entry of judgment.

h. [ ] statutory damages up to $600 for the conduct alleged in item 14.

i. [ ] other (specify):

20. [X] Number of pages attached (specify):  4

**UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, §§ 6400–6415)

21. [X] (Complete in all cases.) An unlawful detainer assistant [X] did **not** [ ] did for compensation give advice or assistance with this form. (If declarant has received **any** help or advice for pay from an unlawful detainer assistant, complete a–f.)

a. Assistant's name:

b. Street address, city, and zip code:

c. Telephone no.:

d. County of registration:

e. Registration no.:

f. Expires on (date):

Date: 01/11/2024

Chris Evans
_____
(TYPE OR PRINT NAME)

▶ /s/Chris Evans
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 01/11/2024

_____
(TYPE OR PRINT NAME)

▶ See Attachment
_____
(SIGNATURE OF PLAINTIFF)

UD-100 [Rev. January 1, 2024]

**COMPLAINT — UNLAWFUL DETAINER**

Page 4 of 4

CEB Essential
ceb.com Forms

Exhibit 01 - 006

## VERIFICATION

I, the undersigned, say:

That I am the attorney for the Plaintiff in this action and I make this verification for and on behalf of the party because:

The Plaintiff is absent from the County of Los Angeles, California, where I have my office; I have read the attached Complaint and Supplemental Allegations for Unlawful Detainer and know its contents. I am informed and believe, and on that ground allege, that the matters stated in it are true.

Executed on January 12, 2024. I declare under penalty of perjury that the foregoing is true and correct.

*Chris Evans*
KIMBALL, TIREY & ST. JOHN
Attorneys for Plaintiff
By: Chris Evans, SBN 202135

VERIFICATION

Exhibit 01 - 007

## ATTACHMENT 17

### INFORMATIONAL NOTICE OF TEMPORARY EVICTION PROTECTIONS

In accordance with Federal law, defendant(s) are hereby notified of the following:

**Because of the global COVID-19 pandemic, you may be eligible for temporary protection from eviction under the laws of your State, territory, locality, or tribal area, or under Federal law.**

Learn the steps you should take now:
- Visit **www.cfpb.gov/eviction**
- Or call a housing counselor at 800-569-4287.

Nothing contained in this attachment is intended as, or shall constitute, an admission or waiver of any kind.

This disclosure is provided for informational purposes.

Exhibit 01 - 008

## NOTICE TO PAY RENT OR QUIT

To: *Eric Ellison*
and all other in possession of the premises located at:
*3890 2nd Ave, Los Angeles, CA 90008, County of Los Angeles*

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

**(1) Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| Date Amount Became Due | Amount |
|---|---|
| December 01, 2023 | $3124 |

**Total Delinquent Rent: $3,124.00**
Number of Bedrooms: 3

This notice does not demand rent or other payments owed prior to December 01, 2023, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

☐    By mail to: 801 N. Brand Blvd., Suite 1110, Glendale, CA 91203
☒    To the 24-hour drop box located at the rental office on the corner of N. Brand Blvd. and Arden Ave

Name of an Agent for Landlord: Michael Molina
Telephone Number: 805.372.2900, option 1, option 3

**(2) Or deliver up possession of the premises described herein to *IH3 Property West LP*, who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: *December 26, 2023*

By: *Michael Molina*
Agent for Landlord/Owner

EXHIBIT
2

Exhibit 01 - 009

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

CASE NAME: ...

## PROOF OF SERVICE OF NOTICE

Ref No. ...

DOCUMENT SERVED: ...

PERSON SERVED: ...

LOCATION OF SERVICE: ...

SERVICE DATE AND TIME: ...

METHOD OF SERVICE: By posting the notice in a conspicuous place on the property, after having attempted personal service to the occupant at the Property address listed above, and having been unable to find there a person of suitable age and discretion, and also mailing a second copy to the occupant at the property from Los Angeles on December ..., 2021

I am a Registered California Process Server

P O Box ...

Agoura Hills, CA 91376

Registration No. ...

County: Los Angeles

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in this return of service is true and correct.

Dated: December ..., 2021

Signature _____

Illgant, Inc. Registration: 2014100771

EXHIBIT

3

Exhibit 01 - 010

2021-SJ-007-01

**FILED**
Superior Court of California
County of Los Angeles

**JUN 0 1 2021**

Sherri R Carter Executive Officer/Clerk

By_____ Deputy
Lorina Mare

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Los Angeles Superior Court Cases Fifth Amended Standing Order – Limited Jurisdiction Unlawful Detainer (Eviction) Cases Assigned to Stanley Mosk Courthouse | ) FIFTH AMENDED STANDING ORDER ) (Effective as of June 1, 2021) ) ) ) ) |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

PLEASE TAKE NOTICE that pursuant to the California Code of Civil Procedure [CCP], the California Rules of Court [CRC], and the Los Angeles County Court Rules [LASC], the Court HEREBY AMENDS AND SUPERSEDES THE FOURTH AMENDED STANDING ORDER FILED MAY 12, 2021, AND ORDERS AS FOLLOWS:

**SERVICE OF THIS ORDER**

1.  Each plaintiff is ordered to serve a copy of this Standing Order on each defendant along with copies of the summons and complaint, and to file proof of this service as mandated in this order. [CCP § 594(b)]

///

///

///

1

Exhibit 01 - 011

**EARLY MEETING**

2. Each plaintiff is ordered to contact each defendant within 10 days of service to discuss in good faith either potential informal resolution of the case and or if settlement is not possible how instead to prepare for trial. Such contact shall be made orally or in writing with the objective of having the case resolved within 60 days of its filing.

The early meeting should include a discussion of when and how counsel will exchange all evidence, identify all witnesses, and jointly prepare all the documents required by Paragraph 15 below. The documents should all be prepared in advance of the first trial date, or the parties should be prepared to demonstrate with evidence at the first trial date why the joint documents are not prepared.

It is the Court's intent that, where possible, every effort should be made to keep settled cases from becoming public as provided in CCP § 1161.2(a)(1)(F) and (a)(1)(G). If the parties agree, the Court will retain jurisdiction to enforce any settlement after dismissal. [CCP § 664.6]

**SERVICE BY POSTING AND MAILING**

3. Service of the summons and complaint on a named party by posting and mailing may only be done after an order is obtained, based upon an affidavit of due diligence. [CCP § 415.45(a)] Such an order will not extend to unnamed or unknown occupants.

**ADDRESSES AND TELEPHONE NUMBERS**

4. Absent good cause, each party must have an address and telephone number listed on each document filed with the Court. [CRC, Rules 2.111 and 2.118]

///

///

2

FIFTH AMENDED STANDING ORDER – Limited Jurisdiction UD (Eviction) Cases Assigned to Mosk Court

Exhibit 01 - 012

## LAW AND MOTION

5. All regularly noticed motions and demurrers will be heard each court day on the following days and times. Hearing dates must be reserved by calling the calendar clerk in the department the case is assigned.

> Department 66 [(213) 633-5866] on Mondays at 1:30 p.m.
>
> Department 91 [(213) 633-1091] on Wednesdays at 8:30 a.m.
>
> Department 93 [(213) 633-1093] on Tuesdays at 1:30 p.m.
>
> Department 97 [(213) 633-1097] on Thursdays at 8:30 a.m.

Courtesy copies of the oppositions to the motions and reply papers should be delivered to the Judicial Assistant in the courtroom on the day before the hearing, if possible. All motions, oppositions to the motions, and reply papers must be electronically filed unless a party is a self-represented litigant or otherwise exempt from mandatory electronic filing requirements.

6. Absent good cause, motions set on five days' notice should not be personally served on the last day of the week preceding the hearing. [LASC Rule 3.26 and Appendix 3.A(b)(1-4)]

7. A separate statement of undisputed or disputed facts is not required for summary judgment motions. [CCP § 437c(s) and § 1170.7; CRC, Rules 3.1350 and 3.1351].

## EX PARTE APPLICATIONS

8. Ex parte applications should be noticed for 1:30 p.m. in the department the case is assigned (Department 66, 91, 93 or 97). Unless a party is self-represented or otherwise exempt from electronic filing, all ex parte applications and supporting papers must be electronically filed by 10:00 a.m. the day before the ex parte hearing. If a party is exempt from electronic filings, any ex parte

3

FIFTH AMENDED STANDING ORDER – Limited Jurisdiction UD (Eviction) Cases Assigned to Mosk Court

Exhibit 01 - 013

application must be filed by 8:30 a.m. the day of the hearing. at the UD Filing Window on the first floor of the Stanley Mosk Courthouse. [LASC Rule 3.4(f)] Ex parte applications shall have a separate application, a separate declaration of ex parte notice and a proposed order. Absent good cause, notice must be given by 10:00 a.m. the court day before the hearing as required by CRC, Rule 3.1204.

**JURY TRIAL DEMANDS AND FEES**

9. The right to a jury trial may be deemed waived unless it is timely requested. [CCP § 631(f)(4)] If one or more of the parties have demanded a jury trial, jury fees shall be deposited no later than five days before trial. [CCP § 631(b) and (c)(1)] Failure to pay the required fee as required by law results in a waiver of a jury trial. Jury demands should be filed separately from all other pleadings.

10. With a timely-filed qualifying fee waiver, the Court may waive juror fees and expenses for those parties. Parties must complete and submit an official Fee Waiver Request form and order [Judicial Council Forms FW-001 and FW-003] and an Additional Fee Waiver Request [Form FW-002] for consideration to receive these services at no charge.

**STIPULATIONS TO CONTINUE TRIAL**

11. A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to the postponement. Stipulated trial court continuances may continue the trial date for an indefinite period of time and will not be limited to 30 days. Stipulations to continue trial must be filed five days in advance or an appearance by at least one party will be necessary to continue the trial.

**INTERPRETERS AND COURT REPORTERS**

12. The Court will provide an interpreter for parties and witnesses at no charge.

///

4

Exhibit 01 - 014

13. Proceedings in court will not be transcribed by a court reporter unless supplied by a party to the action as permitted by LASC Rule 2.21. Proceedings are recorded electronically. **Copies of the recordings may be obtained and used by the parties as permitted by LASC Rule [9.2(a)(5)].**

## JURY AND COURT TRIALS

14. Parties to an unlawful detainer action should have conducted the early meeting required in Paragraph 2 above and should be ready to go to trial on the day of trial. Trial Readiness—within the meaning of this Standing Order—includes both having conducted the early meeting and having the ability to begin trying a case forthwith or as directed by the Court. Accordingly, parties who appear on the day of trial and are not ready to try their case or parties who announce "trial-ready" but are not prepared to immediately try a case are not acting in compliance with this Standing Order, regardless of whether the parties' attorneys are appearing on behalf of other litigants in different actions on the same day. Misrepresentations of a case's trial readiness on the day of trial is a violation of this Standing Order and may subject the offending party and/or counsel to the imposition of monetary sanctions.

15. On the day of trial, parties shall have a three-ring binder with a table of contents containing conformed copies of each of the following (each signed by counsel and parties representing themselves) behind a separate tab:

    i.   Copies of the Current Operative Pleadings (including operative complaint and answer);

    ii.  Joint Statement of the Case (if a jury trial);

    iii. Motions in Limine, if any, which must be drafted in accordance with LASC Rule 3.57 and served and filed;

    iv.  Joint Witness List disclosing the witnesses who will be called, what they will testify to, whether an interpreter is needed, and how long their testimony will take;

5

Exhibit 01 - 015

    v.       Joint Exhibits in exhibit books, numbered appropriately, and a Joint Exhibit List; [See LASC Rules 3.52 and 3.53]

    vi.     Edited Joint Proposed Jury Instructions printed out for the Court (if a jury trial), and

    vii.    Edited Joint Proposed Verdict Form(s) printed out for the Court (if a jury trial).

To assist the parties, a UD Jury Trial Readiness packet (LACIV244) is available on the Court's website, at: www.lacourt.org/forms/unlawfuldetainer

16. If a party fails or refuses to meet and confer, the other party or parties shall prepare and bring to trial the above-listed documents labeled as "[Proposed] Joint Documents." The party must also show the steps it has taken to bring the opposing party's failure to the attention of the court and to compel compliance with the meet and confer obligation.

17. Failure to provide any of the aforementioned documents in this Standing Order on the trial date may cause a delay in the trial being heard. Failure to comply with any provisions of this Standing Order without substantial justification may result in the imposition of monetary sanctions, evidentiary and/or issue preclusion, or terminating sanctions.

IT IS SO ORDERED.

Dated: 6/1/2021

DAVID J. COWAN
Supervising Judge, Civil
Los Angeles Superior Court

6

FIFTH AMENDED STANDING ORDER – Limited Jurisdiction UD (Eviction) Cases Assigned to Mosk Court

Exhibit 01 - 016

2021-SJ-010-00

**FILED**
Superior Court of California
County of Los Angeles

**AUG 17 2021**

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE UNLAWFUL DETAINER (EVICTION) CASES ) ) ) ) ) ) | STANDING ORDER RE ONLINE DISPUTE RESOLUTION (LASC-ODR FOR UNLAWFUL DETAINERS) |

TO EACH PARTY AND TO THE ATTORNEY-OF-RECORD FOR EACH PARTY, IF ANY:

PLEASE TAKE NOTICE that, recognizing the advantages of online dispute resolution programs that help parties resolve their cases remotely, by computer or mobile phone, the Court offers free access to online dispute resolution (ODR) services in unlawful detainer (eviction) cases through LASC-ODR for Unlawful Detainers. The program is available to all parties and attorneys-of-record in unlawful detainer (eviction) cases. LASC-ODR for Unlawful Detainers provides both guided negotiation and the option to request free online mediation. The program is available starting on September 7, 2021.

Parties and attorneys-of-record are strongly encouraged to use LASC-ODR for Unlawful Detainers to engage in good faith online settlement discussions to resolve their unlawful detainer case with an agreement instead of a trial.

Online negotiations through LASC-ODR for Unlawful Detainers should be completed at least two (2) court days before the date set for trial.

///

///

STANDING ORDER RE LASC-ODR FOR UD EVICTION CASES

Exhibit 01 - 017

REGISTRATION for ODR

    1.  **Plaintiffs** Each self-represented plaintiff, or the attorney-of-record for a represented plaintiff, should register for LASC-ODR for Unlawful Detainers at https://my.lacourt.org/odr/unlawful-detainers within five (5) calendar days of case filing.

    2.  **Defendants** Each self-represented defendant, or the attorney-of-record for a represented defendant, should register for LASC-ODR for Unlawful Detainers at https://my.lacourt.org/odr/unlawful-detainers within five (5) calendar days of service of the summons and complaint. Note that LASC-ODR for Unlawful Detainers cannot be used to file a response to the summons and complaint and that the use of LASC-ODR for Unlawful Detainers does not change filing deadlines for responses to the summons and complaint.

METHOD OF SERVING NOTICE TO USE ODR AND STANDING ORDER

Each plaintiff is ordered to serve a copy of this Standing Order on each defendant, along with copies of the Notice to use ODR (LASC Form LASC CIV 289), the summons and complaint, and any other documents as required; and is ordered to file proof of this service as mandated in this order. [CCP § 594(b)].

IT IS SO ORDERED.

Date: _8/17/2021_                    _____

                                               Judge David J. Cowan
                                             Supervising Judge, Civil Division

2

STANDING ORDER RE LASC-ODR FOR UD EVICTION CASES

Exhibit 01 - 018

 

**LOS ANGELES COUNTY CONSUMER & BUSINESS AFFAIRS**

**dcba.lacounty.gov**

# Resolve your lawsuit online before your trial date

 

Use Online Dispute Resolution from the County of Los Angeles Department of Consumer and Business Affairs. Our mediation services are available at no cost and can help you resolve your case from the comfort of your own home.

## How We Can Help:

**Efficient and effective:** With Online Dispute Resolution, you are in control, not the courts. You decide whether a settlement is right for you. You save time and money, and avoid the inconvenience of going to Small Claims Court.

**Flexible:** You can select the schedule and type of Online Dispute Resolution that works best for you. You can live chat with a mediator, submit an offer to settle, or participate in a video mediation.

**Experienced:** Our trained mediators are neutral third parties who can help you reach a reasonable settlement.

## How to get started with Online Dispute Resolution:

### Visit our website

dcba.lacounty.gov

### Email us at

mediation@dcba.lacounty.gov

### Or call

(213) 974-0826

Exhibit 01 - 019

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS | CASE NUMBER |
|---|---|
| Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | 24STUD00672 |

### PROPERTY OWNER/LANDLORD
### NOTICE OF HEARING RE FAILURE TO FILE PROOF OF SERVICE

**To the Plaintiff (Property Owner/Landlord/Property Manager):**

You or your attorney, are ordered to appear as follows:

| Date: 03/25/2024 | Time: 8:30 AM | Dept./Room: Civil Clerk's Office |
|---|---|---|

You are hereby advised:

1.  If this case has not been dismissed, set for trial, or had a judgment entered there will be a court hearing on that date, time, and location.

2.  Tenant(s) (defendants) do not need to go to this hearing; it is for the Plaintiff who may be the Landlord, Property Owner, or Manager.

3.  This hearing will be canceled if the case has been dismissed, set for trial, or has had judgment entered.

4.  At the hearing the judge may review the case for further action, if any; and pursuant to Code of Civil Procedure section 1167.1 the Court may order the case dismissed without prejudice if proof of service of the action has not been filed within 60 days of the filing of the complaint.

It is so ordered:

_October 16, 2017_
Date

_Debre K Weintraub_
Debre K. Weintraub, Supervising Judge, Civil

LACIV 240 (Rev. 10/17)
LASC Approved 5/13
For Optional Use

### PROPERTY OWNER/LANDLORD ONLY
### HEARING NOTICE

Exhibit 01 - 020

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | |
|---|---|
| COURTHOUSE ADDRESS<br><br>Stanley Mosk Courthouse<br><br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>01/18/2024<br><br>David W. Slayton Executive Officer / Clerk of Court<br><br>By _____ Y. Ayala _____ Deputy |
| PLAINTIFF(S)<br><br>IH3 Property West, LP | |
| DEFENDANT(S)<br><br>Eric Ellison | |
| **NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE** | CASE NUMBER<br><br>24STUD00672 |

Case is assigned for all purposes to the judicial officer indicated below. Notice given to Plaintiff / Cross-Complainant / Attorney of Record on _____ 01/18/2024 _____

| | ASSIGNED JUDGE<br>Andrew Esbenshade | DEPARTMENT<br>91 | ROOM |
|---|---|---|---|

David W. Slayton, Executive Officer / Clerk of Court

By Y. Ayala _____, Deputy Clerk

### Instructions for Handling Limited Civil Cases

The following critical provisions, as applicable in the Los Angeles Superior Court are cited for your information.
**PRIORITY OVER OTHER RULES**: The priority of Chapter Seven of the LASC Local Rules over other inconsistent Local Rules is set forth in Rule 7 2© thereof.
**CHALLENGE TO ASSIGNED JUDGE**: To the extent set forth therein, Government Code section 68616(i) and Local Rule 2 5 control the timing of Code of Civil Procedure section 170.6 challenges.
**TIME STANDARDS**: The time standards may be extended by the court only upon a showing of good cause. (Cal. Rules of Court, rule 3.110.) Failure to meet time standards may result in the imposition of sanctions. (Local Rule 3.37.)
Except for collections cases pursuant to California Rules of Court, rule 3.740, cases assigned to the Individual Calendar Court will be subject to processing under the following time standards:
**COMPLAINTS**: All complaints shall be served and the proof of service filed within 60 days after filing of the complaint.
**CROSS-COMPLAINTS**: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint. A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. (Code Civ. Proc. § 428 50 )
**DEFAULTS** (Local Rule 9 10). If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff must file a Request for Entry of Default within 10 days after the time for service has elapsed. Failure to timely file the Request for Entry of Default may result in an Order to Show Cause being issued as to why sanctions should not be imposed. The plaintiff must request default judgment on the defaulting defendants within 40 days after entry of default.
**NOTICED MOTIONS**: All regularly noticed motions will be calendared through the assigned department. Each motion date must be separately reserved and filed with appropriate fees for each motion. Motions for Summary Judgment must be identified at the time of reservations. All motions should be filed in the clerk's office.
**EX PARTE MATTERS**: All ex parte applications should be noticed for the courtroom.
**UNINSURED MOTORISTS CLAIMS**: Delay Reduction Rules do not apply to uninsured motorist claims. The plaintiff must file a Notice of Designation with the Court identifying the case as an uninsured motorist claim under Insurance Code section 11580.2.

**NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE**

LACIV _____ 001 (Rev [03/17)
LASC Approved 09-04

Exhibit 01 - 021

<table>
<tr><td colspan="2"><strong>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES</strong></td><td>Reserved for Clerk's File Stamp</td></tr>
<tr><td colspan="2">COURTHOUSE ADDRESS<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012</td><td rowspan="3"><strong>FILED</strong><br>Superior Court of California<br>County of Los Angeles<br><strong>01/18/2024</strong><br>David W. Slayton Executive Officer / Clerk of Court<br>By: Y. Ayala Deputy</td></tr>
<tr><td colspan="2">PLAINTIFF(S)<br>IH3 Property West, LP</td></tr>
<tr><td colspan="2">DEFENDANT(S)<br>Eric Ellison</td></tr>
<tr><td colspan="2"><strong>NOTICE OF ONLINE DISPUTE RESOLUTION (ODR)<br>UNLAWFUL DETAINER (UD)</strong></td><td>CASE NUMBER<br>24STUD00672</td></tr>
</table>

The Court provides a free program to help landlords and tenants resolve their eviction case online without coming to Court. This voluntary program is called UD ODR (Unlawful Detainer Online Dispute Resolution).

Register here: https://my.lacourt.org/odr/unlawful-detainers

**What is UD ODR?**

UD ODR is an online negotiation program for eviction cases. The program guides parties through the negotiation by asking simple questions about how they would like to resolve their case.

If the parties reach an agreement, the program puts it into the proper form, each party "signs" it online, and then the program sends it to the Court for review. If the Court approves the agreement, the trial is cancelled, and no Court appearances are required.

There is no risk: If parties try UD ODR but can't reach an agreement, they go to trial unless they can resolve their case another way.

**Free mediation:** During UD ODR, parties can ask a mediator to help them use ODR or a video conference to try to reach an agreement that may be better than going to trial. Free mediation is provided by outside organizations, not by the Court.

**Visit the Court's UD ODR website** https://my.lacourt.org/odr/unlawful-detainers
- **To register for UD ODR.** Register within five (5) calendar days of receipt of this Notice. If you have an attorney, they will register and participate in UD ODR for you.
- **To learn more about UD ODR**
- **To find helpful resources** including links to COVID-19 housing information and help paying back rent and utilities

The Court strongly encourages all self-represented parties and attorneys for parties to register for UD ODR and use it to try, in good faith, to resolve their eviction case without coming to Court.

NOTICE OF ONLINE DISPUTE RESOLUTION (ODR) UNLAWFUL DETAINER (UD)

LASC CIV 292 NEW 10/21
For Mandatory Use

Page 1 of 2

Exhibit 01 - 022

**Important Notices about UD ODR**

**Unlawful Detainer Filing Deadlines: Participating in UD ODR does not change the filing deadline stated on the unlawful detainer summons or any other filing deadline.** UD ODR cannot be used to file an Answer or other response to the summons and complaint.

**UD ODR Deadline:** The **deadline** for reaching an agreement through UD ODR is two (2) court days before the trial date. Parties who do not submit an agreement through UD ODR by their deadline must attend the trial unless they are dismissed or resolve their case another way. Parties may attend their trial remotely by video. https://my.lacourt.org/laccwelcome

**Confidentiality:** UD ODR negotiations and mediations do not become part of the case file or public record. The only people who can enter the confidential negotiation space for your case are the mediator, if the parties choose mediation, and the attorneys for parties and self-represented parties who register and are approved for UD ODR. Judges and court staff cannot access any information about the parties' UD ODR communications.

**NOTICE OF ONLINE DISPUTE RESOLUTION (ODR) UNLAWFUL DETAINER (UD)**

LASC CIV 292 NEW 10/21
For Mandatory Use

**Page 2 of 2**

Exhibit 01 - 023

**UD-101**

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY**          **STATE BAR NUMBER** | | **FOR COURT USE ONLY** |

NAME   Chris Evans #202135/Mackenzie Gonzales #333839/Manisha Bajaj #293791

FIRM NAME   Kimball, Tirey & St. John LLP

STREET ADDRESS  915 Wilshire Blvd, Suite 1650

CITY  Los Angeles                                STATE CA  ZIP CODE  90017

TELEPHONE NO.  (213) 337-0050          FAX NO  (213) 337-0080

EMAIL ADDRESS

ATTORNEY FOR (name)   Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles

STREET ADDRESS   111 NORTH HILL STREET

MAILING ADDRESS

CITY AND ZIP CODE   LOS ANGELES, CA 90012

BRANCH NAME   LOS ANGELES SUPERIOR COURT LOS ANGELES / CENTRAL DISTRICT

PLAINTIFF:   IH3 Property West, LP

DEFENDANT:  Eric Ellison

**Electronically FILED by
Superior Court of California,
County of Los Angeles
1/18/2024 11:27 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk**

| | |
|---|---|
| **PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER** | **CASE NUMBER** <br> 24STUD00672 |

All plaintiffs in unlawful detainer proceedings must file and serve this form. Filing this form complies with the requirement in Code of Civil Procedure section 1179.01.5(c).

- Serve this form and any attachments to it with the summons.
- If a summons has already been served without this form, then serve it by mail or any other means of service authorized by law.
- If defendant has answered prior to service of this form, there is no requirement for defendant to respond to the supplemental allegations before trial.

To obtain a judgment in an unlawful detainer action for nonpayment of rent on a residential property, a plaintiff must verify that no rental assistance or other financial compensation has been received for the amount demanded in the notice or accruing afterward, and that no application is pending for such assistance. To obtain a default judgment, plaintiff must use Verification by Landlord Regarding Rental Assistance—Unlawful Detainer (form UD-120) to make this verification and provide other information required by statute.

1. PLAINTIFF (name each):
   IH3 Property West, LP

   alleges causes of action in the complaint filed in this action against DEFENDANT (name each):
   Eric Ellison

2. **Statutory cover sheet allegations** (Code Civ. Proc., § 1179.01.5(c))
   a. This action seeks possession of real property that is (check all that apply)  ☒ residential  ☐ commercial
   (If "residential" is checked, complete all remaining items that apply to this action. If only "commercial" is checked, no further items need to be completed except the signature and verification on page 2.)
   b. This action is based, in whole or in part, on an alleged default in payment of rent or other charges. ☒ Yes  ☐ No

3. ☒ **Statements regarding rental assistance** (Required in all actions based on nonpayment of rent or any other financial obligation. Plaintiff must answer all the questions in this item and, if later seeking a default judgment, will also need to file Verification Regarding Rental Assistance—Unlawful Detainer (form UD-120).)

   a. Has plaintiff received rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint?  ☐ Yes  ☒ No

   b. Has plaintiff received rental assistance or other financial compensation from any other source for rent accruing after the date of the notice underlying the complaint?  ☐ Yes  ☒ No

   c. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source corresponding to the amount demanded in the notice underlying the complaint?  ☐ Yes  ☒ No

   d. Does plaintiff have any pending application for rental assistance or other financial compensation from any other source for rent accruing after the date on the notice underlying the complaint?  ☐ Yes  ☒ No

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> UD-101 [Rev. January 1, 2024] | **PLAINTIFF'S MANDATORY COVER SHEET AND** <br> **SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER** | Code of Civil Procedure, § 1179.01 et seq. <br> Health and Safety Code, § 50897.3(e) <br> www.courts.ca.gov |

CEB Essential
ceb.com Forms

Exhibit 01 - 024

UD-101

| PLAINTIFF: IH3 Property West, LP | CASE NUMBER |
|---|---|
| DEFENDANT: Eric Ellison | |

4. ☐ **Other allegations** Plaintiff makes the following additional allegations: *(State any additional allegations below, with each allegation lettered in order, starting with (a), (b), (c), etc. If there is not enough space below, check the box below and use form MC-025, title it Attachment 4, and letter each allegation in order.)* ☐ Other allegations are on form MC-025.

5. ☒ Number of pages attached *(specify)*: 1

Date: 01/11/2024

Chris Evans _____    ▶ /s/Chris Evans _____
    (TYPE OR PRINT NAME)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____    ▶ See Attachment _____
    (TYPE OR PRINT NAME)    (SIGNATURE)

UD-101 [Rev. January 1, 2024]    **PLAINTIFF'S MANDATORY COVER SHEET AND**    Page 2 of 2
■CEB Essential    **SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER**
ceb.com [Forms]

Exhibit 01 - 025

## VERIFICATION

I, the undersigned, say:

That I am the attorney for the Plaintiff in this action and I make this verification for and on behalf of the party because:

The Plaintiff is absent from the County of Los Angeles, California, where I have my office; I have read the attached Complaint and Supplemental Allegations for Unlawful Detainer and know its contents. I am informed and believe, and on that ground allege, that the matters stated in it are true.

Executed on January 12, 2024. I declare under penalty of perjury that the foregoing is true and correct.

*Chris Evans*

KIMBALL, TIREY & ST. JOHN
Attorneys for Plaintiff
By: Chris Evans, SBN 202135

VERIFICATION

Exhibit 01 - 026

CP10.5

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| CLAIMANT OR CLAIMANT'S ATTORNEY (Name and Address) | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY FOR (Name) | | |

**NAME OF COURT:**

| | | |
|---|---|---|
| STREET ADDRESS | 111 NORTH HILL STREET | |
| MAILING ADDRESS | | |
| CITY AND ZIP CODE | LOS ANGELES, CA 90012 | |
| BRANCH NAME | LOS ANGELES SUPERIOR COURT LOS ANGELES / CENTRAL DISTRICT | |
| Plaintiff: | IH3 Property West, LP | |
| Defendant: | Eric Ellison | |

| PREJUDGMENT CLAIM OF RIGHT TO POSSESSION | CASE NUMBER |
|---|---|

| Complete this form only if ALL of these statements are true: | |
|---|---|
| 1. **You are NOT named in the accompanying Summons and Complaint.**<br>2. **You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)**<br>3. **You still occupy the subject premises.** | *(To be completed by the process server)*<br>DATE OF SERVICE:<br>*(Date that form is served or delivered, posted, and mailed by the officer or process server)* |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify)*:

2. I reside at *(street address, unit no., city and ZIP code)*:

3. The address of "the premises" subject to this claim is *(address)*:

4. On *(insert date)*:                              , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is in the accompanying Summons and Complaint.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of  $                    or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

*(Continued on reverse)*

CP10.5 [Rev. June 15, 2015]

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

Code of Civil Procedure, §§ 415.46, 715.010, 715.020, 1174.25

CEB Essential Forms
ceb.com

Exhibit 01 - 027

CP10.5

| Plaintiff: | IH3 Property West, LP | CASE NUMBER |
|---|---|---|
| Defendant: | Eric Ellison | |

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE:  If you fail to file this claim, you will be evicted without further hearing.**

13. **Rental agreement.** I have *(check all that apply to you)*:
   a. ☐  an oral or written rental agreement with the landlord.
   b. ☐  an oral or written rental agreement with a person other than the landlord.
   c. ☐  an oral or written rental agreement with the former owner who lost the property to foreclosure.
   d. ☐  other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING:  Perjury is a felony punishable by imprisonment in the state prison.**

Date:

▶

_____                              _____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF CLAIMANT)

> **NOTICE:**  If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

### - NOTICE TO OCCUPANTS -

**YOU MUST ACT AT ONCE  if all the following are true:**
  1. **You are NOT named in the accompanying Summons and Complaint.**
  2. **You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.**
  3. **You still occupy the premises.**

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

---

CP10.5 [Rev. June 15, 2015]           **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**                    Page two

 CEB Essential Forms
ceb.com

Exhibit 01 - 028

UD-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY | | FOR COURT USE ONLY |
|---|---|---|
| NAME Eric Ellison | STATE BAR NUMBER | |

FIRM NAME:
STREET ADDRESS 3890 2nd Ave
CITY: Los Angeles    STATE CA    ZIP CODE 90008
TELEPHONE NO.: 2135053730    FAX NO:
EMAIL ADDRESS:
ATTORNEY FOR (name):

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**MAR 01 2024**

David W. Slayton, Executive Officer/Clerk of Court

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: IH3 Property West LP
DEFENDANT: Eric Ellison

| ANSWER—UNLAWFUL DETAINER | CASE NUMBER: 24STUD00672 |
|---|---|

1. Defendant (all defendants for whom this answer is filed must be named and must sign this answer unless their attorney signs):
Eric Ellison

answers the complaint as follows:

2. **DENIALS** *(Check ONLY ONE of the next two boxes.)*

   a. ☐ **General Denial** *(Do not check this box if the complaint demands more than $1,000.)*
   Defendant generally denies each statement of the complaint and of the *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101).

   b. ☑ **Specific Denials** *(Check this box and complete (1) and (2) below if complaint demands more than $1,000.)*
   Defendant admits that all of the statements of the complaint and of the *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101) are true EXCEPT:

   (1) **Denial of Allegations In Complaint (Form UD-100 or Other Complaint for Unlawful Detainer)**
       (a) Defendant claims the following statements of the complaint are false *(state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025)*:
       ☐ Explanation is on form MC-025, titled as Attachment 2b(1)(a).

       (b) Defendant has no information or belief that the following statements of the complaint are true, so the defendant denies them *(state paragraph numbers from the complaint or explain below or, if more room needed, on form MC-025*
       ☐ Explanation is on form MC-025, titled as Attachment 2b(1)(b).

       Defendant admits that defendant is in possession of the property alleged. Defendant denies all other allegations of the complaint, other than any statement consistent with the statements in this answer and the answer attachment (Attachment 3w), based on lack of sufficient information or belief.

   (2) **Denial of Allegations In *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101)**
       (a) ☐ Defendant did not receive plaintiff's *Mandatory Cover Sheet and Supplemental Allegations* (form UD-101). *(If not checked, complete (b) and (c), as appropriate.)*

       (b) ☐ Defendant claims the statements in the **Verification required for issuance of summons—residential**, item 3 of plaintiff's *Mandatory Cover Sheet and Supplemental Allegations* (form UD-101), are false.

       (c) Defendant claims the following statements on the *Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer* (form UD-101) are false *(state paragraph numbers from form UD-101 or explain below or, if more room needed, on form MC-025)*:   ☐ Explanation is on form MC-025, titled as Attachment 2b(2)(c).

Form Approved for Optional Use
Judicial Council of California
UD-105 [Rev. April 14, 2022]

**ANSWER—UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.;
Code of Civil Procedure, §§ 425.12,
1161 et seq., 1179.01 et seq.
www.courts.ca.gov

Exhibit 02 - 001

**UD-105**

| PLAINTIFF: IH3 Property West LP | CASE NUMBER |
|---|---|
| DEFENDANT: Ellison | 24STUD00672 |

2. b. (2) (d) *Defendant has no information or belief that the following statements on the Mandatory Cover Sheet and Supplemental Allegations—Unlawful Detainer (form UD-101) are true, so defendant denies them (state paragraph numbers from form UD-101 or explain below or, if more room needed, on form MC-025):*

☐ Explanation is on form MC-025, titled as Attachment 2b(2)(d).
(1) All statements other than that this action seeks possession of residential property and that one or more defendants is a natural person and (2) all statements inconsistent with the statements in this answer and the answer attachment (Attachment 3w).

3. **DEFENSES AND OBJECTIONS** *(NOTE: For each box checked, you must state brief facts to support it in item 3w (on page 4) or, if more room is needed, on form MC-025. You can learn more about defenses and objections at www.courts.ca.gov/selfhelp-eviction.htm.)*

a. ☑ *(Nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.

b. ☑ *(Nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.

c. ☑ *(Nonpayment of rent only)* On *(date):* 01/09/2024  before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.

d. ☑ Plaintiff waived, changed, or canceled the notice to quit.

e. ☑ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.

f. ☑ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.

g. ☑ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):* City of Los Angeles
*(Also, briefly state in item 3w the facts showing violation of the ordinance.)*

h. ☑ Plaintiff's demand for possession is subject to the Tenant Protection Act of 2019, Civil Code section 1946.2 or 1947.12, and is not in compliance with the act. *(Check all that apply and briefly state in item 3w the facts that support each.)*

(1) ☐ Plaintiff failed to state a just cause for termination of tenancy in the written notice to terminate.

(2) ☐ Plaintiff failed to provide an opportunity to cure any alleged violations of terms and conditions of the lease (other than payment of rent) as required under Civil Code section 1946.2(c).

(3) ☐ Plaintiff failed to comply with the relocation assistance requirements of Civil Code section 1946.2(d).

(4) ☑ Plaintiff has raised the rent more than the amount allowed under Civil Code section 1947.12, and the only unpaid rent is the unauthorized amount.

(5) ☑ Plaintiff violated the Tenant Protection Act in another manner that defeats the complaint.

i. ☑ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.

j. ☐ Plaintiff seeks to evict defendant based on an act against defendant or a member of defendant's household that constitutes domestic violence, sexual assault, stalking, human trafficking, or abuse of an elder or a dependent adult. *(This defense requires one of the following: (1) a temporary restraining order, protective order, or police report that is not more than 180 days old; OR (2) a signed statement from a qualified third party (e.g., a doctor, domestic violence or sexual assault counselor, human trafficking caseworker, or psychologist) concerning the injuries or abuse resulting from these acts).)*

k. ☐ Plaintiff seeks to evict defendant based on defendant or another person calling the police or emergency assistance (e.g., ambulance) by or on behalf of a victim of abuse, a victim of crime, or an individual in an emergency when defendant or the other person believed that assistance was necessary.

l. ☐ Plaintiff's demand for possession of a residential property is in retaliation for nonpayment of rent or other financial obligations due between March 1, 2020, and September 30, 2021, even though alleged to be based on other reasons. (Civ. Code, § 1942.5(d); Gov. Code, § 12955.)

m. ☐ Plaintiff's demand for possession of a residential property is based on nonpayment of rent or other financial obligations due between March 1, 2020, and September 30, 2021, and *(check all that apply):*

(1) ☐ Plaintiff did not serve the general notice or notices of rights under the COVID-19 Tenant Relief Act as required by Code of Civil Procedure section 1179.04.

(2) ☐ Plaintiff did not serve the required 15-day notice. (Code Civ. Proc., § 1179.03(b) or (c).)

Exhibit 02 - 002

UD-105

| PLAINTIFF: IH3 Property West LP | CASE NUMBER |
|---|---|
| DEFENDANT: Ellison | 24STUD00672 |

3. m. (3) ☐ Plaintiff did not provide an unsigned declaration of COVID-19–related financial distress with the 15-day notice. (Code Civ. Proc., § 1179.03(d).)

(4) ☐ Plaintiff did not provide an unsigned declaration of COVID-19–related financial distress in the language in which the landlord was required to provide a translation of the rental agreement. (Code Civ. Proc., § 1179.03(d).)

(5) ☐ Plaintiff identified defendant as a "high-income tenant" in the 15-day notice, but plaintiff did not possess proof at the time the notice was served establishing that defendant met the definition of high-income tenant. (Code Civ. Proc., § 1179.02.5(b).)

(6) ☐ Defendant delivered to plaintiff one or more declarations of COVID-19–related financial distress and, if required as a "high-income tenant," documentation in support. (Code Civ. Proc., §§ 1179.03(f) and 1179.02.5.)

*(Describe when and how delivered and check all other items below that apply):*

(a) ☐ Plaintiff's demand for payment includes late fees on rent or other financial obligations due between March 1, 2020, and September 30, 2021.

(b) ☐ Plaintiff's demand for payment includes fees for services that were increased or not previously charged.

(c) ☐ Defendant, on or before September 30, 2021, paid or offered plaintiff payment of at least 25% of the total rental payments that were due between September 1, 2020, and September 30, 2021, and that were demanded in the termination notices for which defendant delivered the declarations described in (a). (Code Civ. Proc., § 1179.03(g)(2).)

(7) ☐ Defendant is currently filing or has already filed a declaration of COVID-19–related financial distress with the court. (Code Civ. Proc., § 1179.03(h).)

n. ☐ Plaintiff's demand for possession of a residential property is based on nonpayment of rent or other financial obligations due between October 1, 2021, and March 31, 2022, and *(check all that apply):*

(1) ☐ Plaintiff's notice to quit was served before April 1, 2022, and

(a) ☐ Did not contain the required contact information for the pertinent governmental rental assistance program, or the other content required by Code of Civil Procedure section 1179.10(a).

(b) ☐ Did not did not include a translation of the statutorily required notice. (Code Civ. Proc., § 1179.10(a)(2) and Civ. Code, § 1632.)

(2) ☐ Plaintiff's notice to quit was served between April 1, 2022, and June 30, 2022, and did not contain the required information about the government rental assistance program and possible protections, as required by Code of Civil Procedure section 1179.10(b).

o. ☐ For a tenancy initially established before October 1, 2021, plaintiff's demand for possession of a residential property is based on nonpayment of rent or other financial obligations due between March 1, 2020, and March 31, 2022, **and** *(check all that apply):*

(1) ☐ Plaintiff did not complete an application for rental assistance to cover the rental debt demanded in the complaint before filing the complaint in this action.

(2) ☐ Plaintiff's application for rental assistance was not denied.

(3) ☐ Plaintiff's application for rental assistance was denied for a reason that does not support issuance of a summons or judgment in an unlawful detainer action *(check all that apply):*

(a) ☐ Plaintiff did not fully or properly complete plaintiff's portion of the application. (Code Civ. Proc., § 1179.09(d)(2)(A).)

(b) ☐ Plaintiff did not apply to the correct rental assistance program. (Code Civ. Proc., § 1179.09(d)(2)(C).)

(4) ☐ An application for rental assistance was filed before April 1, 2022, and the determination is still pending.

(5) ☐ Rental assistance has been approved and tenant is separately filing an application to prevent forfeiture (form UD-125).

p. ☐ Plaintiff's demand for possession of a residential property is based on nonpayment of rent or other financial obligations and *(check all that apply):*

(1) ☐ Plaintiff received or has a pending application for rental assistance from a governmental rental assistance program or some other source relating to the amount claimed in the notice to pay rent or quit. (Health & Saf. Code, §§ 50897.1(d)(2)(B) and 50897.3(e)(2).)

(2) ☐ Plaintiff received or has a pending application for rental assistance from a governmental rental assistance program or some other source for rent accruing since the notice to pay rent or quit. (Health & Saf. Code, §§ 50897.1(d)(2)(B) and 50897.3(e)(2).)

Exhibit 02 - 003

**UD-105**

| PLAINTIFF: IH3 Property West LP | CASE NUMBER |
|---|---|
| DEFENDANT: Ellison | 24STUD00672 |

3. p. (3) ☐ Plaintiff's demand for possession is based only on late fees for defendant's failure to provide landlord payment within 15 days of receiving governmental rental assistance. (Health & Saf. Code, § 50897.1(e)(2)(B).)

q. ☑ Plaintiff violated the COVID-19 Tenant Relief Act (Code Civ. Proc., § 1179.01 et seq.) or a local COVID-19–related ordinance regarding evictions in some other way *(briefly state facts describing this in item 3w).*

r. ☐ The property is covered by the federal CARES Act and the plaintiff did not provide 30 days' notice to vacate.
*(Property covered by the CARES Act means property where the landlord:*
*• is participating in a covered housing program as defined by the Violence Against Women Act;*
*• is participating in the rural housing voucher program under section 542 of the Housing Act of 1949; or*
*• has a federally backed mortgage loan or a federally backed multifamily mortgage loan.)*

s. ☐ Plaintiff improperly applied payments made by defendant in a tenancy that was in existence between March 1, 2020, and September 30, 2021 (Code Civ. Proc., § 1179.04.5), as follows *(check all that apply)*:

   (1) ☐ Plaintiff applied a security deposit to rent, or other financial obligations due, without tenant's written agreement.

   (2) ☐ Plaintiff applied a monthly rental payment to rent or other financial obligations that were due between March 1, 2020, and September 30, 2021, other than to the prospective month's rent, without tenant's written agreement.

t. ☐ Plaintiff refused to accept payment from a third party for rent due. (Civ. Code, § 1947.3; Gov. Code, § 12955.)

u. ☐ Defendant has a disability and plaintiff refused to provide a reasonable accommodation that was requested. (Cal. Code Regs., tit. 2, § 12176(c).)

v. ☑ Other defenses and objections are stated in item 3w.

w. *(Provide facts for each item checked above, either below or, if more room needed, on form MC-025):*
   ☑ Description of facts or defenses are on form MC-025, titled as Attachment 3w.

4. OTHER STATEMENTS
   a. ☐ Defendant vacated the premises on *(date)*:
   b. ☑ The fair rental value of the premises alleged in the complaint is excessive *(explain below or, if more room needed, on form MC-025)*:
      ☐ Explanation is on form MC-025, titled as Attachment 4b.

   c. ☐ Other *(specify below or, if more room needed, on form MC-025)*:
      ☐ Other statements are on form MC-025, titled as Attachment 4c.

5. DEFENDANT REQUESTS
   a. that plaintiff take nothing requested in the complaint.
   b. costs incurred in this proceeding.
   c. ☑ reasonable attorney fees.
   d. ☑ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.

UD-105 [Rev. April 14, 2022]    **ANSWER—UNLAWFUL DETAINER**    Page 4 of 5

Exhibit 02 - 004

**UD-105**

| | |
|---|---|
| PLAINTIFF: IH3 Property West LP | CASE NUMBER: |
| DEFENDANT: Ellison | 24STUD00672 |

5. e. [✓] Other (specify below or on form MC-025):

    [ ] All other requests are stated on form MC-025, titled as Attachment 5e.

    That the record of this proceeding be permanently sealed as provided by law.

6. Number of pages attached: _____12_____

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

7. *(Must be completed in all cases.)* An **unlawful detainer assistant** [X] did not [ ] did for compensation give advice or assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, state):*

    a. Assistant's name:                       b. Telephone number:

    c. Street address, city, and zip code:

    d. County of registration:              e. Registration number:          f. Expiration date:

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless defendant's attorney signs.)*

Eric Ellison
_____
(TYPE OR PRINT NAME)

▸ _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▸ _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▸ _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

### VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 03/01/2024

Eric Ellison
_____
(TYPE OR PRINT NAME)

▸ _____
(SIGNATURE OF DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

▸ _____
(SIGNATURE OF DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

▸ _____
(SIGNATURE OF DEFENDANT)

UD-105 [Rev. April 14, 2022]    **ANSWER—UNLAWFUL DETAINER**    Page 5 of 5

Exhibit 02 - 005

Case No.
24STUD00672

**ATTACHMENT 3w TO ANSWER-UNLAWFUL DETAINER**

<u>BREACH OF WARRANTY OF HABITABILITY</u>

☑The amount of rent demanded in the notice and/or the daily rental value demanded in the complaint is excessive because plaintiff has failed to provide a tenantable dwelling as follows, of which the plaintiff had actual and/or constructive notice and which are listed by way of example and not limited to:

A. ☑ Damp/leaking ceiling/walls  
B. ☑ Hole(s) in walls/floor/carpet  
C. ☑ Peeling paint/falling plaster  
D. ☐ Lack of/inadequate hot water  
E. ☑ Missing/torn window screens  
F. ☑ Missing/broken windows  
G.☑ Defective/leaking plumbing  
H. ☐ Missing/broken smoke detectors  
I. ☐ Common areas unclean  

J. ☑ Infestation of roaches/insects/vermin  
K. ☐ Inadequate trash collection  
L. ☐ Unsafe stairways/railings  
M.☑ Inadequate security/locks  
N. ☑ Defective electrical/wiring  
O. ☑ Mold  
P. ☑ Other  

The house has termites, windows that don't close properly, holes in the wall from moisture because the bathroom isn't vented properly.

<u>CALIFORNIA TENANT PROTECTION ACT OF 2019 (AB 1482)</u>

A. ☑ The unit is subject to the Tenant Protection Act of 2019 (TPA) and the plaintiff has failed to provide defendant with written notice of their rights under the TPA as required by Civil Code § 1946.2(f).

B. ☑ The rent demanded exceeds the legal amount that could be demanded under the TPA. Civil Code § 1947.12.

C. ☐ The unit is subject to the TPA, the notice is based on a reason other than nonpayment of rent, and:

   1. ☐ The notice does not state, and the plaintiff does not have, just cause to evict defendant, required by Civil Code § 1946.2.

   2. ☐ The notice alleges an "at fault" just cause reason for the eviction, but plaintiff did not serve defendant with the two notices required by Civil Code § 1946.2(c).

   3. ☐ The notice alleges a no-fault cause to evict under Civil Code § 1946.2(b)(2), but plaintiff failed to provide defendant notice of their right to relocation assistance or rent waiver, including the amount of rent waiver, pursuant to Civil Code § 1946.2(d), rendering the notice void. § 1946.2(d).

   4. ☐ The notice alleges a no-fault cause to evict under Civil Code § 1946.2(b)(2), but plaintiff has failed to provide defendant with relocation assistance or waiver of rent, either by providing defendant with payment for one month's rent, or by waiving their right to collect rent for the final month of the tenancy. Civil Code § 1946.2(d).

   5. ☐ Even though the plaintiff claims that they are exempted from the provisions of the TPA, plaintiff did not provide written notice of that exemption or include that notice as part of the lease contract.

   6. ☐ Plaintiff claims an intention to evict defendant in order for plaintiff or plaintiff's close relative to occupy the rental unit, but

      a. ☐ Defendant has a lease dated on or after July 1, 2020 and that lease does not expressly permit plaintiff to do so.

      b. ☐ The allegation of intention of the landlord or their close family move into the rental unit is not made in good faith, but for other reasons that do not legally justify this eviction.

Attachment 3w to Answer–Unlawful Detainer, p. 1

Exhibit 02 - 006

Case No.
24STUD00672

7. ☐ Plaintiff claims they have been ordered by a government agency or court to make repairs requiring that the property be vacated. No such order requires vacating the property.

8. ☐ This action is based on the plaintiff's allegations that the rental unit must be vacated for at least 30 days in order to demolish or substantially remodel the rental unit, but:

    a. ☐ The allegations are not made in good faith but instead for the purpose of evicting defendant for other, legally insufficient, reasons.

    b. ☐ The alleged proposed changes to the rental unit alleged to constitute "demolition" or "substantial remodeling" do not meet the definitions set forth in the TPA and are merely cosmetic in nature.

    c. ☐ The alleged proposed changes to the rental unit can reasonably be made in less than 30 days.

### LOCAL RENT STABILIZATION AND JUST CAUSE LAWS

A. ☐ I am informed and believe that premises are subject to the Los Angeles Rent Stabilization Ordinance (LAMC § 151.00 et seq.) and that:

1. ☐ The rent demanded exceeds the legal amount that can be demanded.

2. ☐ The premises were not registered as required by LAMC §151.05.

3. ☐ Plaintiff failed to post and/or serve on defendant the Certificate of Registration as required by LAMC §151.05(A).

4. ☐ Plaintiff failed to post RSO Notification and contact information for the Los Angeles Housing Department as required by LAMC 151.05 and Los Angeles Municipal City Ordinance No. 180769.

5. ☐ Plaintiff has not served defendant with written notice stating the reason for termination with specific facts which permit determination of the date, place, witnesses and circumstances concerning the reason. LAMC §151.09(C).

6. ☐ Plaintiff does not state and/or have cause for the eviction. LAMC §151.09(A).

7. ☐ Plaintiff allegedly seeks possession for use and occupancy by a manager, or the plaintiff, or the plaintiff's family, or to vacate the unit to comply with a governmental agency or, to perform work on the building, or to permanently remove the rental until from the market, but has not filed and/or served the required notice or declaration required under LAMC §151.09(C).

8. ☐ Plaintiff has failed to pay relocation assistance under LAMC §151.09(G).

9. ☐ Plaintiff is not proceeding in good faith as required by LAMC §151.09(A)(8)-(11), and/or the notice fails to so state.

10. ☐ The intent of the plaintiff in seeking possession is retaliation against defendant for exercising his/her rights under the Los Angeles Rent Stabilization Ordinance.

11. ☐ Plaintiff increased the rent in violation of LAMC §151.04(A).

12. ☐ Tenant cannot be evicted for nonpayment of rent because the tenants total rent debt owed does not exceed one month of fair market rent for an equivalent sized rental unit. LAMC §151.09(A)(1).

13. ☐ The notice to pay rent or quit is defective under LAMC §151.09(A)(1) because it fails to state the number of bedrooms in the rental unit.

14. ☐ Plaintiff has failed to timely file the notice of termination upon which this action is based, the declaration of intent to evict, and/or other required documents with the Los Angeles Housing Department. LAMC 151.09.C.9.

Attachment 3w to Answer–Unlawful Detainer, p. 2

Exhibit 02 - 007

Case No.
24STUD00672

B. ☑This action is subject to a local ordinance, law or regulation of a City, County, or City and County that temporarily or permanently regulates evictions, rent increases, or relocation payments in case of eviction. This action is prohibited by such local ordinance because:

1. ☑The plaintiff does not state and/or have in good faith a valid For Cause or No-Fault basis for the eviction.
2. ☐ The rent demanded exceeded the legal amount that could be demanded or could be demanded after a decrease in housing services.
3. ☐ The premises were not registered, or Plaintiff failed to obtain a business license and/or pay a business license fee, as required by the local ordinance.
4. ☑Plaintiff did not provide defendant with the required notice of tenants' rights.
5. ☐ The alleged breach of the rental agreement covenant is not substantial and/or a breach of a material term.
6. ☐ Defendant has cured the alleged breach, nuisance, or other alleged problem.
7. ☐ Defendant did not create a nuisance or cause damage.
8. ☐ Plaintiff allegedly seeks possession for use by plaintiff or plaintiff's family member but is not evicting defendant in good faith and/or has not met the required notice requirements of the local ordinance
   a. ☐ Defendant is informed and believes plaintiff has not compiled with all requirements under the local ordinance with respect to a different rental unit owned by plaintiff that is either vacant or occupied by and unprotected tenant.
   b. ☐ Plaintiff is not entitled to evict defendant because at least one tenant or occupant of the subject premises has resided in the unit for the period of time required by the local ordinance and:
      1) ☐ is 60/62 years of age or older,
      2) ☐ is disabled,
      3) ☐ is terminally ill,
      4) ☐ is catastrophically ill,
      5) ☐ is part of a low-income household.
   c. ☐ Defendant is informed and believes that the plaintiff is not a natural person and/or does not hold a sufficient interest in the property in the amount required by the local ordinance.
   d. ☐ Defendant is informed and believes that plaintiff has not complied with all requirements under the local ordinance for an owner move-in or relative move-in termination of tenancy.
9. ☐ Plaintiff allegedly seeks possession for demolition, renovation, or removal from the residential rent market but has not obtained all proper permits and has not met the requirements of the local ordinance allowing such evictions in only certain circumstances. Defendant is informed and believes that:
   a. ☐ The proposed repairs or renovations are not necessary to bring the property into compliance with applicable codes and laws affecting the health and safety of tenants of the building and/or the repairs or renovations otherwise do not meet the requirements of the local ordinance for termination of tenancy.
   b. ☐ The repairs can be completed while the tenant resides on the premises and/or the duration of the proposed repairs or renovations is shorter than the time period required by law for termination of tenancy.
   c. ☐ Plaintiff has failed to timely secure all required building and planning permits as required by law.

Attachment 3w to Answer–Unlawful Detainer, p. 3

Exhibit 02 - 008

Case No.
24STUD00672

d. ☐ There is no order from a government agency or court that requires defendant to vacate the property.

10. ☑ Plaintiff has failed to make required relocation payments to defendant or notify defendant of their right to relocation under the local ordinance.

11. ☑ The intent of the plaintiff in seeking possession is retaliation against defendant for exercising their rights under the local ordinance.

12. ☐ Plaintiff increased the rent in violation of the local ordinance.

13. ☑ Defendant is informed and believes that plaintiff has failed to timely file the notice of termination, warning notice, and/or unlawful detainer complaint upon which this action is based with the required government agency as required by the local ordinance.

14. ☐ Plaintiff unreasonably withheld the right of the defendant to sublet or add additional occupants or family member occupants to the rental unit as permitted by the local ordinance. Defendant has complied with all applicable requirements for requesting the addition or replacement of occupants, where required by law.

15. ☐ Plaintiff has failed to serve defendant with a written warning notice or notice to cease in the time required by law prior to service of the termination notice, as required by the local ordinance.

16. ☐ The notice and/or its attachments is defective under the local ordinance because it fails to include information required by local law, including information notifying tenants of their rights under the law, right to relocation assistance payments, the lawful rent of the tenant, information regarding a person who intends to occupy the rental unit, fails to attach required warning notices, or fails to include other information or attachments required by law.

17. ☐ The Plaintiff does not have a good faith basis for eviction, is not proceeding with honest intent, and the plaintiff has an ulterior motive in serving the termination notice and filing this action against defendant. None of the reasons for termination of tenancy stated in the termination notice is the plaintiff's dominant motive for or serving the termination notice and filing this action against defendant.

18. ☐ Plaintiff has failed to demonstrate substantial compliance with the warranty of habitability rent ceiling requirements, and rental registration requirements according to the local ordinance for all units at the property at which the rental unit which is the subject of this action is located as of the dates of the notice of termination and of commencement of this action.

19. ☐ The plaintiff is evicting the defendant for the presence of a pet after the plaintiff changed the terms of defendant's tenancy to prohibit pets. The pet was kept and allowed prior to the change and plaintiff has not demonstrated that the pet constitutes a nuisance that has not been abated upon proper notice to the tenant.

    a. ☐ The plaintiff is evicting the defendant for possession of one or more pets of substantially the same type and number have been permitted at any time during the tenancy.

    b. ☐ The plaintiff is evicting the defendant for possession of two or fewer pets, and all of the following are true:

        1) ☐ The tenant who is the guardian of the pet(s) is more than sixty-two years of age, or is disabled, or is living with HIV/AIDS;

        2) ☐ The pet or pets are domesticated dogs, cats, or birds weighing not more than thirty-five pounds;

        3) ☐ The pet or pets do not interfere with the quiet enjoyment of the premises by other persons or otherwise constitute a nuisance or a threat to the health, safety or welfare of other persons residing in or having lawful access to the premises;

Attachment 3w to Answer–Unlawful Detainer, p. 4

Exhibit 02 - 009

Case No.
24STUD00672

4) ☐ The defendant does not reside in a condominium unit, and

5) ☐ If the plaintiff has demanded an increase in the security deposit of not more than 25 percent and an amount not exceeding the maximum allowed by California Civil Code, the defendant has deposited such an amount with the plaintiff.

20. ☐ The termination notice is invalid because its effective date falls during the school year and the defendant or another tenant in the unit has resided in the unit for the time period required by law and meets all other requirements under the local ordinance to be a protected school-age child (or educator), or has a custodial or family relationship with the same.

21. ☑ Plaintiff has harassed the defendant in the following ways:

a.  ☑ decreasing services,

b.  ☑ failed to make necessary repairs,

c.  ☑ refusing to accept or acknowledge receipt of a tenant's lawful rent payment,

d.  ☑ interfering with the defendant's quiet enjoyment of the rental unit,

e.  ☐ inquiring into, threatening to disclose, or disclosing immigration or citizenship status of a tenant,

f.  ☑ serving the notice of termination and/or prosecuting this action as part of an attempt to increase the rent above the maximum allowable rent under the local rent control law.

g.  ☑ Plaintiff committed this harassment as part of an attempt to increase the rent above the maximum allowable rent permitted under this chapter, either by obtaining such excessive rent from the tenant or by creating a vacancy and increasing the rent to a new tenant.

22. ☑ Tenant cannot be evicted for nonpayment of rent because the tenant's total rent debt owed does not meet or exceed the monetary threshold amount.

23. ☐ The notice to pay rent or quit is defective under the local ordinance because it fails to state the number of bedrooms in the rental unit.

24. ☐ Tenant cannot be evicted for nonpayment of rent because Plaintiff refused to accept rental assistance, refused to provide necessary documentation for a rental assistance application, and/or refused to accept payment on behalf of the tenant from a third pary.

## DISCRIMINATION

☑ In seeking to terminate the tenancy, landlord is arbitrarily and unlawfully discriminating against defendant on the basis of:

A. ☑ Race, color, or ethnicity

B. ☑ Religion

C. ☑ Sex, gender, or sexual identity

D. ☐ Medical condition or disability

E. ☐ Age

F. ☐ Marital status

G. ☑ Source of income

H. ☑ Other

## RETALIATION

☑ Plaintiff served the notice and filed this lawsuit to retaliate against tenant for engaging in the following protected behavior:

A. ☑ Complaining to a government agency concerning tenantability

B. ☑ Complaining to plaintiff or plaintiff's agent concerning tenantability

C. ☐ Participating in a tenant's union or other tenant-related organizing

D. ☐ Declining to disclose immigration status

E. ☑ Otherwise asserting defendant's legal rights

Attachment 3w to Answer–Unlawful Detainer, p. 5

Exhibit 02 - 010

Case No.
24STUD00672

## SECTION 8 PROTECTIONS

☐ Plaintiff receives housing assistance payments from a local housing authority on behalf of defendant and is subject to a lease, Housing Assistance Payment (HAP) contract, and federal law governing Section 8. The notice to terminate is defective and/or plaintiff does not state nor have grounds for eviction as follows:

A.  ☐ Plaintiff is arbitrairily discriminating against defendant based on defendant's source of income, which includes the receipt of a Section 8 voucher. Government Code §§ 12927; 12955.

B.  ☐ The rent demanded exceeds the legal amount which can be demanded under the HAP contract.

C.  ☐ The notice fails to state the ground for eviction in enough detail to prepare a defense as required by the lease, HAP contract, and federal law.

D. ☐ The lease and HAP contract that are the subject of this action require that good cause be shown by plaintiff seeking to evict defendant.

E.  ☐ The notice was not served concurrently on the Housing Authority as required by federal law.

F.  ☐ Plaintiff is not proceeding in good faith.

G.  ☐ The housing assistance payment was abated by a local Housing Authority because plaintiff failed to comply with the Housing Quality Standards of the HAP contract and Federal law.

H.  ☐ Defendant has a month-to-month tenancy but was not given a 90 day notice to vacate with other good cause. 42 U.S.C. §1437F(O)(7)(F).

## OTHER FEDERAL HOUSING PROTECTIONS

☐ The subject premises are a federally subsidized or HUD owned/insured housing development, or a federally financed conventional public housing unit, owned and operated by a local housing authority, and are therefore subject to federal statutes and regulations. The notice of termination is defective and/or plaintiff does not state nor have grounds for eviction as follows:

A.  ☐ The rent demanded exceeded the legal amount that could be demanded.

B.  ☐ It is based on nonpayment of rent and fails to give 10 days' notice. (HUD Owned or insured housing).

C.  ☐ It is based on breach of the rental agreement but fails to give 14 days to cure the alleged breach. (HUD Owned or insured housing).

D.  ☐ It is based on nonpayment of rent and fails to give 14 days' notice. (Conventional Public Housing).

E.  ☐ It is based on breach of the rental agreement but fails to give 14 days to cure the allege breach. (Conventional Public Housing).

F.  ☐ It fails to state good cause for the termination.

G.  ☐ The notice fails to state the ground for eviction in enough detail to prepare a defense as required by the contract and federal law.

## WAIVER

☑ Plaintiff, with full knowledge of tenant's alleged breach and the facts surrounding said breach, intentionally waived and relinquished the right to declare a breach and forfeiture of the tenancy, as follows:

A.  ☑ Rent was accepted by the plaintiff from defendant for a period of time after the notice expired; Plaintiff has accordingly waived the breach and the notice and created a new tenancy

B.  ☐ Within the notice period, defendant timely tendered the full amount of rent demanded to plaintiff, and said tender was accepted by plaintiff.

C.  ☑ Plaintiff has accepted late payment of rent in the past and so waived the alleged breach

D.  ☐ Plaintiff accepted rent with actual and/or constructive knowledge of the alleged breach. As a result, plaintiff has waived the alleged breach.

Attachment 3w to Answer–Unlawful Detainer, p. 6

Exhibit 02 - 011

Case No.
24STUD00672

## ESTOPPEL

☑ Plaintiff was aware of the facts regarding defendant's purported breach and acted so as to lull defendant into believing that the alleged breach was acceptable to plaintiff. Defendant reasonably relied on plaintiff's acts.:

A. ☑ Plaintiff made an oral agreement with defendant that the rent demanded in the notice could be paid at a later date, upon which defendant detrimentally relied.

B. ☐ Plaintiff and defendant entered into a written agreement that the rent demanded in the notice could be paid at a later date, upon which defendant detrimentally relied.

C. ☑ Plaintiff has waived the alleged breach and is estopped from prosecuting this action because the defendant has paid rent and detrimentally relied on the waiver.

## FAILURE TO PROVIDE REASONABLE ACCOMMODATION

☐ Defendant is a qualified person with a disability. Defendant is informed, believes and based thereon allege that plaintiff(s) were at all relevant times aware of defendant's disabilities. Accommodation is necessary to afford defendant equal opportunity to use and enjoy her home. Defendant has requested and Plaintiff has failed to provide a reasonable accommodation. This is a Violation of the Fair Housing Act ("FHAA") 42 U.S.C. §3604 and/or the California Fair Employment and Housing act ("FEHA") Cal. Gov. Code §§ 12900 et seq.

## DEFECTIVE NOTICE

☑ The notice that is the basis of this action is defective because:

A. ☑ It demands more rent than defendant owed.

B. ☑ The notice to pay or quit does not identify a person, address, or telephone number (or, if rent is requested in person, available days of the week or hours) where the rent can be paid. CCP §1161.

C. ☐ It is not in the alternative.

D. ☐ It does not adequately describe the property.

E. ☐ It was served before the rent was late.

F. ☑ It asks for rent for a period beyond one year.

G. ☐ It does not give defendant 30 days to move.

H. ☐ It does not give defendant 60 days to move pursuant to Civil Code §1946.1.

I. ☑ It demands money other than rent.

J. ☐ Defendant(s) reside within the City of Los Angeles in a residential property built before January 1, 2005, and the landlord is attempting to terminate defendant's tenancy without stating at-fault cause in violation of Los Angeles Municipal Code Chapter IV, Article 14.5, Section 49.98.2(A).

K. ☐ It was based on breach of covenant but did not specify what tenant must do to cure and/or did not give tenant 3 days to cure the breach.

L. ☑ It was not served or was improperly served.

M. ☑ It was not served as alleged in the complaint.

## DEFECTIVE COMPLAINT

A. ☐ The notice of termination was not attached to the complaint as required by CCP §1166(c)(1)(A).

B. ☐ The unlawful detainer is based upon a cause of action other than nonpayment of rent CCP §1161(2), and the plaintiff failed to attach the rental agreement to the complaint as required by CCP § 1166(c)(1)(B).

## OTHER DEFENSES

A. ☐ Defendant was unable to contact landlord within the notice period due to landlord's action and/or failure to act and was therefore prevented from paying the rent demanded. Civil Code §1511.

Attachment 3w to Answer—Unlawful Detainer, p. 7

Exhibit 02 - 012

Case No.
24STUD00672

B. ☐ The parties negotiated the written lease agreement in a language other than English, but Plaintiff failed to provide the defendant with a written translation in that non-English language in violation of Civil Code §1632 et seq.

C. ☑ The property is subject to Los Angeles Housing Code and plaintiff failed to pay the "SCEP" fees required by LAMC §161.352, which is an affirmative defense to this action. LAMC §161.903.3.2.

### COVID-19 EVICTION LOCAL MORATORIUM

A. ☑ The premises are in the City of Los Angeles and thus subject to LAMC § 49.99 et seq, prohibiting evictions within the City of Los Angeles during a Local Emergency Period except under certain conditions that do not exist in this case. In addition, under LAMC § 49.99.2(A), tenants cannot be evicted for nonpayment of rent that came due during the Local Emergency Period until 12 months following expiration of the Local Emergency Period.

Plaintiff's effort to evict defendant in this action violates LAMC § 49.99 et seq, because:

1. ☐ Plaintiff seeks to evict defendant for non-payment of rent from January 2023 or earlier, when defendant's nonpayment arose out of a substantial decrease in household or business income related to the crisis caused by COVID-19 and/or the emergency measures put in place to quell it. Plaintiff was aware that defendant's non-payment arose out of such circumstances.

2. ☐ Plaintiff seeks to evict defendant for non-payment of rent from January 2023 or earlier, when defendant's nonpayment arose out of a substantial increase in household expenses related to the crisis caused by COVID-19 and/or the emergency measures put in place to quell it. Plaintiff was aware that defendant's non-payment arose out of such circumstances.

3. ☑ The notice demands more rent than owed because plaintiff improperly raised the rent during the rent freeze enacted due to COVID-19. LAMC § 151.32

4. ☐ This action is based on a no-fault notice to quit served during the Local Emergency Period in violation of LAMC § 49.99.2B.

5. ☐ The eviction is based on the presence of unauthorized residents during the Local Emergency Period.

6. ☐ The eviction is based on the presence of pet(s) during the Local Emergency Period.

7. ☑ Plaintiff failed to provide the required written "Protections Notice" required by LAMC § 49.99(E)(i) within 15 days of the effective date of LAMC § 49.99 et seq, and failed to provide the "Protection Notice" with the notice to pay rent of quit required by LAMC § 49.99(E)(ii), in both English and the language predominantly used by each defendant.

8. ☐ Plaintiff wrongfully influenced the defendant to pay money obtained through a governmental relief program through fraud, intimidation, or coercion and defendant is owed an offset.

9. ☐ Plaintiff violated the eviction moratorium by charging or attempting charge late fees and/or interest on unpaid rent during the local emergency period. Defendant is owed an offset for any interest and fees paid.

B. ☐ The premises at issue in this action are located in the County of _____ and in ☐ the City of _____, California, ☐ an unincorporated area within such County. This action is precluded by one or more local laws governing this action that limited evictions in response to the COVID-19 pandemic. _____ ("the local moratorium"). This action is barred under the local moratorium because of the following reason(s):

1. ☐ This action is based on alleged nonpayment of rent due during the time period set out in the local moratorium during which time defendant was unable to pay rent due to financial impacts related to the COVID-19 pandemic as defined by the local moratorium. Defendant

Attachment 3w to Answer–Unlawful Detainer, p. 8

Exhibit 02 - 013

Case No.
24STUD00672

has complied with any applicable notice and evidence requirements in the local moratorium. Pursuant to the local moratorium, defendant cannot be evicted on the basis of nonpayment of rent

2. ☐ This action is based on an alleged No-Fault Termination of Tenancy or Occupancy (as defined by the local moratorium) during a time period in which such actions are barred by the local moratorium.

3. ☐ This action is based on a notice served after the date set out in the local moratorium. The local moratorium prohibits unlawful detainer actions that do not correspond to an enumerated exemption. The notice does not sufficiently allege an exemption or set out sufficient facts to state a claim for any exemption of the moratorium. Because plaintiff does not state or meet any such exemption, defendant cannot be evicted on this basis, pursuant to the local moratorium.

4. ☐ The notice fails to strictly comply with the notice requirements of the local moratorium by including all applicable information and attachments required by the local moratorium. As such, it is void.

5. ☐ Defendant qualifies for the above protections of the local moratorium because:

   a. ☐ Defendant qualifies for these protections because defendant was unable to pay rent due to financial impacts related to the COVID-19 pandemic as defined by the local moratorium. Defendant has complied with all applicable notification requirements.

   b. ☐ Defendant qualifies for these protections because defendant or a member of defendant's household is over the age of 65.

   c. ☐ Defendant qualifies for these protections because defendant or a household member has a compromised immune system, heart disease, diabetes, or other serious and chronic medical condition that affects the respiratory system.

   d. ☐ Defendant qualifies for these protections because defendant's household income is below the limitations for the protection as set forth in the local ordinance.

C. ☑ The premises at issue in this action are in the County of Los Angeles and thus subject to the Resolution and Order issued by the Board of Supervisors on January 25, 2022 (hereafter, "the Resolution"). The subject premises are either in an unincorporated area of the County or in an incorporated City within the County which, defendant is informed and believes, provides lesser protections in this case than does the Resolution. This action is barred under the Resolution because:

   1. ☑ This action is based on alleged nonpayment of rent due between March 4, 2020, and May 31, 2022, during which time defendant was unable to pay rent due to Financial Impacts Related to COVID-19, as defined by the Resolution and as to which defendant provided notice and self-certification to the plaintiff to the extent required by the Resolution.

   2. ☑ This action is based on alleged nonpayment of rent due between June 1, 2022, and March 31, 2023, during which time defendant was unable to pay rent due to Financial Impacts Related to COVID-19 as defined by the Resolution, and as to which defendant provided notice and self-certification to the plaintiff to the extent required by the Resolution. Defendant's household income during this period was less than 80% of the Area Median Income for Los Angeles County.

   3. ☑ This action is based on alleged nonpayment of rent (including pass-throughs or other fees) which regard to a rental unit in the unincorporated area of Los Angeles County, which rent included increases between March 4, 2020, and March 31, 2023. The rent demanded by plaintiff was illegal and excessive under the Resolution and a Notice to Pay Rent or Quit including such illegal rent cannot be the basis for eviction of defendant.

   4. ☐ This action is based on an alleged No-Fault Termination of Tenancy or Occupancy (as defined by the Resolution) served before March 31, 2023 OR served on a tenant who utilized

Attachment 3w to Answer–Unlawful Detainer, p. 9

Exhibit 02 - 014

Case No.
24STUD00672

the County's nonpayment of rent protections between July 1, 2022 and March 31, 2023 and is within the repayment window.

5. ☐ This action is based on notice served after July 1, 2021, and before March 31, 2023, alleging a good faith intention by plaintiff to recover possession for the purpose of use by the plaintiff or plaintiff's family for at least 36 consecutive months, but the plaintiff has not met all of the requirements for such action as specified in the Resolution.

6. ☐ This action is based upon defendant's alleged failure to permit plaintiff entry into the property before May 31, 2022. The demand for entry did not comply with the requirements set forth in the Resolution.

7. ☐ This action is based upon defendant's alleged failure to permit plaintiff entry into the property before March 31, 2023. To the extent that defendant did not comply with plaintiff's demand for entry, any such denial was because such demand constituted harassment and did not comply with the requirements of the Resolution.

8. ☐ This action is based upon the alleged presence of unauthorized occupants or pets due to COVID-19 who began residing in the unit on or before January 20, 2023, and Plaintiff failed to serve a 30-day notice to cure or quit.

9. ☐ This action is based upon the alleged presence of unauthorized occupants or pets due to COVID-19 who began residing in the unit on or before January 20, 2023, and is based on a notice served before March 31, 2023.

10. ☐ This action is based upon an alleged nuisance caused by defendants before March 31, 2023. The Resolution prohibits evictions on the basis alleged.

11. ☐ This action is based on alleged nonpayment of rent from between July 1, 2022 and March 31, 2023, but Plaintiff failed to serve a 30-day notice to cure or quit.

### CALIFORNIA COVID-19 TENANT RELIEF ACT (AB3088 2020; SB91 2021)

A. ☐ This action is subject to, and defendant tenant qualifies for, the protections of, the COVID-19 Tenant Relief Act C.C.P. § 1179.01 et seq. which plaintiff violated because:

1. ☐ As to the rent sought pursuant to the notices(s) on which this action is based, defendant delivered to plaintiff one or more declarations of COVID-19 related financial distress. To the extent that the defendant did not do so for a relevant rental period, either plaintiff failed to deliver a blank declaration of COVID-19 related financial distress with the notice to pay rent or quit for that period and/or because of defendant's mistake, inadvertence, surprise or excusable neglect. CCP § 1179.03(h), CCP § 473. As to any such declarations not delivered for the latter reason, defendant is filing a declaration with this answer.

2. ☐ This action is based on a notice demanding rent during the "protected time period" between March 1, 2020 and August 31, 2020, nonpayment of which cannot be the basis of eviction in this case.

3. ☐ This action is based on one or more notices demanding payment of COVID-19 rental debt, which notice violated the requirements of CCP § 1179.03 because the notice:

    a. ☐ was not accompanied by a blank declaration of COVID-19 related financial distress;

    b. ☐ was not accompanied by a blank declaration of COVID-19 related financial distress in the language in which the rental contract or agreement was negotiated;

    c. ☐ did not set forth the exact amount of rent demanded and the date on which each amount became due, as required by CCP §1179.03;

    d. ☐ did not advise defendant that a tenant could not be evicted if the tenant delivered a signed declaration for COVID-19 related financial distress to the plaintiff on or before the date that the notice to pay rent or quit or notice to perform covenants or quit expired;

Attachment 3w to Answer–Unlawful Detainer, p. 10

Exhibit 02 - 015

Case No.
24STUD00672

e. ☐ did not include that *Notice from the State of California* required at the time the notice was delivered.

f. ☐ was not in the form of separate notices pertaining to rent coming due during the protected time period and rent coming due during the transition time period, as required when rent allegedly came due during both time periods, pursuant to CCP § 1179.03(e).

g. ☐ demanded more than rent legally due, because the amount demanded includes charges other than unpaid rent, such as late fees or fees for services that were previously free or cost less;

h. ☐ demanded rent coming due between March 1, 2020 and September 30, 2021 and did not give defendant the required 15 days either to pay rent or deliver possession.

4. ☐ This action is based on nonpayment of rent that was due as of the dates indicated below, and plaintiff did not, by the required dates set forth below, provide the required NOTICE FROM THE STATE OF CALIFORNIA regarding defendant's rights under the COVID-19 Tenant Relief Act:

a. ☐Notice required by September 30, 2020 if rents allegedly owed as of September 1, 2020, CCP § 1179.04(a);

b. ☐ Notice required by February 28, 2021 if rents allegedly owed as of February 1, 2020. CCP § 1179.04(b);

c. ☐ Notice required by July 31, 2021 if rents allegedly owed as of July 1, 2020. CCP § 1179.04(c);

d. ☐ Any of the above notices by any other date or sequence required by law. CCP § 1179.04(e).

5. ☐ This action is based on a notice demanding payment of COVID-19 rental debt that came due during the recovery period between October 1, 2021 and March 31, 2022, which notice was insufficient in a manner that constitutes a complete defense to this action, pursuant to CCP § 1179.10(b)(3), in that the notice:

a. ☐ did not describe in detail the amount of rent demanded and the date upon which each such rental payment allegedly became due, as required by CCP § 1179.10(a)(2)(A).

b. ☐ did not provide the telephone number and internet website address of the pertinent government rental assistance program, as required by CCP § 1179.10(a)(2)(B).

c. ☐ did not include that *Important Notice from the State of California* as required by CCP § 1179.10(a)(2)(C).

d. ☐ did not provide that information required by CCP § 1179.10(a)(2)(C) in the language in which the lease or rental agreement were negotiated, as required by CCP § 1179.10(a)(2)(D).

6. ☐ This action is filed between October 1, 2021 and March 31, 2022, is based in whole or in part on nonpayment of rent debt that accumulated due to COVID-19 rental hardship, and on information and belief:

a. ☐ plaintiff did not complete an application to the pertinent government rental assistance program for rental assistance to cover the rental debt demanded in the complaint, as required by CCP § 1170.11(c)(1)(A); and/or

b. ☐ plaintiff applied for governmental rental assistance, but the assistance was either not denied or was denied for reasons other than those specified in CCP § 1179.11(c)(1)(B). Defendant did everything requested by plaintiff to further plaintiff's application.

Attachment 3w to Answer–Unlawful Detainer, p. 11

Exhibit 02 - 016

Case No.
24STUD00672

## OWNERSHIP AND STANDING

1. ☐Plaintiff is a successor owner or manager who failed to comply with the disclosure requirements of Civil Code §1962 and therefore is not permitted to evict tenant for nonpayment of rent that accrued during the period of noncompliance.
2. ☐Tenant paid rent to the former owner before receiving notice of the change of ownership and therefore cannot be evicted for nonpayment of rent under Civil Code 1111.
3. ☑A landlord/tenant relationship does not exist between Plaintiff and Defendant.
4. ☑Plaintiff is not the owner of the subject premises and therefore lacks standing to evict tenant/ does not correctly state its authority to sue on behalf of the actual owner (CCP §367) and/or Plaintiff's claim of title/claim to possession is based on a void or voidable instrument and/or title to the subject property is otherwise in dispute.
5. ☑Plaintiff is an individual but wrongfully brought this action using a business name or failed to register said business name.
6. ☐Plaintiff is a business entity that did not bring the suit under its legal name.
7. ☑Plaintiff is a business entity that is not registered with the California Secretary of State (Revenue and Taxation Code §23301) and/or is suspended as a business entity with the California Secretary of State.
8. ☐Plaintiff is a corporation/LP/LLC/trust and must be represented by an attorney.

## FORECLOSURE

1. ☐ The notice to quit failed to give tenant 90 days to move. CCP §1161b.
2. ☐ Tenant entered into a written lease prior to the foreclosure and the lease has not expired.
3. ☐ Plaintiff obtained title to the property after foreclosure, but may only evict the tenant for "just cause" because the tenant resides in a rental unit subject to a just cause ordinance. Gross Sup. Court (1985) 171 Cal. App. 3d 265.
4. ☐ The foreclosure is invalid because Defendant had an application for a loan modification pending five days before the foreclosure sale, recordation of notice of default, or recordation of the notice of sale. Civil Code §2923.6(c).
5. ☐ Defendant was compliant with their permanent loan modification at the time the foreclosure occurred.
6. ☐ The foreclosure is invalid because it had not been more than 31 days after Defendant was provided written determination that Defendant was ineligible for a loan modification. Civil Code §2923.6(e)(1).
7. ☐ The foreclosure is invalid because Defendant appealed a denial of a loan modification and it had not been more than 15 days after denial of appeal, 14 days after first lien loan modification is offered after appeal or, if accepted,14 days after the date Defendant breached the terms of the offer. Civil Code §2923.6(e)(2).
8. ☐ Title had not been perfected in Plaintiff at the time Plaintiff allegedly served the notice to quit, because the sale was not final under the requirements of Civil Code §2924(m).
9. ☐ Plaintiff did not receive title to the property at the foreclosure sale because the person who sold the property at the foreclosure sale was not the trustee named in the deed of trust and was not duly appointed or substituted as the trustee under the deed of trust. Civil Code §2924(a)(6).
10. ☐ The foreclosure sale was not valid because a Civil Code §2924(f)-compliant copy of the notice of sale was not posted in a conspicuous place on the property to be sold at least 20 days before the date of sale.
11. ☐ The sale was invalid because the trustee bundled multiple properties in a single sale in violation of Civil Code 2924(g).

Attachment 3w to Answer–Unlawful Detainer, p. 12

Exhibit 02 - 017

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp<br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/23/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By_____ V. Delgadillo ___ Deputy |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | |
| PLAINTIFF(S):<br>IH3 Property West, LP | |
| DEFENDANT(S):<br>Eric Ellison | |
| **NOTICE OF UNLAWFUL DETAINER TRIAL** | CASE NUMBER:<br>24STUD00672 |

You are hereby notified that the above-entitled matter has been set for unlawful detainer ___Jury Trial___ on 05/09/2024 at 8:30 AM in Department 91 at the ___Stanley Mosk Courthouse___. located at 111 North Hill Street, Los Angeles, CA, 90012 _____.

☐ Possession of the premises is no longer an issue.

David W. Slayton, Executive Officer / Clerk of Cour

Dated: 04/23/2024 _____        By: V. Delgadillo _____

Deputy Clerk

**NOTICE OF UNLAWFUL DETAINER TRIAL**

Exhibit 03-001

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles **04/23/2024** David W. Slayton, Executive Officer / Clerk of Court By ___ V. Delgadillo ___ Deputy |
| PLAINTIFF/PETITIONER: IH3 Property West, LP | |
| DEFENDANT/RESPONDENT: Eric Ellison | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 24STUD00672 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Unlawful Detainer Trial upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Chris Evans
Kimball, Tirey & St. John LLP
915 Wilshire Blvd, Suite 1650
Los Angeles, CA 90017

Eric Ellison
3890 2nd Ave
Los Angeles, CA 90008


David W. Slayton, Executive Officer / Clerk of Court

Dated: 04/23/2024

By: __V. Delgadillo__
Deputy Clerk

CERTIFICATE OF MAILING

Exhibit 03-002

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 08 2024

David W. Slayton, Executive Officer/Clerk of Court

Eric Ellison
3890 2nd Avenue
Los Angeles, CA 90008
(213)505-3730
In Pro Per

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

IH3 Property West, LP

Plaintiff,

vs.

Defendant(s)

Eric Ellison

) Case No.: 24STUD00672
)
)
)
)
)
)  Notice To the Court
)
)
)
)

Dated this 8th day of May 2024

DOCUMENT NAME (e.g., COMPLAINT FOR DAMAGES) - 1

Exhibit 04-001

## IN THE SUPERIOR COURT OF LOS ANGELES COUNTY CALIFORNIA

IH3 Property West, LP

                    Plaintiff

V.

Eric Ellison

                    Defendant.

Case No. 24STUD00672

**NOTICE TO THE COURT**

The intent of this Notice is to bring to the Court's attention that there exists a material error located on the record and to demand this Court carefully scrutinize the matter before it. The record does not reflect the named Defendant is a legitimate party to this instant case.

The Ninth Circuit has held that "a defendant must also be a real party in interest and not a nominal defendant" to ensure the integrity of the legal process. Whitmore v. Bouchard, 68 F.3d 1212 (9th Cir. 1995). This reiterates the requirement that defendants must be genuine legal entities with a substantial interest in the case, rather than merely nominal placeholders.

Whereas, pursuant to the California Code of Civil Procedure Section 17(a); therein it states " "Person" includes a corporation as well as a natural person. "State" includes the District of Columbia and the territories when applied to the different parts of the United States, and the words "United States" may include the district and territories".

Also, reference herein is California Code of Civil Procedure Section 22 wherein it states "An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense".

Further in the California Code of Civil Procedure Section 369.5(a) it states "A partnership or other unincorporated association, whether organized for profit or not, may sue and be sued in the name it has assumed or by which it is known".

In continuance, California Evidence Code Section 175 stipulates "Person" includes a natural person[1], firm, association, organization, partnership, business trust, corporation, limited liability company, or public entity".

**Principle of Ejusdem Generis**

The principle of "ejusdem generis" provides that general words, following the enumeration of particular classes of persons or things, are construed to apply only to persons or things of the same general nature or class as those specifically enumerated. Ex parte Emerald Mountain Expressway Bridge, L.L.C., v. Emerald Mountain Expressway Bridge, L.L.C., et al. 856 So. 2d 834 (Ala. 2003)

---

1. According to the Department of Justice, "natural person" is a living human **being**. Legal systems can attach rights and duties to natural persons without their express consent.

Page 1 of 3

**Exhibit 04-002**

**Enumerated Powers of the Congress**

The Congress shall have Power [... ] to make Rules for the Government and Regulation of the land and naval Forces.[2] Whereas, enumerated powers of the legislature of the United States Constitution is to make rules for the land and naval forces; notice, the record is absent of my expressed consent to be a **"natural person"**. Further, the record does not reflect the captioned Defendant performs any function the government.

In as much as the record is absent admissible evidence to support the captioned Defendant is among the "class of persons" enumerated in the statute above, there also exists no admissible evidence on the record of any legal entity for which the captioned defendant is acting on behalf of.

For these reasons, the Court should find Plaintiff claims against the named defendant a nullity and the same should be struck from the record.

Done this 6th day of May 2024

Calling

2. Article 1 Section 8 Clause 14

Exhibit 04-003

Certificate of Service

The Undersigned hereby certify I have this day served the foregoing Notice upon Plaintiff by depositing a copy of the same in the United States mail in an envelope with the sufficient postage thereon addressed as follows:

Chris Evans #202135/Mackenzie Gonzales #333893
LALTElectronicService@kts-law.com
Kimbal, Tirey & St. John LLP
915 Wilshire Blvd, Suite 1650
Los Angeles, CA 90017
Certified Mail No. 7021 2720 0002 4654 1032

cc.
Office of the Governor of California
1021 O Street, Suite 9000
Sacramento, CA 95814-2919
Certified Mail No. 7021 2720 0002 4658 9393

Office of the Attorney General of California
1300 "I" Street
Sacramento, CA 95814-2919
Certified Mail No. 7021 2720 0002 4658 1427

California State Treasurer
P.O. Box 942809
Sacramento, CA 94209-0001
Certified Mail No. 7021 2720 0002 4654 1025

IH3 Property West, LP
410 N. Main Street
Corona, CA 92880
Certified Mail No. 7021 2720 0002 4658 2721

IH3 Property West, LP
251 Little Falls Drive
Wilmington, DE 19808
Certified Mail No. 7021 2720 0002 4658 1489

Administrative Office of the Courts
455 Golden Gate Avenue
San Francisco, CA 94102
Certified Mail No. 7021 2720 0002 4654 4286

Page 3 of 3

Exhibit 04-004

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 23 2024

David W. Slayton, Executive Officer/Clerk of Court

Eric Ellison
3890 2nd Avenue
Los Angeles, CA [90008]
(213) 505-3730
e.ellison@protonmail.com

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| IH3 PROPERTY WEST, LP | Case No.: 24STUD00672 |
| --- | --- |
| Plaintiff, | |
| vs. | NOTICE OF TRUSTEE MALFEASANCE |
| Eric Ellison, | |
| Defendant | |

The undersigned beneficiary has given instructions and instead of fulfilling the request, Andrew Esbenshade, acting in capacity as a Los Angeles Superior court judge replies like a man who has never read the laws governing his duties, namely the State Constitution and the Constitution of the United States of America of which THEY work under every day. Now Andrew Esbenshade is liable for Trustee Malfeasance and fraud.

Trustees have a lot of power and authority, and the law holds them to a very high standard, the highest standard, a fiduciary standard. It doesn't take much for a trustee to breach their duties, either willfully or through sheer neglect and the lack of understanding or ability.

According to the Fair Political Practices Commission of the State of California regarding to Public Officials and Employees Rules, public service is a public trust, requiring officials and employees to place loyalty to the citizens, the laws, and ethical principles above private gain. Following ethical guidelines and eliminating any improprieties, or even the appearance of potential corruption, is imperative to safeguarding the public's trust in government. To help accomplish this goal, laws exist to aid public officials in avoiding conflicts between an official's public duties and the official's personal interests. Whether elected, appointed, or hired, good governance depends on officials and staff knowing, understanding, and following the duties and responsibilities of being a public servant as well as the relevant laws and requirements that govern it.

NOTICE OF TRUSTEE MALFEASANCE - 1

Exhibit 05-001

As one of the sovereign people of California, I bring to your attention California Government code § 54950 wherein it states "The people of this state do not yield their sovereignty to the agencies which serve them. The people, and delegating authority do not give their public servants the right to decide what is good for the people...". This is in line with the principle "Public service is a public trust". It was Thomas Jefferson who enunciated this when he stated, "When a man assumes a public trust, he should consider himself as public property." This sentiment is also expressed in Executive Order 12674 which makes known that every public office is created in the interest and for the benefit of the people and belongs to them. Thus, a public office is a public agency or trust created in the interest and for the benefit of the people. Such trust extends to all matters within the range of the duties pertaining to the office and as a condition of public service, loyalty to the Constitution, the laws, and ethical principles are expected.

On May 20, 2024, this court was noticed that one of the sovereign people of the state was being charged and dragged into court under statute/color of law and Andrew Esbenshade had a duty to protect the interests thereof and dismiss the case as required by law, *Morris v. Gilmer, 129 U.S. 315 (1889)*. Due to such incompetence, negligence, or perhaps criminal conspiracy with the fraternal brethren, Chris Evans California Bar Association member #2021135 and sororal sistren Mackenzie Gonzalez California Bar Association member #333893, instead of performing their duty, acting judge Andrew Esbenshade decided to continue forward and set a trial date. Such act is malfeasance because the act was done after receiving Notice. Andrew Esbenshade was asked if he had said Notice of which was entered into court, he appeared to examine said Notice and acknowledged he was in receipt of the same. He was asked if he had any questions regarding said Notice to Court, he responded that he did not need clarification and made no claims about not understanding the Notice yet still decided to proceed and set a trial date.

What is trustee malfeasance? Trustee malfeasance refers to any type of negligent, self-serving, erroneous, or retaliatory conduct committed by the trustee of a trust resulting in harm to trust assets or beneficiaries. Trustee malfeasance is a broad term encompassing many different types of offenses, both intentional and unintentional. Trustees have many duties under the law, and failing to live up to any of them may provide grounds for a beneficiary to file a lawsuit.

NOTICE OF TRUSTEE MALFEASANCE - 2

Exhibit 05-002

Is malfeasance the same as trustee fraud? Trustee fraud is a type of trustee malfeasance, but one that involves an unintentional bad act by the trustee to benefit him or herself to the detriment of the trust beneficiaries or third parties.

What is the penalty for trustee malfeasance? Several outcomes are possible, depending on the circumstances of the case but generally, the offending trustee will be removed, replaced, and surcharged (or forced to pay for the losses they cost). The damaged beneficiary will then obtain a proper distribution of the trust – either out of trust funds, or in some cases, the personal funds of the losing trustee.

Under state law, there are four elements to a claim or cause of action for breach of fiduciary duty. The four elements are:

1.  The trustee was acting as a fiduciary of the public trust;

2.  The trustee breached a fiduciary duty to a beneficiary of the public trust;

3.  The beneficiary suffered damages as a result of the breach; and

4.  The trustees breach of fiduciary duty caused the beneficiary damages.

In light of the foregoing, I will not be attending any current or future kangaroo court events to enforce extortion against one of the sovereign people of this State. This is because the court has been previously advised that named "defendant", is one of the sovereign people, and does not have capacity to be sued in this venue as a nonperson, non-agent under statutes, codes, or constitution. Any adverse judgment is a nullity and void on its face. Unless this case is immediately dismissed, I will also report this trustee misconduct for prosecution and further corrective actions with the Commission on Judicial Performance and or any other applicable governing bodies.

Dated this 23rd day of May 2024.

_____
Your calling

NOTICE OF TRUSTEE MALFEASANCE - 3

Exhibit 05-003

Certificate of Service

The above signed hereby certifies I have this day served the foregoing Notice of Malfeasance upon the Court and upon the Plaintiff by depositing a copy of the same in the United States mail in an envelope with the sufficient postage thereon addressed as follows:

Chris Evans #202135/Mackenzie Gonzales #333893
Kimbal, Tirey & St. John LLP
915 Wilshire Blvd, Suite 1650
Los Angeles, CA 90017
Certified Mail No. 7021 2720 0002 4658 9386

cc.
Office of the Governor of California
1021 O Street, Suite 9000
Sacramento, CA 95814 – 2919
Certified Mail No. 7021 2720 0002 4654 4262

Office of the Attorney General of California
1300 "I" Street
Sacramento, CA 95814 – 2919
Certified Mail No. 7021 2720 0002 4654 4279

IH3 Property West, LP
251 Little Falls Drive
Wilmington, DE 19808
Certified Mail No. 7021 2720 0002 4658 9362

California State Treasurer
P.O. Box 942809
Sacramento, CA 94209-0001
Certified Mail No. 7021 2720 0002 4658 9379

Administrative Office of the Courts
455 Golden Gate Avenue
San Francisco, CA 94102
Certified Mail No. 7021 2720 0002 4654 4293

NOTICE OF TRUSTEE MALFEASANCE - 4

Exhibit 05-004

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/03/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By____K. Whitehurst____Deputy |
| PLAINTIFF/PETITIONER:<br>IH3 Property West, LP | |
| DEFENDANT/RESPONDENT:<br>Eric Ellison | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STUD00672 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Jury Trial) of 06/03/2024  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Eric Ellison
3890 2nd Ave
Los Angeles, CA 90008

Chris Evans
Kimball, Tirey & St. John LLP
915 Wilshire Blvd, Suite 1650
Los Angeles, CA 90017

David W. Slayton, Executive Officer / Clerk of Court

Dated: 06/4/2024

By:  K. Whitehurst
     Deputy Clerk

**CERTIFICATE OF MAILING**

Exhibit 06-001

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 91

**24STUD00672**                                                June 3, 2024
**IH3 PROPERTY WEST, LP vs ERIC ELLISON**                       8:30 AM

Judge: Honorable Andrew Esbenshade          CSR: None
Judicial Assistant: Kimberly Whitehurst     ERM: Electronically Recorded
Courtroom Assistant: None                   Deputy Sheriff: Ana Alvarez

APPEARANCES:

For Plaintiff(s): Denice Gaucin for Chris Evans

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:** Jury Trial

The cause is called for Non-Jury Trial.

There are no appearances for or on behalf of the Defendant as 10:48 a.m.

The Plaintiff's oral motion to have the Defendant(s) jury demand stricken pursuant to Code of Civil Procedure Section 631(f) for failure to appear is heard and granted. The Court will proceed with a non-jury trial.

On the Court's own motion, the Jury Trial scheduled for 06/03/2024 is vacated.

The Plaintiff's witness Roxana Fernandez, is sworn and testifies.

The Plaintiff opens with their case in chief.

Plaintiff IH3 Property West, LP's exhibits 1 (Notice of Trial dated 05/20/2024), 2 (3 Day Notice to Pay dated 12/26/2023), and 3 (Proof of Service dated 12/27/2023) are admitted by reference.

Plaintiff rests.

The Court, having considered the evidence and witness testimony rules as follows:

Court orders judgment entered for Plaintiff IH3 Property West, LP against Defendant Eric Ellison on the Complaint filed by IH3 Property West, LP on 01/18/2024 for past rent due in the amount of $3,124.00 and holdover damages $16,253.30 for a total of $19,377.30.

Restitution and possession of the premises located at 3890 2nd Avenue, Los Angeles, CA 90008 is granted for plaintiff(s)

Exhibit 06-002

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Stanley Mosk Courthouse, Department 91

**24STUD00672**
**IH3 PROPERTY WEST, LP vs ERIC ELLISON**

June 3, 2024
8:30 AM

Judge: Honorable Andrew Esbenshade
Judicial Assistant: Kimberly Whitehurst
Courtroom Assistant: None

CSR: None
ERM: Electronically Recorded
Deputy Sheriff: Ana Alvarez

---

Lease Agreement under which the property is held is hereby forfeited.

Certificate of Mailing is attached.

Exhibit 06-003

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF(S):

IH3 Property West, LP

DEFENDANT(S):

Eric Ellison

**Reserved for Clerk's File Stamp**

**FILED**
Superior Court of California
County of Los Angeles

**06/03/2024**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ K. Whitehurst _____ Deputy

**NOTICE OF ENTRY OF:** ✓ JUDGMENT  __ DISMISSAL  __ OTHER ORDER  __ AMENDED

CASE NUMBER:

24STUD00672

TO THE PARTIES AND TO THEIR ATTORNEYS OF RECORD, you are hereby given notice of entry of:

✓ Judgment in the above-entitled matter, entered on 06/03/2024 _____.

__ Order of Dismissal in the above-entitled matter, filed on _____.

__ Order _____ filed on _____.

__ Judgment debtor is a natural person, and as provided in Code Civ. Proc., §§ 683.110, 685.010:

$ _____ of this judgment is on a claim related to medical expenses

$ _____ of this judgment is on a claim related to personal debt

David W. Slayton, Executive Officer / Clerk of Court

Dated: 06/03/2024 _____

By K. Whitehurst _____

Deputy Clerk

**NOTICE OF ENTRY OF JUDGMENT / DISMISSAL / ORDER**

LACIV 123 (Rev 01/07)
LASC Approved 01-05

Code Civ. Proc. § 664.5, 1013a
Cal. Rules of Court, rules 104 & 8.751

Exhibit 06-004

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>**Stanley Mosk Courthouse**<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/03/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By          K. Whitehurst          Deputy |
| PLAINTIFF(S):<br>IH3 Property West, LP | |
| DEFENDANT(S):<br>Eric Ellison | |

| **JUDGMENT - UNLAWFUL DETAINER** | CASE NUMBER:<br>24STUD00672 |
|---|---|

It is hereby ordered that judgment be entered as follows by:     [ X ] The Court     [   ] The Clerk

Date:06/03/2024     [   ] By Default     [   ] By Stipulation     [ X ] After Court Trial     [   ] After Jury Trial

Judgment is for: IH3 Property West, LP
and against Eric Ellison

[   ] Joint and several

| Past Due Rent | $3,124.00 | + Holdover Damages | $16,253.30 | = Principal | $19,377.30 |
|---|---|---|---|---|---|

| Attorney Fees: | $ | Costs: | $ |
|---|---|---|---|
| Recovery Costs: | $ | Other: | $ |
| Total Judgment amount: | $19,377.30 | | |

[ X ] Restitution and possession of the premises located at          3890 2nd Avenue
                                                                     Los Angeles, CA 90008

[   ] Judgment of possession applies to any and all unnamed occupants of the premises pursuant to C.C.P. 415.46

[ X ] The lease or agreement under which the aforesaid property is held be, and the same is hereby declared, forfeited.

[   ] The rental agreement under which the aforesaid property is held be, and the same is hereby declared, cancelled.

[   ] Execution is stayed as follows:
    [   ] No lock out prior to

$ [   ] Judgment debtor is a natural person, and as provided in Code Civ. Proc., §§ 683.110, 685.010:
    $ of this judgment is on a claim related to medical expenses
    $ of this judgment is on a claim related to personal debt

David W. Slayton, Executive Officer / Clerk of Court

K. Whitehurst

Deputy Clerk

**JUDGMENT - UNLAWFUL DETAINER**

LACIV [#] (Rev. [mm/yy])
LASC Approved [mm-yy]

Page 1 of 2

Exhibit 06-005

Eric Ellison
3890 2nd Avenue
Los Angeles, CA [90008]
(213) 505-3730
e.ellison@protonmail.com

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 12 2024

David W. Slayton, Executive Officer/Clerk of Court

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| IH3 PROPERTY WEST, LP | Case No.: 24STUD00672 |
| Plaintiff, | |
| vs. | MOTION TO VACATE ORDER |
| Eric Ellison, | |
| Alleged Defendant | |

*July 17, 2024 8:30 am*
*Dpt 91*

### Introduction

Eric Ellison, alleged defendant in the above-captioned matter, respectfully submits this Motion to Vacate Order pursuant to California Code of Civil Procedure 663. This motion is based on the grounds that the order in question is void due to the alleged defendant's lack of capacity to be sued in this venue, procedural errors, and misapplication of California Code of Civil Procedure 1161(2). The Order is issued upon an incorrect and erroneous legal basis for the decision, which has resulted in a denial of due process for the alleged defendant.

### Legal Basis

Alleged defendant states pursuant to California Code of Civil Procedure Section 657 that there is an insufficiency of evidence to justify the decision and it goes against law. California Code of Civil Procedure Section 657further states, "The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved." Further, under California Code of Civil Procedure section 663, "A judgment or decree, when based upon a decision by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered." Alleged defendant states Judge Esbenshade made an incorrect and erroneous legal basis for the decision, not consistent with nor supported by the

MOTION TO VACATE ORDER - 1

Exhibit 07-001

facts, and this materially affects the substantial rights of the alleged defendant and entitle the alleged defendant to a different judgment.

### 1. Lack of Capacity to be sued

Allowance for the following citations are made pursuant to California Evidence Code section 451(e)(f). "Capacity" is the ability of a particular individual or entity to sue, or to be brought into, the courts of a forum; *Johnson v. Helicopter & Airplane Services Corp., D.C.Md.1975, 404 F.Supp. 726.* Alleged defendant, through Notice to the Court, on record, stated that the capacity to be sued in this forum is lacking. Alleged defendant is one of the people of the state of California as enshrined in the preamble of the California Constitution. Alleged defendant is neither a person, natural person nor an individual as defined within Civil Code section 17 and Civil Code section 1798.3 as well as definitions of other relevant California codes. Under the doctrine of Ejusdem Generis the alleged defendant does not fall into this category or class of entities. Alleged defendant cannot be a party to the case. ""Party" is a technical word having a precise meaning in legal parlance; it refers to those by or against whom a legal suit is brought, whether in law or in equity, the party plaintiff or defendant, whether composed of one or more individuals and whether natural or legal persons; all others who may be affected by the suit, indirectly or consequently, are persons interested but not parties." *Golatte v. Mathews, M.D.Ala.1975, 394 F.Supp. 1203.*

Through mistake or otherwise "Capacity cannot be conferred by consent" *Summers v. Superior Court, 53 Cal. 2d 295, 298.* "The court must ascertain the capacity of the parties to ensure that jurisdiction is properly invoked and maintained. Without establishing legal standing, the court's jurisdiction cannot be presumed." *Rieman v. Vasquez, No. 22-56054 (9th Cir. 2024)* The court lacked subject matter jurisdiction to hear this case based on alleged defendants lack of capacity to be sued. Established case law states "a judgment is void if the trial court exceeded its jurisdiction" *County of Ventura v. Tillett, 133 Cal. App. 3d 105, 110,.*

MOTION TO VACATE ORDER - 2

Exhibit 07-002

## 2.  Procedural Errors

Against the Rule of Professional Conduct 3.1, Chris Evans, Manisha K. Bajaj, Mackenzie Clara Gonzales, and Denice Gausin, counsels for the Plaintiff, have presented false information about alleged defendant's legal status and capacity, claiming alleged defendant is a legitimate party to the case despite evidence that alleged defendant does not fit the statutory definition of a "person" with the capacity to be sued under California law. The California Code of Civil Procedure § 17 indicates that the term "person" includes entities like corporations and natural persons, and under the principle of Ejusdem Generis, alleged defendant does not fit this category. Despite receiving notice and evidence regarding alleged defendant's legal status and lack of capacity to be sued, Counsels for Plaintiff have not corrected the court record, allowing the proceedings to continue under false pretenses. This is also a violation of Rule of Professional Conduct 3.3, Candor Toward the Tribunal. They have also failed to disclose legal precedents and statutory definitions that support alleged defendant's position, further violating their duty of candor and undermining the court's ability to make an informed decision.

Counsel for the plaintiff appears to have failed to conduct any prefiling investigation, thereby violating California Code of Civil Procedure Section 128.7(b). According to this section, by presenting to the court a pleading, petition, written notice of motion, or other similar paper, an attorney or unrepresented party certifies that, to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, several conditions are met:

- It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

- The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

- The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

MOTION TO VACATE ORDER - 3

Exhibit 07-003

- The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

In failing to meet these standards, counsels for the plaintiff not only undermines the integrity of the judicial process but also opens themselves to potential sanctions under Section 128.7(c)

### 3. Misapplication of California Code of Civil Procedure Section 1161(2)

Counsels for the plaintiff is also misapplying California Code of Civil Procedure Section 1161(2). The alleged defendant does not fall into the class of persons known as a "tenant" as used in Section 1161 and defined in Section 1161(6). Counsel has no evidence or material fact that the alleged defendant "hired real property" pursuant to code section 1161. The hiding of this fact has misled and misinformed the court.

The term "tenant" as defined in Section 1161(6) does not encompass the alleged defendant, and without proper evidence to substantiate that the alleged defendant "hired real property," the plaintiff's counsel is improperly invoking the procedures and remedies available under Section 1161. This misapplication not only contravenes procedural requirements but also misguides the court into assuming jurisdiction over a matter for which the alleged defendant is not legally accountable. The lack of proper classification and factual foundation demonstrates a serious lapse in the adherence to procedural and substantive law, further questioning the validity of the plaintiff's claims.

By failing to provide accurate legal classifications and hiding crucial facts, counsels for the plaintiff have misled the court, causing an erroneous and incorrect decision in the proceedings. This conduct undermines the fair administration of justice and violates the ethical duties expected of legal professionals as well as the alleged defendant's due process rights.

Supporting Case Law:

- **Reid v. Balter** (1993) 14 Cal. App. 4th 1186, 1194: Void judgments can be attacked at any time.
- **Roberts v. Roberts** (1966) 241 Cal. App. 2d 93, 101: Consent does not confer capacity.
- **People v. One 1941 Chrysler Sedan** (1947) 81 Cal. App. 2d 18, 21-22: Discussing void judgments and the power of courts to set them aside.

MOTION TO VACATE ORDER - 4

Exhibit 07-004

- **MacMillan Petroleum Corp. v. Griffin** (1950) 99 Cal. App. 2d 523, 533: A court may set aside a void order at any time.

### Conclusion

For the foregoing reasons, I respectfully request that the court grant this Motion to Vacate Order, declare the previous order void, and dismiss the case due to alleged defendant's lack of capacity, procedural errors, and misapplication of California law.

Dated this 12th day of June 2024.

A.R.R.
_____
Your calling

MOTION TO VACATE ORDER - 5

Exhibit 07-005

Certificate of Service

The above signed hereby certifies I have this day served the foregoing Motion to Vacate Order upon the Court and upon the Plaintiff by depositing a copy of the same in the United States mail in an envelope with the sufficient postage thereon addressed as follows:

Chris Evans #202135/Mackenzie Gonzales #333893/ Manisha K. Bajaj# 293791/Denice Gaucin# 236971
Kimbal, Tirey & St. John LLP
915 Wilshire Blvd, Suite 1650
Los Angeles, CA 90017
Certified Mail No. 7021 2720 0002 4656 5830

cc.
Office of the Governor of California
1021 O Street, Suite 9000
Sacramento, CA 95814 – 2919
Certified Mail No. 7021 2720 0002 4658 1526

Office of the Attorney General of California
1300 "I" Street
Sacramento, CA 95814 – 2919
Certified Mail No. 7021 2720 0002 4658 1533

IH3 Property West, LP
410 N. Main Street
Corona, CA 92880
Certified Mail No. 9589 0710 5270 0288 6800 45

California State Treasurer
P.O. Box 942809
Sacramento, CA 94209-0001
Certified Mail No. 9589 0710 5270 0288 6800 52

Administrative Office of the Courts
455 Golden Gate Avenue
San Francisco, CA 94102
Certified Mail No. 9589 0710 5270 0288 6800 69

Exhibit 07-006



KIMBALL, TIREY & ST. JOHN LLP
Ashley N. Rossetto, SBN 289304
915 Wilshire Boulevard, Suite 1650
Los Angeles, CA 90017
(213) 337-0050
(213) 337-0080 Fax

Attorney for Plaintiff,
IH3 PROPERTY WEST, LP

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

|  |  |
|---|---|
| IH3 PROPERTY WEST, LP<br><br>Plaintiff<br><br>vs.<br><br>ERIC ELLISON<br><br>Defendant<br><br>Does 1 to 10 inclusive | CASE NO. 24STUD00672<br><br>LIMITED JURISDICTION<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE JUDGMENT PURSUANT TO CCP 663; POINTS AND AUTHORITIES SUPPORT THEREOF; DECLARATION IN SUPPORT**<br><br>DATE: July 17, 2024<br>TIME: 8:30am<br>DEPT: 91 |

Plaintiff, IH3 PROPERTY WEST, LP ("Plaintiff"), hereby submits the following in opposition to Defendant ERIC ELLISON's ("Defendant") Motion to Vacate Judgment pursuant to Code of Civil Procedure section 663:

1

## STATEMENT OF RELEVANT FACTS

The above-entitled matter is an unlawful detainer. The case was originally scheduled for trial on 05/09/2024. Defendant appeared in court and trial was continued to 06/03/2024. On 05/20/2024, Plaintiff sent Defendant notice of the continuance. Then, on 06/03/2024, Defendant failed to appear for trial. Plaintiff's oral motion to strike the Defendant's jury demand was granted due to Defendant's failure to appear, and the case proceeded as a prove up. Plaintiff put on its case in chief and elicited testimony from Plaintiff's agent Roxana Fernandez that Plaintiff is the owner of the subject property and that a landlord tenant relationship exists between Plaintiff and Defendant, that Defendant failed to pay the rent, that Fernandez served the notice, that Defendant failed to comply with the notice and remains in possession of the premises. Defendant did not appear or challenge the evidence regarding any element of Plaintiff's case in chief. Accordingly, the Honorable Esbenshade entered judgment for Plaintiff for possession of the subject premises and $19,377.30.

Now, Defendant brings the instant Motion to Vacate Judgment pursuant to CCP 663 ("Motion") claiming that "Defendant lacks capacity to be sued in this venue, procedural errors, and misapplication of California Code of Civil Procedure 1161(2)." Defendant's Motion is without merit and must be denied.

## POINTS AND AUTHORITIES

### I
### JUDGMENT SHOULD NOT BE VACATED BECAUSE THE LEGAL BASIS FOR THE DECISION IS CONSISTENT WITH AND SUPPORTED BY THE FACTS FOUND BY THE COURT

Defendant moves this court to vacate judgment pursuant to Code of Civil Procedure section 663. Code of Civil Procedure section 663 allows a party to move to set aside and vacate a judgment upon a showing of an "[i]ncorrect or erroneous legal basis for the decision, not consistent with or supported by the facts . . ." A party bringing a motion under Code of Civil Procedure section 663 cannot ask the court to retry the case by challenging the factual basis for the court's decision. Instead, the only issue before the court on a motion to vacate judgment pursuant to CCP 663 is whether the legal basis for the decision is supported by the facts found by the court.

Exhibit 08-002

If a judgment rendered in an action is the correct legal conclusion to be drawn from the facts as found by the court, a motion to set aside and vacate a judgment and enter a new and different judgment is properly denied. *See Dahlberg v. Girsch*, 157 Cal. 324 (1910); *Brown v. Jones*, 11 Cal. App. 2d 30 (1935) (both decided before 1981 amendment to Code of Civil Procedure section 663).

A motion to set aside and vacate a judgment and enter a new and different judgment is a remedy to correct a court's incorrect or erroneous legal bases for a decision; it is not available to challenge the court's factual bases for a decision. *See* Code of Civil Procedure section 663; *Jones v. Clover*, 24 Cal. App. 2d 201 (1937) (decided before 1981 amendment to Code of Civil Procedure section 663).

Defendant contends that the judgment entered in this matter should be vacated because he lacks capacity to be sued and does not fit the statutory definition of "person;" that there were "procedural errors" in that various attorneys for Plaintiff presented false information about Defendant's legal status and allowed the proceedings to continue under false pretenses; and Plaintiff misapplied Code of Civil Procedure section 1161(2) in that the Defendant does not fall into the class of persons known as a "tenant" and counsel has no record that Defendant "hired real property."

These incoherent allegations do not support a motion to vacate brought pursuant to Code of Civil Procedure section 663 because Defendant has not alleged an *incorrect or erroneous legal basis for the decision, not consistent with or supported by the facts*. Here, Defendant executed a lease agreement as an individual person and Defendant is in fact an individual natural person who made a personal appearance in this matter. Moreover, the evidence shows that Plaintiff's agent testified as to the landlord tenant relationship. Plaintiff put on its case in chief and elicited testimony from Plaintiff's agent Roxana Fernandez that Plaintiff is the owner of the subject property and that a landlord tenant relationship exists between Plaintiff and Defendant, that Defendant failed to pay the rent, that Fernandez served the notice, that Defendant failed to comply with the notice and remains in possession of the premises. Defendant appears to be trying to introduce new hearsay testimony, unsupported by declaration, claiming that a tenancy did not exist, which is expressly prohibited by section 663.

Here, Plaintiff presented its prima facie case including the landlord/tenant relationship, and the court entered judgment in Plaintiff's favor. Defendant is now asking the court to retry the case by

OPPOSITION TO MOTION TO VACATE JUDGMENT PURSUANT TO CCP 663

Exhibit 08-003

challenging the factual basis for the court's decision – which is expressly prohibited by section 663. Thus, Defendant's Motion fails and must be denied.

## CONCLUSION

Based on the foregoing, Plaintiff submits that Defendant's Motion be denied.

Dated: July 3, 2024                    KIMBALL, TIREY & ST. JOHN

                                       /s/ Ashley Rossetto
                                       Ashley N. Rossetto
                                       Attorney for Plaintiff

4

Exhibit 08-004

## DECLARATION OF DENICE GAUCIN

I, DENICE GAUCIN do hereby declare and state as follows:

1. I am an attorney with the Law Offices of Kimball, Tirey & St. John, LLP ("KTS"), attorneys for Plaintiff IH3 PROPERTY WEST, LP ("Plaintiff"). I am licensed to practice law in the Superior Court of the State of California. I have personal knowledge of the facts stated herein and if called upon to testify, I would and could competently testify.

2. This is an unlawful detainer regarding nonpayment of rent.

3. The case was originally scheduled for trial on 05/09/2024. I reviewed the file, and I am informed and believe that Defendant appeared in court on 05/09/2024 and the trial was continued to 06/03/2024, and that on 05/20/2024, Plaintiff sent Defendant notice of the continuance.

4. At trial on 06/03/2024, I appeared in court on behalf of Plaintiff. Defendant failed to appear for trial. My oral motion to strike the Defendant's jury demand was granted due to Defendant's failure to appear, and the case proceeded as a prove up. I put on Plaintiff's case in chief and elicited testimony from Plaintiff's agent Roxana Fernandez that Plaintiff is the owner of the subject property and that a landlord tenant relationship exists between Plaintiff and Defendant, that Defendant failed to pay the rent, that Fernandez served the notice, that Defendant failed to comply with the notice and remains in possession of the premises. Defendant did not appear or challenge the evidence regarding any element of Plaintiff's case in chief. Accordingly, the Honorable Esbenshade entered judgment for Plaintiff for possession of the subject premises and $19,377.30.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 2, 2024

/s/ Denice Gaucin

_____

DENICE GAUCIN

5

**PROOF OF SERVICE**

I, Melissa Jenkins, declare:

I am, and was at the time of service of the papers herein referred to, over the age of eighteen (18) years, and not a party to the within action. I am employed in the County of Los Angeles, California, in which county the within-mentioned mailing occurred. My business address is 915 Wilshire Boulevard, Suite 1650, Los Angeles, CA 90017.

On July 3, 2024, I served the following document(s):
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE JUDGMENT PURSUANT TO CCP 663; POINTS AND AUTHORITIES SUPPORT THEREOF; DECLARATION IN SUPPORT;** Case No. 24STUD00672 on the following parties:

Eric Ellison

3890 2nd Avenue

Los Angeles, CA 90008

__xx__          **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing within the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our office's address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 3, 2024.

/s/   Melissa Jenkins
Melissa Jenkins

6

OPPOSITION TO MOTION TO VACATE JUDGMENT PURSUANT TO CCP 663

Exhibit 08-006

Eric Ellison
3890 2nd Avenue
Los Angeles, CA [90008]
(213) 505-3730
e.ellison@protonmail.com

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 09 2024

David W. Slayton, Executive Officer/Clerk of Court

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

IH3 PROPERTY WEST, LP

       Plaintiff,

vs.

Eric Ellison,

       Alleged Defendant

Case No.: 24STUD00672

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO VACATE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF ERIC ELLISON IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION, AND VERIFICATION IN SUPPORT OF MOTION TO

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Eric Ellison, the alleged defendant in the above-captioned matter, respectfully presents this Reply to the Opposition filed by Ashley N Rosetto Bar #289304. This reply addresses the points raised in the opposition and reinforces the arguments made in the original Motion to Vacate Order. The opposition is littered with redundant hearsay, fails to address, fails to oppose, and attempts to completely subvert, critical legal issues and standards in alleged defendants Motion to Vacate Order. Chris James Evans (Bar #202135), Mackenzie Clara Gonzales (Bar #333839), Manisha K. Bajaj (Bar #293791), Denice Gaucin (Bar #23697), and now herself Ashley N Rosetto (Bar #289304) of the law firm KIMBALL, TIREY & ST. JOHN LLP have failed to address or oppose the procedural errors, professional misconduct, misapplication of California statute and most eminently and pertinent, the attorneys' lack of proper authority to represent IH3 PROPERTY WEST, LP, laid out in alleged defendants Motion to Vacate Order.

In the opposition, Ashley N Rosetto (Bar #289304) attempts to make claim that alleged defendant is using a factual basis for alleged defendants Motion to Vacate. The previous mentioned procedural errors, professional misconduct, misapplication of California statute and most eminently and pertinent, the attorneys' lack of proper authority were the legal basis upon which the Motion to Vacate Order is based upon.

All the previously mentioned and more has deceived and misled the court to issuing, on an erroneous legal basis, said Order, which justice demands be vacated. Alleged defendant is not legally a "person", "tenant",

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO VACATE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF ERIC ELLISON IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION, AND VERIFICATION IN SUPPORT OF MOTION TO - 1

Exhibit 09-001

"hirer", "individual", "natural person" or in a like class or category by what statutorily defines these terms. These legalities are the basis on which the alleged attorneys invoked CCP §1161(2). Ashley N Rosetto (Bar #289304) only provides hearsay and attempts to force alleged defendant to fit into these terms from her own wantonness in the Plaintiffs opposition to the Motion to Vacate Order. Said attorneys have and are making a mockery of the statutory laws and oaths they committed themselves to being bound by and to being upheld to.

The oath taken upon entry to the Bar is a high standard and a fiduciary obligation is requisite in every case and in the judgments of their decisions made in the commitment of actions in regards to their duties, and not merely at the whim of their choosing. Given the lack of proper authority, procedural errors, conflict of interest, ethical violations, and the submission of hearsay testimony without substantial evidence, alleged attorneys legal basis for suit falls flat on its face. Eric Ellison respectfully requests the court to hold irrelevant and inadmissible the Plaintiffs Opposition to Motion to Vacate and grant alleged defendants Motion to Vacate based upon the erroneous legal basis of the Order as legally. CCP §1161(2) is not applicable to the alleged defendant.

This reply is based on this Reply to Plaintiffs Opposition to Motion to Vacate Order, the accompanying Memorandum of Points and Authorities, the Declaration of Eric Ellison in Support of Reply to Plaintiffs Opposition, the Verification in Support of Reply, the Notice's on record in this action, and upon such other documentary evidence as may be presented.

DATED: July 9, 2024

Respectfully presented,

Calling A.R.R. ≋ĭᴄᴌ

Eric Ellison

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Eric Ellison, the alleged defendant in the above-captioned matter, respectfully presents this Reply to Plaintiffs Opposition to Motion. Lack of proper authority, procedural errors, conflict of interest, ethical violations, and the submission of hearsay testimony without substantial evidence makes moot the Plaintiff's Opposition to alleged defendants Motion to Vacate entered by Ashley N Rosetto (Bar #289304) of the law firm KIMBALL, TIREY & ST. JOHN LLP. This reply is based on the grounds that Ashley N Rosetto (Bar #289304) as well as all the other attorneys

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO VACATE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF ERIC ELLISON IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION, AND VERIFICATION IN SUPPORT OF MOTION TO - 2

Exhibit 09-002

from KIMBALL, TIREY & ST. JOHN LLP lack proper authority to represent the plaintiff and enter an Opposition to the Motion to Vacate. Committing such actions, said attorneys are knowingly and willfully attempting to substantiate an erroneous legal decision in manifest violation of their duties and obligations.

## II. FACTUAL BACKGROUND

This case involves Eric Ellison, the alleged defendant, and IH3 PROPERTY WEST, LP, allegedly represented by attorneys Chris James Evans (Bar #202135), Mackenzie Clara Gonzales (Bar #333839), Manisha K. Bajaj (Bar #293791), Denice Gaucin (Bar #236971), and Ashley N Rosetto (Bar #289304) of the law firm KIMBALL, TIREY & ST. JOHN LLP.

IH3 PROPERTY WEST, LP initiated a legal action against one of the sovereign people of the State, Eric Ellison. The attorneys from KIMBALL, TIREY & ST. JOHN LLP purported to represent IH3 PROPERTY WEST, LP in this matter. The alleged representation by these attorneys have captured them acting ultra vires in contradiction to their given powers by the legislature of California and the State Bar of California, and against the State Statutes governing them.

On May 8, 2024, Eric Ellison filed a "Notice to the Court," highlighting that the alleged defendant is not a legitimate party to the case. On May 23, 2024, Eric Ellison filed a "Notice of Trustee Malfeasance," reiterating the attorneys' lack of authority and highlighting the fiduciary responsibilities and standards that have been breached by their continued unauthorized representation. Despite these notices, the attorneys from KIMBALL, TIREY & ST. JOHN LLP continued to allegedly represent IH3 PROPERTY WEST, LP, and put forth false, perjurious and misleading information leading the court to an erroneous legal decision prompting Eric Ellison to file a Motion to Vacate Order and subsequently, a Motion to Disqualify Counsels. The attorneys from KIMBALL, TIREY & ST. JOHN LLP have been accused of procedural errors, including the misapplication of California Code of Civil Procedure § 1161(2) and the violation of the California Rules of Professional Conduct 1.7, 3.1(2) and 3.3 by 1) representing a juristic person against one of the sovereign people of the State; 2) presenting false information about the alleged defendant's legal status and capacity; and 3) by their lack of candor towards the court and not remedying it by simply telling the truth of the matter as is the expectation set forth for attorneys to adhere to in the California Rules of Professional Conduct.

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO VACATE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF ERIC ELLISON IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION, AND VERIFICATION IN SUPPORT OF MOTION TO - 3

Exhibit 09-003

Ashley N Rosetto (Bar #289304) for IH3 PROPERTY WEST, LP responded with an opposition to the Motion to Vacate, which Eric Ellison in special appearance now addresses in this reply.

## IV. ARGUMENT

**A. Procedural Errors**

The opposition ignores the procedural errors outlined in the original motion:

*Misapplication of California Code of Civil Procedure § 1161(2)*:

The alleged defendant does not fall into the class of persons known as a "tenant" as used in Section 1161 and defined in Section 1161(6). Counsel has no evidence or material fact that the alleged defendant "hired real property" pursuant to code section 1161. The opposition ignores the statutory definitions and meanings of said terms. Ashley N Rosetto (Bar #289304) wishes for the court to rely solely on her own connotative meaning of said terms rather than their actual statutory definitions.

*Legal Basis*:

Without proper evidence to substantiate that the alleged defendant "hired real property,", is a "person", "individual", "tenant", or a "natural person" the plaintiff's counsel is improperly invoking the procedures and remedies available under Section 1161.

*Violation of California Rules of Professional Conduct 3.1, 3.3 and 3.4*:

Alleged counsels for the Plaintiff have presented false information about the alleged defendant's legal status and capacity in violation of Rule of Professional Conduct 3.1, claiming alleged defendant is a legitimate party to the case despite evidence that alleged defendant does not fit the statutory definition of a "person" with the capacity to be sued under California law.

Given said Notices which has been received by opposing counsels, they have knowledge of said material facts which clearly evidences their violation of Professional Rules of Conduct 3.3, Candor towards the Court. They have perjured themselves, telling lies about the alleged defendant knowingly in attempting to deceive the court.

By ignoring the alleged defendant's legal status and capacity, subverting applicable California law, choosing to put on proverbial "blinders" in regards to the standards and conduct they

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO VACATE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF ERIC ELLISON IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION, AND VERIFICATION IN SUPPORT OF MOTION TO - 4

Exhibit 09-004

are duty and oath bound to adhere to, and their unlawful concealing of material having potential evidentiary value is a violation of California Rules of Professional Conduct 3.4

## B. Admission of Hearsay Testimony

In the opposition, Ashley N Rosetto (Bar #289304) claims to have testimony from Rozanna Fernandez. The attorney has admitted only hearsay testimony and has no substantial evidence to support their claims. California Evidence Code Section 702 requires that a witness must have personal knowledge of the matter they are testifying about. Roxanna Fernandez has never witnessed any meeting of the minds or contract signing at any time by the alleged defendant and IH3 PROPERTY WEST, LP or its agent. As such she cannot testify or give testimony or to attest to any actual legal relationship that the alleged defendant may or may not have with any party or the capacity with which the alleged defendant has done or not done something with any particular party. The testimony and statements provided by the opposing counsel do not meet the standard for admissible evidence as they were based on hearsay and lack firsthand knowledge.

## C. All Laws Must Have Uniform Operation

In the opposition, Ashley N Rosetto (Bar #289304) attempts to skirt and subvert particular statutes as applicable legalities to the matter. In the opinion of the alleged defendant, Ashley N Rosetto (Bar #289304) prefers to pick and choose what laws and practices she will adhere to even in opposition to her underlying obligations and duties. According to Section 16 of Article I of the California Constitution:

(a) All laws of a general nature have uniform operation.

(b) A local or special statute is invalid in any case if a general statute can be made applicable.

Section 1161 is a special statute in regards to special proceedings. The actions of the attorneys and the application of the law in this case must adhere to these constitutional mandates. The lack of proper authority and procedural irregularities fail to meet the requirement for uniform operation and invalidates their actions under the special statute they're attempting to apply. This is another legal basis for which the Order must be vacated

## D. Violation of Public Trust

In filing the opposition and purporting to state the capacity in which the alleged defendant supposedly committed an action in is attempting to force capacity against the alleged defendant. Through mistake or otherwise "Capacity cannot be conferred by consent" *Summers v. Superior Court, 53 Cal. 2d 295, 298.*, Without establishing legal standing, the court's jurisdiction cannot be presumed." *Rieman v. Vasquez, No. 22-56054 (9th Cir. 2024)* The

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO VACATE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF ERIC ELLISON IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION, AND VERIFICATION IN SUPPORT OF MOTION TO - 5

Exhibit 09-005

court lacked subject matter jurisdiction to hear this case based on alleged defendants lack of capacity to be sued. Established case law states "a judgment is void if the trial court exceeded its jurisdiction" *County of Ventura v. Tillett, 133 Cal. App. 3d 105, 110,*.

Additionally, upon admission to the practice of law, every attorney takes an oath to support the Constitution of the United States and the Constitution of the State of California and to <u>faithfully</u> discharge the duties of an attorney to the best of their knowledge and ability, as stated in BPC § 6067. By continuing to act without proper authority, file the Plaintiff's opposition to alleged defendants Motion to Vacate Order and in conflict with their obligations as public trustees, the attorneys have not upheld their oath and have compromised the integrity of the judicial process.

## V. CONCLUSION

Given the misapplication of California statute, lack of proper authority, procedural errors, conflict of interest, ethical violations, and the submission of hearsay testimony without substantial evidence the legal basis for the Order is erroneous. Eric Ellison respectfully requests that the court set aside the Plaintiff's Opposition to Motion to Vacate Order as inadmissible and grant the Motion to Vacate Order as a matter of justice.

DATED: July 9, 2024

Respectfully submitted,

Calling A.R.R. _____

Eric Ellison

**DECLARATION OF Eric Ellison IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO VACATE ORDER**

I, one of people of the State of California, Eric Ellison declare as follows:

I am the alleged defendant in the above-captioned matter.

1. I declare Chris James Evans (Bar #202135), Mackenzie Clara Gonzales (Bar #333839), Manisha K. Bajaj (Bar #293791), Denice Gaucin (Bar #23697) and Ashley N Rosetto (Bar #289304) are acting ultra vires outside of their delegated powers and is warring with the constitution which they took an oath to uphold upon being admitted to the Bar.

2. The attorneys representing IH3 PROPERTY WEST, LP, namely Chris James Evans (Bar #202135), Mackenzie Clara Gonzales (Bar #333839), Manisha K. Bajaj (Bar #293791), Denice Gaucin (Bar

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO VACATE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF ERIC ELLISON IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION, AND VERIFICATION IN SUPPORT OF MOTION TO - 6

Exhibit 09-006

#23697) and Ashley N Rosetto (Bar #289304), have not provided a power of attorney or any other form of written authorization to substantiate their authority to act on behalf of IH3 PROPERTY WEST, LP and file the PLAINTIFF'S OPPOSITION TO MOTION TO VACATE ORDER

3. According to the California Evidence Code § 451(e)(f), "Capacity" is the ability of a particular individual or entity to sue or to be brought into the courts of a forum. I have previously provided notice to the court that my capacity to be sued in this forum is lacking. As one of the people of the state of California, I do not fall under the definitions of "person," "natural person," or "individual" as defined within California Civil Code §§ 17 and 1798.3. Under the doctrine of Ejusdem Generis therefore, I lack the capacity to be sued under these statutes. This issue of capacity further undermines the legal basis of the proceedings initiated by the plaintiff's alleged counsels.

4. I have reasons to believe that this suit is being prosecuted by attorneys without proper authority. I do not believe the attorneys in this case have any of the following documents to prove their authority:

    a. Jurisdiction Challenge: I challenge the subject matter, territorial, and personal jurisdiction of this court as the attorneys and their alleged client lack standing to bring this claim. As one of the sovereign people of the State, I am immune from prosecution for acts or omissions committed in my private capacity in this court of limited public and corporate jurisdiction. As members of a State agency, the attorneys are reminded that California Government Code §11120 specifically states "The people of this state do not yield their sovereignty to the agencies which serve them."

I declare under penalty of perjury that the foregoing is true and correct.

DATED: July 9, 2024

Respectfully presented,

Calling A.R.R.

Eric Ellison

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO VACATE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF ERIC ELLISON IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION, AND VERIFICATION IN SUPPORT OF MOTION TO - 7

Exhibit 09-007

**VERIFIED STATEMENT IN SUPPORT OF MOTION**

I, one of the people of the State of California, Eric Ellison under penalty of perjury declare that the foregoing is true and correct.

JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

County of Los Angeles          )
                               ) ss:
State of California            )

Subscribed and sworn to (or affirmed) before me on this _9th_ day of July, 2024, by _Eric Ellison_ proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature By: _____
                           Notary Act of 1850

Notary: _O. Steve Osadua_    Commission Expires: _12/23/2025_  County: _Los Angeles_



REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO VACATE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF ERIC ELLISON IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION, AND VERIFICATION IN SUPPORT OF MOTION TO - 8

Exhibit 09-008

Certificate of Service

The above signed hereby certifies I have this day served the foregoing Reply to Plaintiff's Opposition to Motion to Vacate; Memorandum of Points and Authorities, Declaration of Eric Ellison in Support of Reply to Plaintiff's Opposition, and Verification in Support of Motion to Vacate upon the Court and upon the Plaintiff by depositing a copy of the same in the United States mail in an envelope with the sufficient postage thereon addressed as follows:

Chris Evans #202135/Mackenzie Gonzales #333893/ Manisha K. Bajaj# 293791/Denice Gaucin# 236971/ Ashley N Rosetto #289304
Kimbal, Tirey & St. John LLP
915 Wilshire Blvd, Suite 1650
Los Angeles, CA 90017
Certified Mail No. 9589 0710 5270 0288 6801 68

cc.
Office of the Governor of California
1021 O Street, Suite 9000
Sacramento, CA 95814 – 2919
Certified Mail No. 9589 0710 5270 0288 6801 51

Office of the Attorney General of California
1300 "I" Street
Sacramento, CA 95814 – 2919
Certified Mail No. 9589 0710 5270 0288 6799 88

IH3 Property West, LP
410 N. Main Street
Corona, CA 92880
Certified Mail No. 9589 0710 5270 0288 6800 90

California State Treasurer
P.O. Box 942809
Sacramento, CA 94209-0001
Certified Mail No. 9589 0710 5270 0288 6801 20

Administrative Office of the Courts
455 Golden Gate Avenue
San Francisco, CA 94102
Certified Mail No. 9589 0710 5270 0288 6799 71

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO VACATE; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF ERIC ELLISON IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION, AND VERIFICATION IN SUPPORT OF MOTION TO - 9

Exhibit 09-009

Eric Ellison
3890 2nd Avenue
Los Angeles, CA [90008]
(213) 505-3730
e.ellison@protonmail.com

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 05 2024

David W. Slayton, Executive Officer/Clerk of Court

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| IH3 PROPERTY WEST, LP | CASE No: 24STUD00672 |
| Plaintiff, | |
| vs. | NOTICE OF MOTION AND MOTION TO DISQUALIFY COUNSELS |
| Eric Ellison | |
| Alleged Defendant, | Date 8-7-2024<br>Time 8:30 am<br>Dept 91 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 17th 2024 or as soon as the matter may be heard, in Department 91 of the above-entitled court, located at Stanley Mosk Courthouse of Los Angeles, California, alleged defendant, will and hereby does move the Court for an order disqualifying Chris James Evans Bar#202135, Mackenzie Clara Gonzales Bar#333839, Manisha K. Bajaj Bar#293791, Denice Gaucin Bar#236971, any attorney associated with this case's authority, and the law firm of KIMBALL, TIREY & ST. JOHN LLP from representing IH3 PROPERTY WEST, LP in this matter.

Eric Ellison, alleged defendant in the above-captioned matter, respectfully files this affirmed affidavit of Motion to Disqualify Counsels pursuant to California Code of Civil Procedure (hereinafter "CCP") 128(a)(5) and 473, California Rules of Professional Conduct Rule 1.7, and the inherent power of the Court to control proceedings before it. This motion seeks the disqualification of attorneys Chris James Evans (Bar #202135), Mackenzie Clara Gonzales (Bar #333839), Manisha K. Bajaj (Bar #293791), and Denice Gaucin (Bar #23697) of the law firm KIMBALL, TIREY & ST. JOHN LLP, from representing IH3 PROPERTY WEST, LP, in the above-captioned matter based upon their lack of authority on record and for compromising the integrity of the judicial process. Involved in said matter is the alleged defendant Eric Ellison, the moving party, and IH3 PROPERTY WEST, LP, allegedly represented by the aforementioned attorneys.

NOTICE OF MOTION AND MOTION TO DISQUALIFY COUNSELS - 1

Exhibit 10-001

The reason for this motion is twofold: first, these attorneys have not presented a power of attorney or other authorizing evidence to represent IH3 PROPERTY WEST, LP, thereby lacking proper authority to act on behalf of their client; second, they have engaged in conduct that compromises the integrity of the judicial process. This conduct includes presenting false information regarding the legal status and capacity of the alleged defendant, Eric Ellison, which prejudices the fairness of the proceedings. The request for attorneys to show authority will be set forth more fully in the accompanying Memorandum of Points and Authorities.

This motion is based on this Notice of Motion and Motion to Disqualify Counsels, the accompanying Memorandum of Points and Authorities, the Declaration of Eric Ellison in Support of Motion to Disqualify Counsels, the Verification in Support of Motion, the Notice's on record in this action, and upon such other documentary evidence as may be presented.

DATED:

Respectfully presented,

Calling A. R. R.

Eric Ellison

NOTICE OF MOTION AND MOTION TO DISQUALIFY COUNSELS - 2

Exhibit 10-002

Eric Ellison
3890 2nd Avenue
Los Angeles, CA [90008]
(213) 505-3730
e.ellison@protonmail.com

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

IH3 PROPERTY WEST, LP

     Plaintiff,

vs.

Eric Ellison

     Alleged Defendant,

Case No: 24STUD00672

MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Eric Ellison, the alleged defendant in the above-captioned matter, respectfully presents this Motion to Disqualify Counsels Chris James Evans (Bar #202135), Mackenzie Clara Gonzales (Bar #333839), Manisha K. Bajaj (Bar #293791), and Denice Gaucin (Bar #23697) of the law firm KIMBALL, TIREY & ST. JOHN LLP, from representing IH3 PROPERTY WEST, LP. This motion is based on the grounds that the attorneys lack proper authority to represent the plaintiff and have engaged in conduct that compromises the integrity of the judicial process.

### II. FACTUAL BACKGROUND

The attorneys representing IH3 PROPERTY WEST, LP, have not presented a power of attorney, which is essential for them to act on behalf of their client. Additionally, these attorneys have provided false information regarding the legal status and capacity of Eric Ellison, thereby undermining the fairness of the proceedings.

MEMORANDUM OF POINTS AND AUTHORITIES - 1

Exhibit 10-003

### III. LEGAL STANDARD

Disqualification of an attorney in California is governed by the California Rules of Professional Conduct, the California Code of Civil Procedure, and relevant case law. The primary grounds for disqualification include lack of authority, conflicts of interest, inadmissible testimony due to lack of personal knowledge, prejudice to the opposing party, violation against BPC §6128 and the Court's inherent power.

### IV. ARGUMENT

**A. Lack of Authority**

The attorneys representing IH3 PROPERTY WEST, LP, namely Chris James Evans (Bar #202135), Mackenzie Clara Gonzales (Bar #333839), Manisha K. Bajaj (Bar #293791), and Denice Gaucin (Bar #23697), have not provided a power of attorney or any other form of written authorization to substantiate their authority to act on behalf of IH3 PROPERTY WEST, LP, a registered Corporation in California, company number 201324000008. California Corporations Code (herein CORP) §300 states "the business and affairs of the corporation shall be managed and all corporate powers shall be exercised by or under the direction of the board." From CORP §313 in regards to "any note, mortgage, evidence of indebtedness, contract, share certificate, initial transaction statement or written statement, conveyance, or other instrument in writing, and any assignment or endorsement thereof, executed or entered into between any corporation and any other person," CORP §314 states "The original or a copy in writing or in any other form capable of being converted into clearly legible tangible form of the bylaws or of the minutes of any incorporators', shareholders', directors', committee or other meeting or of any resolution adopted by the board or a committee thereof, or shareholders, certified to be a true copy by a person purporting to be the secretary or an assistant secretary of the corporation, is prima facie evidence of the adoption of such bylaws or resolution or of the due holding of such meeting and of the matters stated therein." Thus far in the proceedings there are still no evidence of any resolution by the board of IH3 PROPERTY WEST, LP giving authority to KIMBALL, TIREY & ST. JOHN LLP or their attorney's Chris James Evans (Bar #202135), Mackenzie Clara Gonzales (Bar #333839), Manisha K. Bajaj (Bar #293791), and Denice Gaucin (Bar #23697) to represent them in any capacity. CCP §283 states "An attorney and counselor shall have authority: 1. To bind his client in any of the steps of an action or proceeding by his agreement filed with the Clerk, or

MEMORANDUM OF POINTS AND AUTHORITIES - 2

Exhibit 10-004

entered upon the minutes of the Court, and not otherwise;". California Civil Code § 2400, "Powers of attorney are governed by the Power of Attorney Law." In the Power of Attorney Law § 4022, a "power of attorney" is defined as "a written instrument, however denominated, that is executed by a natural person having the capacity to contract and that grants authority to an attorney-in-fact."

Business and Professions Code § 6068 states an attorney must have proper authority to represent a client. California Code of Civil Procedure § 128(a)(5) gives courts the power to ensure that attorneys appearing before them have such authority. A license to practice law does not mean an attorney or counselor is authorized automatically to represent a party in a legal matter. It only means that an attorney or counselor can be hired for such activities as a practitioner of law. The previous statutory requisites are the evidence that authorization, obtained and evidenced in a precise manner, are what conveys proper authority for a bar member to represent a client . This has not been the case thus far for KIMBALL, TIREY & ST. JOHN LLP or their attorney's Chris James Evans (Bar #202135), Mackenzie Clara Gonzales (Bar #333839), Manisha K. Bajaj (Bar #293791), and Denice Gaucin (Bar #23697). Additionally, California Business and Professions Code § 6068 also requires attorneys to act competently and maintain proper authorization from their clients. In this case, Chris James Evans (Bar #202135), Mackenzie Clara Gonzales (Bar #333839), Manisha K. Bajaj (Bar #293791), and Denice Gaucin (Bar #23697) and the law firm of KIMBALL, TIREY & ST. JOHN LLP have failed to demonstrate proper authority to represent IH3 PROPERTY WEST, LP.

Specific evidence demonstrating this lack of authority includes:

1. The attorneys have failed to present a power of attorney document or any equivalent authorization that grants them the right to represent IH3 PROPERTY WEST, LP in this matter.

2. No written retainer agreement has been produced, which typically outlines the scope of representation and confirms the attorney's authority to act on behalf of the client.

3. No evidence of authority has been filed with the clerk or in the minutes of court as necessitated by CCP §283.

MEMORANDUM OF POINTS AND AUTHORITIES - 3

Exhibit 10-005

**B. Conflict of Interest and Violation of Public Trust**

According to Rule 1.7 of the California Rules of Professional Conduct, an attorney must not represent a client if the representation involves a concurrent conflict of interest. In this case, Chris James Evans (Bar #202135), Mackenzie Clara Gonzales (Bar #333839), Manisha K. Bajaj (Bar #293791), and Denice Gaucin (Bar #23697) have a conflict of interest being BAR members as they are public trustees being members of a public corporation. California Business and Professions Code (BPC) § 6001(a) states, "The State Bar of California is a public corporation..."

As one of the people of the State of California, my capacity being one of the sovereign people of the State of California and that of a public beneficiary, said attorneys have violated the obligations of the organization they have become members of. BPC § 6001.1 emphasizes, "Protection of the public, which includes support for greater access to, and inclusion in, the legal system, shall be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory, and disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount."

Furthermore, these attorneys have violated the intent of the Legislature of California as stated in BPC § 6001.3(a): "It is the intent of the Legislature that the State Bar maintain its commitment to and support of effective policies and activities to enhance access, fairness, and diversity in the legal profession and the elimination of bias in the practice of law." The Legislature further declares in BPC § 6001.3(b)(1), "The rich diversity of the people of California requires a justice system that is equally accessible and free of bias and is a core value of the legal profession."

Additionally, upon admission to the practice of law, every attorney takes an oath to support the Constitution of the United States and the Constitution of the State of California and to faithfully discharge the duties of an attorney to the best of their knowledge and ability, as stated in BPC § 6067. By continuing to act without proper authority and in conflict with their obligations as public trustees, the attorneys have not upheld their oath and have compromised the integrity of the judicial process.

Exhibit 10-006

Given these points, the actions of the attorneys are not only a conflict of interest but also a violation of their duties as members of the State Bar and public trustees. This further supports the argument for their disqualification from representing IH3 PROPERTY WEST, LP in this matter.

**C. Inadmissible Testimony Due to Lack of Personal Knowledge**

California Evidence Code Section 702 requires that a witness must have personal knowledge of the matter they are testifying about. In this case, Chris James Evans (Bar #202135), Mackenzie Clara Gonzales (Bar #333839), Manisha K. Bajaj (Bar #293791), and Denice Gaucin (Bar #23697) has provided testimony or statements by INVITATION HOMES REALTY CALIFORNIA INC., California company number 3638788, who's testimony is not based on any personal knowledge which makes such testimony inadmissible evidence. Any assertions made by INVITATION HOMES REALTY CALIFORNIA INC., California company number 3638788, and entered into court by the unauthorized attorneys is based on hearsay or second-hand information should not be considered by the court. This is supported by People v. Lewis (2001) 26 Cal.4th 334, 356, which emphasizes the necessity of personal knowledge for admissible testimony.

**D. Prejudice to the Opposing Party**

The continued representation by Chris James Evans (Bar #202135), Mackenzie Clara Gonzales (Bar #333839), Manisha K. Bajaj (Bar #293791), and Denice Gaucin (Bar #23697) without evidence of proper authority severely prejudices alleged defendants' rights and compromises the integrity of the judicial process. The lack of proper authorization means that these attorneys appear to be acting without legitimate consent, which undermines the fairness and legality of the proceedings. Their actions have led to the presentation of false information regarding my legal status and capacity, resulting in an unfair advantage to the opposing party and a denial of my right to a fair trial. This conduct not only affects my ability to defend myself adequately but also erodes the trust in the judicial system to impartially and justly adjudicate disputes. Therefore, their disqualification is essential to restore the integrity of the judicial process and ensure that justice is served.

Exhibit 10-007

**E. Violation of BPC §6128**

The attorneys representing IH3 PROPERTY WEST, LP, namely Chris James Evans, Mackenzie Clara Gonzales, Manisha K. Bajaj, and Denice Gaucin, have continued to act without proper authority despite being notified on two separate occasions. According to California Business and Professions Code § 6128, every attorney is guilty of a misdemeanor who:

    (a)  Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party.

These attorneys' persistent actions, despite clear communication of their lack of authority, indicate an intent to deceive the court and the alleged defendant, Eric Ellison. The continued filing of motions and representation without presenting a power of attorney or any other form of written authorization constitutes deceitful practices designed to mislead the court and gain an unfair advantage.

The actions of the attorneys from KIMBALL, TIREY & ST. JOHN LLP demonstrate a blatant disregard for the legal requirement to establish proper authority before representing a client in court. By continuing to act without proper authorization, they have engaged in conduct that is both unethical and illegal under California law.

Intent to Deceive:

The attorneys have been notified twice, on May 8, 2024, and May 23, 2024, of their lack of authority to represent IH3 PROPERTY WEST, LP in this matter based upon alleged defendants lack of capacity to be brought to suit within this forum. Despite this, they have continued to proceed with the case, demonstrating an intent to deceive the court and the alleged defendant.

MEMORANDUM OF POINTS AND AUTHORITIES - 6

Exhibit 10-008

Deceit and Collusion:

Their actions fall within the definition of deceit and collusion as outlined in California Business and Professions Code § 6128. By knowingly continuing without proper authority, they have engaged in practices intended to mislead the court.

Legal Consequences:

Any violation of California Business and Professions Code § 6128 is punishable by imprisonment in the county jail for up to six months, a fine not exceeding $2,500, or both. This underscores the severity of their misconduct and the importance of maintaining integrity in legal proceedings.

Alleged defendants first Notice to the Court (May 8, 2024) highlighted that the named defendant is not a legitimate party to the case and that the attorneys have not demonstrated proper authority to represent IH3 PROPERTY WEST, LP. Alleged defendants second Notice of Trustee Malfeasance (May 23, 2024) reiterated the attorneys' lack of authority and highlighted the fiduciary responsibilities and standards that have been breached by their continued unauthorized representation. Given the attorneys' continued disregard for these notices and their ongoing efforts to represent IH3 PROPERTY WEST, LP without proper authority, it is evident that their actions are intended to deceive the court and the alleged defendant. This not only compromises the integrity of the judicial process but also constitutes a clear violation of California Business and Professions Code § 6128. Therefore, their disqualification is not only justified but necessary to uphold the principles of justice and fairness.

**F. The Court's Inherent Power**

The court has the inherent power to disqualify an attorney to ensure the integrity of the proceedings, as established in California Code of Civil Procedure sections 128(a)(5) and 473. The court should exercise this power to disqualify Chris James Evans (Bar #202135), Mackenzie Clara Gonzales (Bar #333839), Manisha K. Bajaj (Bar #293791), and Denice Gaucin (Bar #23697) to maintain the fairness and integrity of this case.

MEMORANDUM OF POINTS AND AUTHORITIES - 7

Exhibit 10-009

## V. CONCLUSION

For the foregoing reasons, alleged defendant respectfully requests that the Court grant this Motion to disqualify Chris James Evans (Bar #202135), Mackenzie Clara Gonzales (Bar #333839), Manisha K. Bajaj (Bar #293791), and Denice Gaucin (Bar #23697) and the law firm of KIMBALL, TIREY & ST. JOHN LLP from representing IH3 PROPERTY WEST, LP in this matter.

DATED:

Respectfully presented,

Calling A.R.R ~~~~~~

Eric Ellison

Exhibit 10-010

Eric Ellison
3890 2nd Avenue
Los Angeles, CA [90008]
(213) 505-3730
e.ellison@protonmail.com

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

IH3 PROPERTY WEST, LP

        Plaintiff,

vs.

Eric Ellison

        Alleged Defendant,

CASE No: 24STUD00672

DECLARATION OF Eric Ellison IN SUPPORT OF MOTION TO DISQUALIFY COUNSELS

**DECLARATION OF Eric Ellison IN SUPPORT OF MOTION TO DISQUALIFY COUNSELS**

I, one of people of the State of California, Eric Ellison declare as follows:

I am the alleged defendant in the above-captioned matter.

1. The attorneys representing IH3 PROPERTY WEST, LP, namely Chris James Evans (Bar #202135), Mackenzie Clara Gonzales (Bar #333839), Manisha K. Bajaj (Bar #293791), and Denice Gaucin (Bar #23697), have not provided a power of attorney or any other form of written authorization to substantiate their authority to act on behalf of IH3 PROPERTY WEST, LP.

2. No written retainer agreement has been produced, which typically outlines the scope of representation and confirms the attorney's authority to act on behalf of the client.

3. According to the California Evidence Code § 451(e)(f), "Capacity" is the ability of a particular individual or entity to sue or to be brought into the courts of a forum. I have previously provided notice to the court that my capacity to be sued in this forum is lacking. As one of the people of the state of

DECLARATION OF Eric Ellison IN SUPPORT OF MOTION TO DISQUALIFY COUNSELS - 1

Exhibit 10-011

California, I do not fall under the definitions of "person," "natural person," or "individual" as defined within California Civil Code §§ 17 and 1798.3. Under the doctrine of Ejusdem Generis therefore, I lack the capacity to be sued under these statutes. This issue of capacity removes the authority of said attorneys to bring suit against the alleged defendant and further undermines the legitimacy of the proceedings initiated by the plaintiff's alleged counsels.

4.    I have reasons to believe that this suit is being prosecuted by attorneys without proper authority. I do not believe the attorneys in this case have any of the following documents to prove their authority:

    a.    Power of Attorney: From IH3 PROPERTY WEST, LP's Board of Directors who, at a noticed meeting, voted with a majority to hire any attorney at KIMBALL, TIREY & ST. JOHN LLP to represent the corporation in court.

    b.    Delegation of Authority: From any agency or corporate entity from which the attorneys require authority to act.

    c.    Congressional Authority: As members of the BAR association, they lack authority from Congress to file documents in a private matter involving one of the sovereign people and a beneficiary of the State.

    d.    Judiciary Act of 1789: They are not acting under the authority of the attorney general on behalf of the United States of America based on the Judiciary Act of 1789.

    e.    State Attorney General Authority: They are not acting under the authority of the state attorney general on behalf of the State of California pursuant to the Judiciary Act of 1789.

DECLARATION OF Eric Ellison IN SUPPORT OF MOTION TO DISQUALIFY COUNSELS - 2

Exhibit 10-012

f.  Power of Attorney from alleged defendant: They lack a power of attorney from alleged defendant, that allows anyone to administer the alleged defendant's estate.

g.  Registered Lien Interest: They do not possess a registered lien interest in alleged defendants' estate.

h.  Jurisdiction Challenge: I challenge the subject matter, territorial, and personal jurisdiction of this court as the attorneys and their alleged client lack standing to bring this claim. As one of the sovereign people, I am immune from prosecution for acts or omissions committed in my private capacity in this court of limited public and corporate jurisdiction.

5.  Unauthorized Attorney's Inability to Represent: An attorney may not even appear in a cause of action without some form of authority from the party on whose behalf they appear. "An attorney may not even appear in a cause of action without some form of authority from the party in whose behalf he appears." "The requirement that an attorney must have authority to act for his client is a well-established principle of law." *Lofberg v. Aetna Cas. & Sur. Co., 264 Cal. App. 2d 306, 308, 70 Cal. Rptr. 269, 270 (1968).* The attorneys representing IH3 PROPERTY WEST, LP have not shown sufficient authority in the records to represent the plaintiff, as required by case law.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:

Respectfully presented,

Calling A.R.R.

Eric Ellison

DECLARATION OF Eric Ellison IN SUPPORT OF MOTION TO DISQUALIFY COUNSELS - 3

Exhibit 10-013

Eric Ellison
3890 2nd Avenue
Los Angeles, CA [90008]
(213) 505-3730
e.ellison@protonmail.com

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

IH3 PROPERTY WEST, LP

        Plaintiff,

vs.

Eric Ellison

        Alleged Defendant,

CASE No: 24STUD00672

VERIFIED STATEMENT IN SUPPORT OF MOTION

**VERIFIED STATEMENT IN SUPPORT OF MOTION**

I, one of the people of the State of California, Eric Ellison under penalty of perjury declare that the foregoing Notice of Motion and Motion to Disqualify Counsels, Memorandum of Points and Authorities, Declaration of Eric Ellison in Support of Motion to Disqualify Counsels and this Verified Statement in Support of Motion is true and correct.

Calling: A.R.R.

JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

County of Los Angeles      )
                       ) ss:
State of California          )

Subscribed and sworn to (or affirmed) before me on this 5th day of July, 2024, by Eric Ellison proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

O. STEVE OSADUA
COMM. #2385106
Notary Public · California
Los Angeles County
My Comm. Expires Dec. 23, 2025

Signature By: _____

Notary Act of 1850

Notary: O-Steve Osadua.    Commission Expires: 12/23/2025    County: Los Angeles

VERIFIED STATEMENT IN SUPPORT OF MOTION - 1

Exhibit 10-014

Certificate of Service

The above signed hereby certifies I have this day served the foregoing Defendant's Name, Verified Statement in Support of Motion upon the Court and upon the Plaintiff by depositing a copy of the same in the United States mail in an envelope with the sufficient postage thereon addressed as follows:

Chris Evans #202135/Mackenzie Gonzales #333893/ Manisha K. Bajaj# 293791/Denice Gaucin# 236971
Kimbal, Tirey & St. John LLP
915 Wilshire Blvd, Suite 1650
Los Angeles, CA 90017
Certified Mail No. 9589 0710 5270 0288 6801 37

cc.
Office of the Governor of California
1021 O Street, Suite 9000
Sacramento, CA 95814 – 2919
Certified Mail No. 9589 0710 5270 0288 6799 95

Office of the Attorney General of California
1300 "I" Street
Sacramento, CA 95814 – 2919
Certified Mail No.  9589 0710 5270 0288 6800 07

IH3 Property West, LP
410 N. Main Street
Corona, CA 92880
Certified Mail No. 9589 0710 5270 0288 6800 14

California State Treasurer
P.O. Box 942809
Sacramento, CA 94209-0001
Certified Mail No.  9589 0710 5270 0288 6800 21

Administrative Office of the Courts
455 Golden Gate Avenue
San Francisco, CA 94102
Certified Mail No.  9589 0710 5270 0288 6800 38

CERTIFICATE OF SERVICE - 1

Exhibit 10-015

KIMBALL, TIREY & ST. JOHN LLP
Ashley N. Rossetto, SBN 289304
915 Wilshire Boulevard, Suite 1650
Los Angeles, CA 90017
(213) 337-0050
(213) 337-0080 Fax

Attorney for Plaintiff,
IH3 PROPERTY WEST, LP

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| IH3 PROPERTY WEST, LP | CASE NO. 24STUD00672 |
| Plaintiff | LIMITED JURISDICTION |
| vs. | **PLAINTIFF'S OPPOSITION TO DISQUALIFY COUNSELS; POINTS AND AUTHORITIES SUPPORT THEREOF** |
| ERIC ELLISON | |
| Defendant | DATE:  August 7, 2024 |
| | TIME:  8:30am |
| Does 1 to 10 inclusive | DEPT:  91 |

Plaintiff, IH3 PROPERTY WEST, LP ("Plaintiff"), hereby submits the following in opposition to Defendant ERIC ELLISON's ("Defendant") Motion to Disqualify Counsels.

1

OPPOSITION TO MOTION TO DISQUALIFY COUNSELS

Exhibit 11-001

## STATEMENT OF RELEVANT FACTS

Defendant filed the instant motion asking the court to disqualify Plaintiff's attorney of record because it has not presented a power of attorney or other evidence to represent Plaintiff and it has allegedly engaged in conduct that compromises the integrity of the judicial process by providing false information regarding the legal capacity of Defendant. Defendant is representing himself and the motion is largely nonsensical. A power of attorney is simply not required; nor is there any evidence that Plaintiff's Counsel engaged in conduct that compromised the integrity of the judicial process. It is well-known that pro per litigants are "held to the same standard of conduct in conducting litigation as any other party." *Midwife v. Bernal,* (1988) 203 Cal.App.3d 57, 65. Defendant's ignorance of the law is not an excuse.

Defendant previously filed a Motion to Vacate Judgment, alleging the same things as in the instant motion, that Plaintiff's Counsel provided false information regarding the legal capacity of Defendant. Said motion was already denied on 07/18/2024. For the reasons stated herein, this motion should also be denied.

## POINTS AND AUTHORITIES

### I
### A POWER OF ATTORNEY IS NOT REQUIRED

Defendant claims that Plaintiff's Counsel lacks authority to represent Plaintiff because it has not filed a power of attorney and that it is guilty of a misdemeanor by continuing to represent Plaintiff. This argument fails. Plaintiff's Counsel filed this unlawful detainer on behalf of Plaintiff and is the attorney of record in this case. An attorney of record is a lawyer who the court recognizes as presenting a party in legal proceedings and an attorney of record can become one when their name appears on the pleadings, such as the case here. Powers of attorney are entirely separate legal documents that do not apply to the case at bar.

### II
### THERE IS NO CONFLICT OF INTEREST

Next, Defendant claims that Plaintiff's Counsel have a conflict of interest because they are public trustees being members of a public corporation. This is completely nonsensical and there is no

2

OPPOSITION TO MOTION TO DISQUALIFY COUNSELS

Exhibit 11-002

Case 2:24-cv-06647-CBM-DTB Document 1 Filed 08/05/24 Page 116 of 128 Page ID #:116

evidence that the attorneys at Plaintiff's Counsel's office are public trustees being members of any corporation. Plaintiff's Counsel is the proper attorney of records for the Plaintiff and there is no evidence of a conflict of interest.

## III
### PLAINTIFF'S WITNESS TESTIFIED FROM PERSONAL KNOWLEDGE

Next, Defendant claims that Plaintiff's Counsel has provided testimony or statements by Plaintiff whose testimony is not based on personal knowledge. However, there is no evidence of this. Rather, the evidence shows that on 06/03/2024, Defendant failed to appear for trial. Plaintiff's oral motion to strike the Defendant's jury demand was granted due to Defendant's failure to appear, and the case proceeded as a prove up. Plaintiff put on its case in chief and elicited testimony based on personal knowledge, from Plaintiff's agent Roxana Fernandez that Plaintiff is the owner of the subject property and that a landlord tenant relationship exists between Plaintiff and Defendant, that Defendant failed to pay the rent, that Fernandez served the notice, that Defendant failed to comply with the notice and remains in possession of the premises. Defendant did not appear or challenge the evidence regarding any element of Plaintiff's case in chief. Accordingly, the Honorable Esbenshade entered judgment for Plaintiff for possession of the subject premises and $19,377.30. There is no evidence that the testimony was not based on Fernandez' personal knowledge.

## CONCLUSION

Based on the foregoing, Plaintiff submits that Defendant's Motion be denied.


Dated:   July 25, 2024                          KIMBALL, TIREY & ST. JOHN


                                              /s/ Ashley Rossetto
                                              Ashley N. Rossetto
                                              Attorney for Plaintiff


3

OPPOSITION TO MOTION TO DISQUALIFY COUNSELS

Exhibit 11-003

**PROOF OF SERVICE**

I, Melissa Jenkins, declare:

I am, and was at the time of service of the papers herein referred to, over the age of eighteen (18) years, and not a party to the within action. I am employed in the County of Los Angeles, California, in which county the within-mentioned mailing occurred. My business address is 915 Wilshire Boulevard, Suite 1650, Los Angeles, CA 90017.

On July 25, 2024, I served the following document(s):
**PLAINTIFF'S OPPOSITION TO DISQUALIFY COUNSELS; POINTS AND AUTHORITIES SUPPORT THEREOF**; Case No. 24STUD00672 on the following parties:

Eric Ellison

3890 2nd Avenue

Los Angeles, CA 90008

__xx___          **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing within the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our office's address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 25, 2024.

/s/   Melissa Jenkins
Melissa Jenkins

4

OPPOSITION TO MOTION TO DISQUALIFY COUNSELS

Exhibit 11-004

COUNTY OF LOS ANGELES
## SHERIFF'S DEPARTMENT
COURT SERVICES DIVISION

# NOTICE TO VACATE

CASE NUMBER: 24STUD00672

**TO:** Judgement debtor, members of the judgement debtor's household, and any occupants residing with the judgement.

By virtue of a **Writ of Possession of Real Property**, a copy of which is attached,

**YOU ARE ORDERED TO VACATE THE PREMISES DESCRIBED IN THIS WRIT NOT LATER**

**THAN:** _____ 8-1, 20 24.

SHERIFF'S BRANCH (Name, Address and Telephone Number)

☐

☐                                                    **ROBERT G. LUNA, SHERIFF**

SHERIFF'S DEPT.
CIVIL MANAGEMENT BUREAU
1 REGENT ST #122                    By: _____ **GALVAN #610440**
INGLEWOOD CA 90301                                        Deputy
(424)439-6100                       Date: _____ 7-27-24

☐                                      ☐

76N654E SH-CI-52 (REV. 02/19)

*NOTICE TO VACATE*

Exhibit 12-001

EJ-130

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** | **FOR COURT USE ONLY** |

NAME Chris Evans #202135/Mackenzie Gonzales #333839   STATE BAR NO.

FIRM NAME Kimball, Tirey & St. John LLP

STREET ADDRESS 915 Wilshire Blvd, Suite 1650

CITY Los Angeles   STATE: CA ZIP CODE: 90017

TELEPHONE NO. (213) 337-0050   FAX NO. (213) 337-0080

EMAIL ADDRESS

ATTORNEY FOR (name): Plaintiff

[X] ATTORNEY FOR   [X] ORGINAL JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles

STREET ADDRESS 111 NORTH HILL STREET

MAILING ADDRESS

CITY AND ZIP CODE LOS ANGELES, CA 90012

BRANCH NAME LOS ANGELES SUPERIOR COURT LOS ANGELES / CENTRAL DISTRICT

PLAINTIFF/PETITIONER: IH3 Property West, LP

DEFENDANT/RESPONDENT: Eric Ellison

CASE NUMBER: 24STUD00672

| | |
|---|---|
| [ ] **EXECUTION (Money Judgment)** | [X] Limited Civil Case (including Small Claims) |
| **WRIT OF** [X] POSSESSION OF [ ] Personal Property [X] Real Property | [ ] Unlimited Civil Case (including Family and Probate) |
| [ ] **SALE** | |

1. **To the Sheriff or Marshal of the County of:** Los Angeles
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): IH3 Property West, LP
   is the [X] original judgment creditor   [ ] assignee of record   whose address is shown on this form above the court's name.

4. **Judgment debtor** *(name, type of legal entity if not a natural person, and last known address):*

   Eric Ellison
   3890 2nd Avenue
   Los Angeles, CA 90008

   [ ] Additional judgment debtors on next page

5. **Judgment entered on** *(date):* 06/03/2024
   *(See type of judgment in item 22.)*

6. [ ] Judgment renewed on *(dates):*

7. **Notice of sale** under this writ:
   a. [X] has not been requested.
   b. [ ] has been requested *(see next page).*

8. [ ] Joint debtor information on next page.

[SEAL]

9. [X] Writ of Possession/Writ of Sale information on next page.
10. [ ] This writ is issued on a sister-state judgment.
    For items 11–17, see form MC-012 and form MC-013-INFO.
11. Total judgment *(as entered or renewed)* $ Possession
12. Costs after judgment *(CCP 685.090)* $ Only
13. Subtotal *(add 11 and 12)* $ 0.00
14. Credits to principal *(after credit to interest)* $
15. Principal remaining due *(subtract 14 from 13)* $ 0
16. Accrued Interest remaining due per CCP 685.050(b) *(not on GC 6103.5 fees)* $
17. Fee for issuance of writ *(per GC 70626(a)(I))* $ 40.00
18. **Total amount due** *(add 15, 16, and 17)* $ 40.00
19. **Levying officer:**
    a. Add daily interest from date of writ *(at the legal rate on 15) (not on GC 6103.5 fees)* $ 0.00
    b. Pay directly to court costs included in 11 and 17 *(GC 6103.5, 68637; CCP 699.520(j))* $ 0.00
20. [ ] The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

*POSSESSION ONLY*

David W. Slayton, Executive Officer/Clerk of Court

Date: 06/11/2024   Clerk, by B. Portier , Deputy

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. September 1, 2020]

CEB Essential Forms
ceb.com

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

24 Exhibit 12-002

Electronically Received 08/11/2024 08:55 AM

EJ-130

| Plaintiff/Petitioner: IH3 Property West, LP | CASE NUMBER |
|---|---|
| Defendant/Respondent: Eric Ellison | 24STUD00672 |

21. ☐ Additional judgment debtor(s) *(name, type of legal entity if not a natural person, and last known address):*

22. The judgment is for *(check one):*

   a. ☐ wages owed.
   b. ☐ child support or spousal support.
   c. ☒ other.

23. ☐ Notice of sale has been requested by *(name and address):*

24. ☐ Joint debtor was declared bound by the judgment (CCP 989–994)
   a. *on (date):*
   b. name, type of legal entity if not a natural person, and last known address of joint debtor:

   a. *on (date):*
   b. name, type of legal entity if not a natural person, and last known address of joint debtor:

   c. ☐ Additional costs against certain joint debtors are itemized:  ☐ below  ☐ on Attachment 24c.

25. ☒ (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:
   a. ☒ Possession of real property: The complaint was filed on *(date):* 01/18/2024
   *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

    (1) ☐ *The Prejudgment Claim of Right to Possession* was served in compliance with CCP 415.46. The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

    (2) ☒ *The Prejudgment Claim of Right to Possession* was NOT served in compliance with CCP 415.46.

    (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the judgment may file *a Claim of Right to Possession* at any time up to and including the time the levying officer returns to effect eviction, regardless of whether a *Prejudgment Claim of Right to Possession* was served.) *(See CCP 415.46 and 1174.3(a)(2).)*

    (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the *Prejudgment Claim of Right to Possession* was not served in compliance with CCP 415.46 (item 25a(2)), answer the following:

      (a) The daily rental value on the date the complaint was filed was $   104.86
      (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*
         Court to set date upon request.  Court to set date upon request

*Item 25 continued on next page*

J-130 [Rev. September 1, 2020]        **WRIT OF EXECUTION**        Page 2 of 3

EB | Essential Forms
eb.com

24-419 Exhibit 12-003

EJ-130

| Plaintiff/Petitioner: IH3 Property West, LP | CASE NUMBER |
|---|---|
| Defendant/Respondent: Eric Ellison | 24STUD00672 |

25. b. ☐ Possession of personal property.
   ☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.
 c. ☐ Sale of personal property.
 d. ☐ Sale of real property.
 e. The property is described   ☒ below   ☐ on Attachment 25c.
 3890 2nd Avenue
 Los Angeles CA 90008

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

---

EJ-130 [Rev. September 1, 2020]

**WRIT OF EXECUTION**

Page 3 of 3

CEB | Essential
ceb.com | Forms

24-4194567
Exhibit 12-004

CP10

| CLAIMANT OR CLAIMANT'S ATTORNEY (Name and Address):    TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|

ATTORNEY FOR (Name):

**NAME OF COURT:**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

CASE NUMBER:

Plaintiff:

Defendant:

(For levying officer use only)
Completed form was received on
Date: _____     Time: _____
By: _____

### CLAIM OF RIGHT TO POSSESSION
### AND NOTICE OF HEARING

Complete this form only if ALL of these statements are true:
1. You are NOT named in the accompanying form called *Writ of Possession*.
2. You occupied the premises on or before the date the unlawful detainer (eviction) action was filed. *(The date is in the accompanying Writ of Possession.)*
3. You still occupy the premises.
4. A *Prejudgment Claim of Right to Possession* form was NOT served with the *Summons and Complaint*, OR this eviction results from a foreclosure.

NOTICE: If you are being evicted because of foreclosure, you have additional rights and should seek legal assistance immediately.

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify):*

2. I reside at *(street address, unit no., city and ZIP code):*

3. The address of "the premises" subject to this claim is *(address):*

☐  Check here if this property was foreclosed on.

4. On *(insert date):* _____ , the owner, landlord, or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is in the accompanying Writ of Possession.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.

8. I was not named in the *Writ of Possession*.

9. I understand that if I make this claim of possession, a court hearing will be held to decide whether my claim will be granted.

10. *(Filing fee)* To obtain a court hearing on my claim, I understand that after I present this form to the levying officer I must go to the court and pay a filing fee of $ _____ or file with the court *"Application for Waiver of Court Fees and Costs."* I understand that if I don't pay the filing fee or file the form for waiver of court fees within 2 court days, the court will immediately deny my claim.

11. *(Immediate court hearing unless you deposit 15 days' rent)* To obtain a court hearing on my claim, I understand I must also present a copy of this completed complaint form or a receipt from the levying officer. I also understand the date of my hearing will be set immediately if I do not deliver to the court an amount equal to 15 days' rent.

*(Continued on reverse)*

| CP10 [Rev. July 1, 2017] | **CLAIM OF RIGHT TO POSSESSION**<br>**AND NOTICE OF HEARING** | Code of Civil Procedure, §§ 715.010, 715.020, 1174.3 |
|---|---|---|

Exhibit 12-005

CP10

| Plaintiff: | CASE NUMBER |
|---|---|
| Defendant: | |

12. I am filing my claim in the following manner *(check the box that shows how you are filing your claim. Note that you must deliver to the court a copy of the claim form or a levying officer's receipt)*:

a. ☐ I presented this claim form to the sheriff, marshal, or other levying officer, AND within two court days I shall deliver to the court the following: (1) a copy of this completed claim form or a receipt, (2) the court filing fee or form for proceeding in forma pauperis, and (3) an amount equal to 15 days' rent; or

b. ☐ I presented this claim form to the sheriff, marshal, or other levying officer, AND within two court days I shall deliver to the court (1) a copy of this completed claim form or a receipt, and (2) the court filing fee or form for proceeding in forma pauperis.

**IMPORTANT:** Do not take a copy of this claim form to the court unless you have first given the form to the sheriff, marshal, or other levying officer.

*(To be completed by the court)*

| Date of hearing: | Time: | Dept. or Div.: | Room: |
|---|---|---|---|
| Address of court: | | | |

**NOTICE:** If you fail to appear at this hearing you will be evicted without further hearing.

13. **Rental agreement.** I have *(check all that apply to you)*:

a. ☐ an oral rental agreement with the landlord.
b. ☐ a written rental agreement with the landlord.
c. ☐ an oral rental agreement with a person other than the landlord.
d. ☐ a written rental agreement with a person other than the landlord.
e. ☐ a rental agreement with the former owner who lost the property through foreclosure.
f. ☐ other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**WARNING:** Perjury is a felony punishable by imprisonment in the state prison.

Date:

▶

_____          _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF CLAIMANT)

**NOTICE:** If your claim to possession is found to be valid, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

— **NOTICE TO OCCUPANTS** —

**YOU MUST ACT AT ONCE if all the following are true:**

1. **You are NOT named, in the accompanying form called Writ of Possession;**
2. **You occupied the premises on or before the date the unlawful detainer (eviction) action was filed,** *and*
3. **You still occupy the premises.**
4. **A Prejudgment Claim of Right to Possession form was NOT served with the Summons and Complaint, OR you are being evicted due to foreclosure.**
   **You can complete and SUBMIT THIS CLAIM FORM**
   (1) Before the date of eviction at the sheriff's or marshal's office located at *(address)*:

   (2) OR at the premises at the time of the eviction. *(Give this form to the officer who comes to evict you.)*

If you do not complete and submit this form (and pay a filing fee or file the form for proceeding in forma pauperis if you cannot pay the fee), YOU WILL BE EVICTED along with the parties named in the writ.

After this form is properly filed, A HEARING WILL BE HELD to decide your claim. If you do not appear at the hearing, you will be evicted without a further hearing.

CP10 [Rev. July 1, 2017]

**CLAIM OF RIGHT TO POSSESSION
AND NOTICE OF HEARING**

Page two

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | | Save this form |

Exhibit 12-006

| Clear this form |

Affidavit of Fact

herein claimed, declared, expressed, and stated as true, correct, complete and not misleading

By special appearance
Restricted jurisdiction

State of California        )) ss.
County of Los Angeles

From:   Eric Ellison
        c/o 3890 2nd Avenue
        Los Angeles, California Constitutional Republic,
        Non-Domestic Postal Dispatch #90008

For:    Public Trustee
        Deputy Sheriff Galvan #610440, & any "enforcing" officers
        Sheriff's Department, Civil Management Bureau
        1 Regent St. #122
        Inglewood, Ca 90301

Re:     Notice To Vacate, Case No. 24STUD00672


## NOTICE

I would first like to state that all the facts stated herein are true, correct, complete, and certain, admissible as evidence, not misleading, and if testifying I can so state.

As a good-hearted man, I concur with the spirit and guarantees stated in and secured by the Unanimous Declaration:

"*We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable rights, that among these are life, liberty and the pursuit of happiness. That to secure these rights, governments are instituted among men, deriving their just powers from the consent of the governed, that whenever any form of government becomes destructive of these ends, it is the right of the people to alter or to abolish it, and to institute new government, laying its foundation on such principles and organizing its powers in such form, as to them shall seem most likely to effect their safety and happiness.*"

In order to remove any veil of ignorance I bring to you the following knowledge. According to the Fair Political Practices Commission of the State of California regarding Public Officials and Employees Rules:

"*Public service is a public trust, requiring officials and employees to place loyalty to the citizens, the laws, and ethical principles above private gain. Following ethical guidelines and eliminating any improprieties, or even the appearance of potential corruption, is imperative to safeguarding the public's trust in government. To help accomplish this goal, laws exist to aid public officials in avoiding conflicts between an official's public duties and the official's personal interests. Whether elected, appointed, or hired, good governance depends on officials and staff knowing, understanding, and following the duties and responsibilities of being a public servant as well as the relevant laws and requirements that govern it.*"

You are wholly liable for knowing the law, statutes and codes you dare to enforce. One's liability cannot be outsourced to anyone else including the county/district staff lawyer you may pass this notice to.

Pursuant to rules of professional conduct 5.5 an attorney cannot exercise jurisdiction outside of the public regulation of his/her public corporation they are admitted to being members of (*please see BPC § 6001(a)*) and not encourage another to do so. However, a malicious, conniving lawyer will throw good and well-meaning, yet ignorant, agents under the proverbial bus because they know that "*ignorance of the law is no excuse*" for anyone!

Page 1 of 2

Exhibit 13-001

## Affidavit of Fact

Getting a nudge, wink, head nod, or silent agreement, from anyone, even when they are purporting to have the authority to do so (such as a superior court judge issuing a "Writ of Possession") to initiate or continue a trespass on private rights does not absolve you of liability nor ensure immunity from federal prosecution for Title 42 §1983 violations committed against me. This is especial true when the supposed authority is acting far beyond the written dictates of their office.

I would also like to bring your attention to California Government code § 54950 wherein it states *"The people of this state do not yield their sovereignty to the agencies which serve them. The people, and delegating authority do not give their public servants the right to decide what is good for the people..."*. This is in line with the principal *"Public service is a public trust"*. It was Thomas Jefferson who enunciated this when he stated *"When a man assumes a public trust, he should consider himself as public property."* This sentiment is also expressed in Executive Order 12674 which makes known that every public office is created in the interest and for the benefit of the people, and belongs to them. Thus, a public office is a public agency or trust created in the interest and for the benefit of the people. Such trust extends to all matters within the range of the duties pertaining to the office and as a condition of public service, loyalty to the Constitution, the laws, and ethical principles are expected.

To enforce a law, statute, code or rule without personal firsthand knowledge and documentary evidence of its applicability to myself as a private man and my private property, is incompetent negligence at best and criminal at worst. Take heed to the following maxim of law:

<em>To know a thing and to be bound to know it is equivalent in law.</em>

"The devil said it was okay for me to do it" or "I was just doing my job" is no defense.

All statements and demands and questions made herein are established for and on the record of any court, legal proceeding, commercial involvement, and any other undertaking that might be involved with the subject matter contained herein.

With love I ask that you govern yourself accordingly.

Reverently,

Your Boss

*ARR (signature)*

Eric of the family Ellison, all rights reserved

cc.
Office of the Governor of California
1021 O Street, Suite 9000
Sacramento, CA 95814-2919
Certified Mail No. 9589 0710 5270 0288 6803 04

Office of the Attorney General of California
1300 "I" Street
Sacramento, CA 95814-2919
Certified Mail No. 9589 0710 5270 0288 6802 81

Office of the California State Treasurer
915 Capitol Mall, Room 110,
Sacramento, CA 95814
Certified Mail No. 9589 0710 5270 0288 6802 98

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Los Angeles

On 7-29-24 before me, Joseph E. Utomakili, Notary Public
(Date)   (Here Insert Name and Title of the Officer)

personally appeared Eric Ellison
(Name(s) of Signer(s))

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
(Signature of Notary Public)

**JOSEPH E. UTOMAKILI**
COMM. # 2481315
NOTARY PUBLIC • CALIFORNIA
LOS ANGELES COUNTY
Comm. Exp. MAR. 3, 2028

Page 2 of 2

Exhibit 13-002

Eric Ellison
3890 2nd Avenue
Los Angeles, CA [90008]
(213) 505-3730
e.ellison@protonmail.com

*In Propria Persona*

DISTRICT COURT OF CALIFORNIA

CENTRAL DISTRICT

| | |
|---|---|
| Eric Ellison,<br>United States of America,<br><br>           Plaintiff,<br>vs.<br><br>IH3 PROPPERTY WEST LP,<br>ANDREW ESBENSHADE,<br>DEPUTY SHERIFF GALVAN #610440,<br>CHRIS EVANS,<br>MACKENZIE GONZALES,<br>MANISHA BAJAJ,<br>DENICE GAUSIN,<br>ASHELY N ROSETTO,<br><br><br>           Defendants. | Case No.:<br><br><br>PROPOSED ORDER ON PRELIMINARY<br>INJUNCTION |

The Ellison Court presents Notice:

<u>Proposed order for preliminary injunction</u>

This matter comes before the Court on the request of the Plaintiff, Eric Ellison, for a preliminary injunction against the Defendants. The Court, having considered the complaint, the request for a preliminary injunction, and the supporting exhibits hereby finds as follows:

PROPOSED ORDER ON PRELIMINARY INJUNCTION
PAGE 1 OF 3

FINDINGS OF FACT

Plaintiff Eric Ellison has demonstrated a likelihood of success on the merits of his claims that Defendants have violated his First, Fourth, and Fifth Amendment rights under the United States Constitution;

Plaintiff has shown that he will suffer irreparable harm in the absence of preliminary injunctive relief;

The balance of equities tips in favor of the Plaintiff;

The issuance of a preliminary injunction is in the public interest.

CONCLUSIONS OF LAW

The Court has jurisdiction over the subject matter of this case and the parties involved.

Plaintiff has established a likelihood of success on the merits of his claims under 42 U.S.C. § 1983 for violations of his constitutional rights.

Plaintiff has demonstrated that irreparable harm will occur if the preliminary injunction is not granted.

The balance of equities favors granting the preliminary injunction to prevent ongoing and future violations of the Plaintiff's constitutional rights.

Granting the preliminary injunction serves the public interest by upholding constitutional protections.

ORDER

Based on the foregoing findings of fact and conclusions of law, IT IS HEREBY ORDERED that:

Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, are preliminarily enjoined from performing execution of Notice to Vacate dated July 27, 2024.

This preliminary injunction shall take effect immediately and shall remain in effect until further order of this Court.

Plaintiff shall not be required to post a bond or other security as a condition of this preliminary injunction, as the Court finds that no security is necessary under the circumstances of this case.

Defendants shall file with the Court and serve on Plaintiff within 30 days of the entry of this Order a report in writing and under oath setting forth in detail the manner and form in which they have complied with the terms of this preliminary injunction.

The Court shall retain jurisdiction over this matter to enforce the terms of this preliminary injunction and to consider any requests for modifications or further relief.

IT IS SO ORDERED.

DATED this ___ day of August, 2024.

_____

United States District Judge